# In The District Court of The United States
## FOR THE NORTHERN DISTRICT OF ALABAMA,
~~BIRMINGHAM~~
Southern Division

FILED
2010 JAN 22 P 3: 02
U.S. DISTRICT COURT

Arthur Hirsch, ex rel.
UNITED STATES OF AMERICA,
*Plaintiff,*

*vs.*

WILLIAM G. MATHEWS,[1] individually,

SANDRA TUCKER,[2] individually,

RICKY MITCHELL,[3] individually,

BILLY RAY HALL,[4] individually,

BILLY SHANNON,[5] individually,

MELODY DUFFEY,[6] individually,

MARY HOBBS,[7] individually,

GEORGE "MOODY" KING,[8] individually,

WILLIAM M. OLIVER,[9] individually,

: Civil Case N°-
:                              CV-10-HGD-0134-S
:
:
:
:
: **COMPLAINT**
: Pursuant to and/or in violation of :
: 18 U.S.C. § 242;
: 18 U.S.C. § 1964(a), (c); civil R.I.C.O.
: 28 U.S.C. § 1367;
: 42 U.S.C. § 1983;
: 42 U.S.C. § 1988;
:
:
: **TRIAL BY JURY DEMANDED**
:
:
:
:
:
:
:
:
:
:
:

---

[1] WILLIAM G. MATHEWS, 117 South Marion Street, Athens, AL 35611 (business); 1697 Ole Carriage Drive, Athens, AL 35613 (home)

[2] SANDRA TUCKER, 26494 1st Street, Ardmore, AL 35739

[3] RICKY MITCHELL, 26641 2nd St., Ardmore, AL 35739

[4] BILLY RAY HALL, 26204 7th St., Ardmore, AL 35739

[5] BILLY SHANNON, 29537 Gatlin Rd., Ardmore, AL 35739

[6] MELODY DUFFEY, 29210 1st Ave.,W., Ardmore, AL 35739

[7] MARY HOBBS, 29120 1st Ave., W., Ardmore, AL 35739

[8] GEORGE "MOODY" KING, c/o Town of Ardmore, 26494 1st St., Ardmore, AL 35739

[9] WILLIAM M. OLIVER, 26704 Main St., Ardmore, AL 35739

TRACY LUNA,[10] individually,                          :
                                                       :
TERRY JOHNSON,[11] individually,                       :
                                                       :
JIM KENNEDY,[12] individually,                         :
                                                       :
ANDREW KING,[13] individually,                         :
                                                       :
CHADWICK ("CHAD") WISE,[14] individually,              :
                                                       :
WOOTEN TOWING & RECOVERY SERVICE,[15]                  :
                                                       :
MUNICIPALITY OF ARDMORE, ALABAMA,[16]                  :
                                                       :
ARDMORE POLICE DEPARTMENT,[17]                         :
                                                       :
ROBERT COOK,[18] individually,                         :
                                                       :
1 - 30 UNKNOWN JOHN/MARY DOES, inclusive,              :
                                                       :
        *Defendants.*                                  :
                                                       :

---

## COMPLAINT

COMES NOW, Arthur Hirsch ex rel. UNITED STATES OF AMERICA, aggrieved party (hereinafter

---

[10] TRACY LUNA, 26704 Main St., Ardmore, AL 35739

[11] TERRY JOHNSON, 26704 Main St., Ardmore, AL 35739

[12] JIM KENNEDY, 26704 Main St., Ardmore, AL 35739

[13] ANDREW KING, 26704 Main St., Ardmore, AL 35739

[14] CHADWICK (CHAD) WISE, 317 W. Market St., Athens, AL 35612

[15] WOOTEN TOWING & RECOVERY SERVICE, 29670 Jones Ave., Ardmore, AL 35739

[16] MUNICIPALITY OF ARDMORE, AL, 26494 First St., Ardmore, AL 35739, c/o CHAD WISE, Esq., 317 W. Market St., Athens, AL 35612

[17] ARDMORE POLICE DEPARTMENT, 26704 Main St., Ardmore, AL 35739

[18] ROBERT COOK, 26704 Main St., Ardmore, AL 35739

"Plaintiff"), and brings this complaint without counsel or training in law, to enforce federal civil rights laws, and sues Defendants for damages,  R.I.C.O.,   and for civil injunctive relief, not for himself alone, but also for the People of the United States, whose expectation of fair and honest public administration has been actively frustrated,  and the U.S. government, as private attorney general *ex rel*., and claims and alleges as follows:

## 1. PRIVATE ATTORNEY GENERAL; EX REL.

1.1.    THAT Plaintiff asserts that bringing this law suit as private attorney general ex rel. UNITED

STATES is proper because individual rights are paramount and are to be protected by government which is

its sole object and only legitimate end as clearly stated in the **Alabama Constitution (1901), Article I,**

**Section 35**:

> *"That the sole object and only legitimate end of government is to protect the citizen in the enjoyment of life, liberty, and property, and when the government assumes other functions it is usurpation and oppression."*

1.2.    THAT since society is composed of individuals, it follows that protection of Plaintiff's individual

constitutionally protected civil rights arguably becomes part of the public and government's interest and the

Federal civil rights laws enacted thereby, which gives Plaintiff standing as a proper party in the role of

private attorney general *ex rel* in this action.

## 2. JURISDICTION

2.1.    SUBJECT MATTER JURISDICTION:  THAT Plaintiff hereby brings this action and invokes this

court's subject matter jurisdiction under authority of –

(a) The Civil Rights Act of 1871;
(b) 18 U.S.C. § 242            – Deprivation of rights under color of law;
(c) 18 U.S.C. § 1964(a), (c)   – Civil remedies (R.I.C.O.);
(d) 28 U.S.C. § 1331           –  Federal question;
(e) 28 U.S.C. § 1332(a)(1)     – Diversity of citizenship; amount in controversy; costs;
(f) 28 U.S.C. § 1343(3), (4)   – Civil rights and elective franchise;
(g) 42 U.S.C. § 1983           – Civil action for deprivation of rights;
(h) 42 U.S.C. § 1988           – Proceedings in vindication of civil rights;
(i) U.S. Constitution, Article III, Section 2, First, Second,  Fourth, Fifth, Sixth, Seventh and Fourteenth Amendments thereto;

2.2.    *IN PERSONAM* JURISDICTION: THAT this Court has jurisdiction, subject to Complaint service, over all Defendants as all Defendants are known to have committed the acts herein described within the geographic boundaries of the Northern Alabama District.

2.3.    SUPPLEMENTAL JURISDICTION:

2.3.1.    STATE CLAIMS: THAT Plaintiff also invokes supplemental jurisdiction of this Court over his state claims against Defendants for common law violations pursuant to 28 U.S.C. §1367 as the common law claims form part of the same case or controversy.

2.3.2.    DECLARATORY JUDGMENT: THAT jurisdiction to grant declaratory judgment is conferred by 28 U.S.C. §§ 2201, 2202.

2.3.3.    ATTORNEY'S FEE AWARD: THAT an award of costs and attorney's fees is authorized pursuant to 18 U.S.C. § 1964(c) and 42 U.S.C.§ 1988.

### 3.  VENUE

3.1.    Venue is proper pursuant to 28 U.S.C. § 1391(b) in that the Plaintiff's claims arose in the Northern Alabama District.

### 4.  PARTIES

4.1.    THAT private party Plaintiff is domiciled now, and at all relevant times hereto, in the City of Lawrenceburg, Lawrence County, Tennessee.

4.2.    THAT upon knowledge and belief, and at all times mentioned, each defendant is a citizen of the State of Alabama (see footnotes 1-18 above).

### 5.  INTRODUCTION: OVERVIEW STATEMENT

5.1.    THAT this action seeks redress for damages sustained and arising from unlawful acts and omissions by the Defendants who, under color of law, knowingly, intentionally and willfully subjected Plaintiff, and caused him to be subjected, to the deprivation of his rights, privileges and immunities secured by the Constitution and laws of the United States.  Said acts include those committed with the threatened use of a

dangerous weapon.  Under the guise and pretext of "enforcing da law" in their corrupt "kangaroo court"[19]

system, Defendants totally disregarded Plaintiff's constitutionally secured civil rights, abandoned all

principles of law and justice, and employed schemes and artifices to defraud him of money, and engaged in

racketeering by use of the instruments of communication in interstate commerce and the U.S. mails in the

matter of *MUNICIPALITY OF ARDMORE v. Arthur Hirsch* (Case No. MC09-71), commenced July 26, 2009

in the Ardmore Municipal Court, Town of Ardmore, Limestone County, Alabama.  Defendants deliberately

plan and execute sham court proceedings which rob Plaintiff and the People of the United States of fair and

impartial justice and their time and money.  They did use the wires and the mails to perpetuate their said

color of law operation in the furtherance of their racketeering activities.

5.2.     THAT Defendants' violations against Plaintiff's constitutionally secured rights described below are

believed to be a part of their widespread predatory-profiteering schemes, patterns, practices, acts and courses

of conduct directed against the People of the United States within what may be called, Ardmore's

"commercial (revenue generating) and constitution-free zone," i.e., the city limits and environs, in order to

obtain money and property by unlawful means under color of law.  As an example, Defendants' words and

deeds made it clear to Plaintiff early on that he was immediately presumed "guilty" and his ultimate

conviction was a foregone conclusion, even before arraignment, hearings, evidence or trial.

5.3.     THAT creating and maintaining cash flow from unjust, "rigged" prosecutions, a/k/a "judicial

lynchings" and "kangaroo" convictions, is the primary objective of Defendants' criminal enterprise schemes.

Conviction fines, fees,  unlawful bail overcharges, etc. all go to fund the Defendants' paychecks and to

---

[19]**Kangaroo court** defined:
*Black's Law Dictionary, 6th Edition, page 868*
Term descriptive of a sham legal proceeding in which a person's rights are totally disregarded and in which the result is a foregone conclusion because of the bias of the court or other tribunal.

*Webster's Seventh New Collegiate Dictionary, page 462*
(1) A mock court in which the principles of law and justice are disregarded or perverted, (2) A court characterized by irresponsible, unauthorized, or irregular status or procedures.

COMPLAINT

provide interest free loans for their municipal employer.  It is apparent that an inherent, self-serving conflict of interest exists because Defendants are all on the same municipal payroll and have a vested pecuniary interest in the outcome of every prosecution, namely, job security.

5.4.    THAT Defendants hide behind Ardmore's municipal corporate veil and operate their nefarious enterprise schemes under color of law, smugly presuming immunity from prosecution and without accountability.  Said schemes include, but are not limited to, revenue enhancement shakedowns at traffic stops and checkpoints affecting interstate commerce ("fishing" for ticket excuses), unlawful seizures of private property, extortion, criminal enterprise wire and mail fraud, illegal bail overcharges, mock trial prosecutions without juries (judicial lynching), without due process, without equal protection of the laws, without compulsory process, without following statutory rules of criminal procedure, imposing unconstitutional imprisonment for debt, etc.

5.5.    THAT  the Ardmore municipal court falsely portrays to the public that it is a bona fide judicial institution when, in fact, it is not. It is an administrative arbitration board under executive control,  operating as a "cash cow," and plays a key role in the criminal enterprise.  Constitutionally protected rights  are routinely denied and violated in Defendants' municipal court proceedings.  This gross injustice needs to stop and this evil practice put to an end.

5.6.    THAT Plaintiff has observed that lies, theft, threats, intimidation and hypocrisy have been  routinely employed by Defendants in his  above-referenced case resulting in damages to his secured civil rights, person and property.

## 6.  CIVIL RIGHTS DEPRIVATIONS UNDER COLOR OF LAW CLAIMED

**18 U.S.C. § 242**
**18 U.S.C. § 1964(a), (c)** (civil R.I.C.O.)
**42 U.S.C. § 1983** (Constitutional tort)
**42 U.S.C. § 1988**

6.1.    Plaintiff, as a victim, has been denied his constitutionally protected rights by Defendants who did engage in aforesaid unlawful acts under color of law in or near the Town of Ardmore, Limestone County,

Alabama from July 26, 2009 to the present, and herein charges for damages sustained due to the following:

- R.I.C.O. racketeering involving an association-in-fact affecting interstate commerce using U.S. mail and telephone;
- right to procedural and substantive due process – denied;
- right to equal protection of the laws – denied;
- right to be secure in Plaintiff's person and possessions from unreasonable seizure and searches – violated;
- right to warrantless arrest and imprisonment *only* upon affidavit of probable cause – violated;
- right to warrantless search and seizure *only* upon affidavit of probable cause or strict exceptions – violated;
- right to bear arms – denied;
- right to freedom of religion – denied;
- right to freedom of speech – denied;
- right to liberty, freedom of movement, locomotion – denied;
- right to have compulsory process for obtaining witnesses and evidence – denied;
- right to remain silent in criminal proceedings so as not to incriminate oneself – violated;
- right to be informed as to the nature and cause of alleged offense in the first instance – denied;
- right to receive a timely copy of the charging instrument (complaint) – denied;
- right to have no excessive bail required upon release – violated;
- right to notice of trial in the first instance – denied;
- right to a fair, impartial, neutral, detached judge – denied;
- right to a fair, impartial and meaningful hearing – denied;
- right to have challenge to subject matter jurisdiction heard before trial date – denied;
- right to have Plaintiff's case tried in a court of competent jurisdiction – denied;
- right to speak in ones own defense – denied;
- right to open and free access to the courts – denied;
- right to access government documents and records necessary for Plaintiff's defense – denied;
- right to initiate civil causes of action (e.g., counter claim) in Defendants' municipal court – denied;
- right to have Plaintiff's case administered justly without sale, denial or delay – denied;
- right to have Plaintiff's pleadings filed in the docket – denied;
- right to obtain a copy of the case docket – denied;
- right to speedy trial – denied;
- right to trial by jury – denied;
- right to have Plaintiff's case fully adjudicated according the rule of precedent and procedural norms – denied;
- right to participate in legal process free of threats, fear and intimidation tactics – violated;
- right to safe, sanitary, and humane jail cell conditions – denied;
- right to privacy – violated;
- right to full and complete discovery process in preparation for trial – denied;

## 7. STATE AND COMMON LAW OFFENSES CLAIMED

### 28 U.S.C. § 1343(3), (4)
### 28 U.S.C. § 1367 (recover damages; seek relief)

7.1.    THAT Plaintiff does hereby claim that he sustained damages in his civil rights, person, property, health, reputation, economic opportunity, relationships, etc., by Defendants from July 26, 2009 to the

present, and that they did commit state and/or common law offenses against him, both forcible and

consequential, in or near the Town of Ardmore, Limestone County, Alabama and are addressed as follows:

- false arrest and imprisonment;
- assault;
- battery;
- breach of duty;
- breach of oath of office;
- trespass to chattels;
- trespass vi et armis (trespass with force of arms);
- trespass de bonis asportatis (trespass for goods carried away);
- trespasser ab initio;
- trespass on the case;
- continuing trespass;
- permanent trespass;
- joint trespass;
- intentional tort;
- personal tort;
- negligence;
- complicity and failure to prevent criminal activity;
- outrageous conduct;
- misprision;
- theft of property;
- theft of services;
- extortion;
- coercion;
- obstructing of governmental operations;
- tampering with governmental records;
- interfering with judicial proceedings;
- failure to disclose conflict of interest;
- intimidating a witness;
- tampering with a witness;
- terrorist threats.

## 8.  CHRONOLOGY OF EVENTS

- **JULY 26, 2009.**

8.1.      THAT on July 26, 2009, Plaintiff was arrested without warrant and without probable cause on

private property, searched, handcuffed, transported to police station, jailed for about 11 hours, booked and

released.  Initial appearance/arraignment was scheduled for August 12, 2009 at 8:30 a.m.

- **AUGUST 3, 2009.**

8.2.     THAT on August 3, 2009 Plaintiff returned to police station. He obtained some documents and was denied others. Magistrate refused to issue subpoenas on his behalf and refused to provide governmental documents upon his request.

- **AUGUST 7, 2009.**

8.3.     THAT on or about August 7, 2009 judge continued the arraignment to August 26, 2009 without good cause shown.

- **AUGUST 26, 2009.**

8.4.     THAT on August 26, 2009, Plaintiff did appear specially in court and challenged subject matter jurisdiction. Local S.W.A.T. Team intimidated Plaintiff as he entered courthouse. No arraignment was conducted. Judge tried unsuccessfully to commence a surprise trial. Arraignment scheduled for September 23, 2009 at 8:30 a.m.

- **SEPTEMBER 23, 2009.**

8.5.     THAT on September 23, 2009, Plaintiff did again appeared specially. Judge refused to prove jurisdiction and entered "not guilty" plea over Plaintiff's protest. Judge ordered Plaintiff to silence and sent him out of the court room so he could not defend himself or make the record. Trial date set for October 28, 2009 at 8:30 a.m.

- **OCTOBER 14, 2009.**

8.6.     THAT on or about October 14, 2009 Plaintiff did send a notice to town mayor and council members by certified mail titled, NOTICE OF JUDICIAL MISCONDUCT and DEMAND FOR DISMISSAL OF JUDGE WILLIAM G. MATHEWS, detailing Defendant's violation of his civil rights and requested judge's dismissal from the aforementioned case for cause, which was ignored.

- **OCTOBER 22, 2009.**

8.7.     THAT on or about October 22, 2009 Plaintiff did send a NOTICE OF MAGISTRATE TUCKER'S MISCONDUCT and MOTION TO DISMISS FOR LACK OF JURISDICTION by certified mail to town

mayor, council members, prosecutor and judge, detailing Defendant's misconduct, which was ignored.

● **OCTOBER 28, 2009.**

8.8.    THAT trial was continued on Plaintiff's request due to a medical emergency.  Trial was rescheduled

to December 2, 2009.

● **NOVEMBER 23, 2009.**

8.9.    THAT on or about November 23, 2009 Plaintiff did send by certified mail a civil counterclaim

(complaint)  and completed summons to defendant, SANDRA TUCKER, to enter into the docket and

process.  She refused to enter said documents into the court record.

● **NOVEMBER 30, 2009.**

8.10.    THAT prosecutor, two days before trial,  unilaterally (without notice or leave of court) continued

trial for two months to January 27, 2009 without court order, without motion, for vague reason suspected for

purposes of delay.

**9.  CAUSES OF ACTION:**[20]
**FACTS ENTITLING PLAINTIFF TO SUSTAIN ACTION**

| JULY 25-26, 2009 |

### *ARREST & IMPRISONMENT*

9.1.    THAT on July 25, 2009 at approximately 11:50 p.m., Plaintiff turned off Ala. Hwy #53 (north)  into

a private business parking lot (M.E.W.S. Lighting & Bath) outside the Town of Ardmore, Alabama city limits

to make a cell phone call.  He parked his car with the engine still running and lights on.

9.2.    THAT Plaintiff had not committed a felony, nor was he in the process of committing a felony, nor

---

[20]

Definition:  **Cause of action**.  The fact or facts which give a person a right to judicial redress or relief against another.
The legal effect of an occurrence in terms of redress to a party to the occurrence.  A situation or state of facts which
would entitle party to sustain action and give him right to seek a judicial remedy in his behalf.  Thompson v. Zurich Ins.
Co., D.C.Minn., 309 F.Supp. 1178, 1181.  Fact, or a state of facts, to which law sought to be enforced against a person
or thing applies.  Facts which give rise to one or more relations of right-duty between two or more persons.  Failure to
perform legal obligation to do, or refrain from performance of, some act.  Matter for which action may be maintained.
Unlawful violation or invasion of right.  The right which a party has to institute a judicial proceeding.  *Black's Law
Dictionary, 6th Edition, Page 221.*

had he breached the peace.  He was within his constitutionally secured right to liberty (freedom of movement/locomotion/travel unrestricted), to freedom of speech (the right to freely speak and communicate with whomever he pleased without government interruption or interference), and to privacy.

9.3.    THAT defendant TRACY LUNA, a purported police officer, happened to be situated about 75-100 yards from said parking lot and saw Plaintiff parking his car.  He then, with his lights flashing, hastily drove over to where Plaintiff was parked and blocked his egress with his patrol car, thus violating and damaging his unalienable rights  to <u>liberty</u> and to <u>privacy</u> by <u>false arrest</u>[21] and <u>imprisonment</u> without a warrant and without probable cause.

## COUNT 1: VIOLATION OF RIGHT TO LIBERTY

Plaintiff incorporates herein by reference the allegations contained in paragraphs 1.1 through 9.3 as if fully set forth at this place.

On or about July 25-26, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) TRACY LUNA, did engage in unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT TO LIBERTY (9th Amendment; Ala. Const., Art. I, Sec. 1), which are more fully described in the facts  stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

The above referenced acts are contrary to and in violation of *18 U.S.C. § 242; 42 U.S.C. § 1983;* ***U.S. Constitution, Ninth Amendment; Alabama Constitution (1901), Article I, Sections 1 and 36.***

## COUNT 2: VIOLATION OF RIGHT TO PRIVACY

Plaintiff incorporates herein by reference the allegations contained in paragraphs 1.1 through 9.3 and COUNT 1 as if fully set forth at this place.

On or about July 25-26, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) TRACY LUNA, did engage in unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT TO PRIVACY (9th Amendment), which are more fully described in the facts stated herein in support of this cause of

---

[21]

Definition:  **Arrest**. [A]ll that is required for an "arrest is some act by officer indicating his intention to **detain** or take person into custody and thereby subject that person to the **actual control and will of the officer**; no formal declaration of arrest is required.  *Black's Law Dictionary, 6th Edition, Page 110.*

COMPLAINT

action.

Plaintiff has been damaged in his constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

The above referenced acts are contrary to and in violation of *18 U.S.C. § 242; 42 U.S.C. § 1983; U.S. Constitution, Ninth Amendment; Alabama Constitution (1901), Article I, Section 36.*

## COUNT 3: VIOLATION OF RIGHTS SECURED BY THE FOURTH AMENDMENT

Plaintiff incorporates herein by reference the allegations contained in paragraphs 1.1 through 9.3 and COUNTS 1and 2 as if fully set forth at this place.

On or about July 25-26, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) TRACY LUNA, did engage in unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT TO BE SECURE FROM UNREASONABLE SEARCH AND SEIZURE, which are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his said constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

The above referenced acts are contrary to and in violation of *18 U.S.C. § 242; 42 U.S.C. § 1983; U.S. Constitution, Fourth Amendment; Alabama Constitution (1901), Article I, Sections 5 and 36; Ala. Stat § 32-5-171; Ala. Stat. § 15-10-3; Ala. Rules of Criminal Procedure, Rule 4.1(a)(1)(i), (ii), (iii).*

## COUNT4: FALSE ARREST AND FALSE IMPRISONMENT

Plaintiff incorporates herein by reference the allegations contained in paragraphs 1.1 through 9.3 and COUNTS 1-3 as if fully set forth at this place.

On or about July 25-26, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) TRACY LUNA, did engage in wrongful and unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally secured right(s) under the FOURTH AMENDMENT, and are offenses under state tort and/or common law, to wit, FALSE ARREST AND FALSE IMPRISONMENT.  Said wrongful and unlawful acts are more fully described in the facts  stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine

Plaintiff has been damaged in his person by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine, for the offense of FALSE ARREST.

Plaintiff has been damaged in his person by said Defendant's action(s) and/or omission(s) in the

amount of $25,000.00 or a sum greater or lesser as a jury should determine, for the offense of FALSE IMPRISONMENT.

The above referenced wrongful and unlawful acts are contrary to and in violation of *18 U.S.C. § 242; 42 U.S.C. § 1983; U.S. Constitution, Fourth and Ninth Amendments; Alabama Constitution (1901), Article I, Sections 1, 5, 35 and 36; English Common Law as adopted by State of Alabama at Ala. Stat. § 1-3-1.*

9.4.   THAT LUNA  bolted from his patrol car and hustled up to Plaintiff's car window and began making

demands for Plaintiff's ID, forcing him to abruptly terminate his communication with his 91 year old mother,

who is not in good health, without time to explain to her what was happening, which he learned later, caused

her great emotional distress.  Plaintiff was damaged in the violation of his constitutionally secured right to

free speech.

### COUNT 5: VIOLATION OF RIGHT TO FREE SPEECH

Plaintiff incorporates herein by reference the allegations contained in paragraphs 1.1 through 9.4 and COUNTS 1-4 as if fully set forth at this place.

On or about July 25-26, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) TRACY LUNA, did engage in unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT TO FREE SPEECH, which are more fully described in the facts  stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

The above referenced acts are contrary to and in violation of *18 U.S.C. § 242; 42 U.S.C. § 1983; U.S. Constitution, First Amendment; Alabama Constitution (1901), Article I, Sections 4  and 36.*

9.5.   THAT Plaintiff asked LUNA several times to state the probable cause for his arrest, but he refused

toanswer him.

9.6.   THAT LUNA did not informed Plaintiff of his authority or the cause of arrest upon approaching him

as required under the **Alabama Rules of Criminal Procedure, Rule 4.1(a)(2).**

9.7.   THAT Plaintiff asked LUNA whether any document of identification he might provided him or any

statement he might make could be used against him in criminal court proceedings.  LUNA answered, "No,

of course not."  Knowing this to be untrue and a ruse, Plaintiff then told LUNA that he had been advised by

COMPLAINT                                                                                      *Page 13 of 52*

counsel to never talk to police or to answer any of their questions under any circumstances, but to remain silent when interrogated in exercise of his right not to incriminate himself.

9.8.    THAT LUNA became angry, ordered Plaintiff to get out of his car (which he did),  and called defendant TERRY JOHNSON ("JOHNSON"), purported police officer, for backup.

9.9.    THAT JOHNSON shortly arrived on the scene in his patrol car and immediately peppered Plaintiff with questions. Plaintiff told him the same thing he had told LUNA about exercising his right to remain silent.   JOHNSON ignored Plaintiff's stated intent to remain silent and continued badgering him with questions, trying to get something on him to justify a charge to generate more revenue.

JULY 26, 2009

### *CUSTODIAL ARREST*

9.10.    THAT around 12:10 a.m. on July 26, 2009, JOHNSON became frustrated and told LUNA that they should go ahead and make a custodial arrest because Plaintiff would not talk and answer his questions or provide ID.

9.11.    THAT JOHNSON did not inform Plaintiff of his authority at any time during his arrest as  mandated by statute under the **Alabama Rules of Criminal Procedure, Rule 4.1(a)(2)**.

9.12.    THAT JOHNSON moved to take Plaintiff into custody, and with his hand on his gun, demanded in a loud, threatening manner to know if he was armed.  Plaintiff, fearing for his personal safety and for his life, yielded to his extortion and answered, "yes." LUNA then reached into Plaintiff's pant pocket and seized his .22 cal. pocket pistol which he carried by right (not privilege) for self defense and for the protection of family members in keeping with his deeply held religious convictions (see **Luke 22:36** and **I Timothy 5:8**, etc.).  Plaintiff was damaged  in his constitutionally secured civil rights (a) to remain silent and not to be *compelled* to speak by the use of a deadly weapon, (b) to bear arms, (c) to be secure in his person and property from unreasonable search and seizure, and (d) to enjoy religious freedom, i.e., *"[T]hat the civil rights, privileges, and capacities of any citizen shall not be in any manner affected by his religious*

*principles." Ala. Const., Art. I, Sec. 3. "The claim and exercise of a constitutional right cannot be converted*

*into a crime." Miller v. United States, 230 F.2d 486, 490 (5th Cir. 1956)*

9.13.    THAT Plaintiff was further damaged by JOHNSON's and LUNA's act of arresting him and seizing

his sole means of self defense on private property as described above, without a warrant, and without

probable cause, in the amount of $500.00 for the replacement cost of the pistol, accessories and holster and

$900.00 for the lost use of said pistol for self defense.

9.14.    THAT JOHNSON did use a dangerous weapon and the threat of lethal force to extort Plaintiff

against his will to subvert his right to silence and give evidence against himself.

## COUNT 6: VIOLATION OF RIGHT OF NON-SELF INCRIMINATION

Plaintiff incorporates herein by reference the allegations contained in paragraphs 1.1 through 9.14 and COUNTS 1-5 as if fully set forth at this place.

On July 26, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) TRACY LUNA and TERRY JOHNSON, did engage in unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT OF NON-SELF INCRIMINATION (5th Amendment), which are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right by said Defendants' action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

The above referenced acts are contrary to and in violation of *18 U.S.C. § 242; 42 U.S.C. § 1983; U.S. Constitution, Fifth Amendment; Alabama Constitution (1901), Article I, Sections 6 and 36.*

## COUNT 7: VIOLATION OF RIGHT AGAINST UNREASONABLE SEARCH & SEIZURE

Plaintiff incorporates herein by reference the allegations contained in paragraphs 1.1 through 9.14 and COUNTS 1-6 as if fully set forth at this place.

On or about July 25-26, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) TRACY LUNA and TERRY JOHNSON, did engage in unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT AGAINST UNREASONABLE SEARCH & SEIZURE (4th Amendment), which are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right by said Defendants' action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

The above referenced acts are contrary to and in violation of *18 U.S.C. § 242; 42 U.S.C. § 1983; U.S. Constitution, Fourth Amendment; Alabama Constitution (1901), Article I, Sections 5 and 36.*

## COUNT 8: VIOLATION OF RIGHT OF RELIGIOUS FREEDOM

Plaintiff incorporates herein by reference the allegations contained in paragraphs 1.1 through 9.14 and COUNTS 1-7 as if fully set forth at this place.

On  July 26, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) TRACY LUNA and TERRY JOHNSON, did engage in unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT OF RELIGIOUS FREEDOM, which are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right by said Defendants' action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

The above referenced acts are contrary to and in violation of *18 U.S.C. § 242; 42 U.S.C. § 1983; U.S. Constitution, First Amendment; Alabama Constitution (1901), Article I, Sections 3 and 36.*

## COUNT 9: VIOLATION OF RIGHT TO BEAR ARMS

Plaintiff incorporates herein by reference the allegations contained in paragraphs 1.1 through 9.14 and COUNTS 1-8 as if fully set forth at this place.

On  July 26, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) TRACY LUNA and TERRY JOHNSON, did engage in unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT TO BEAR ARMS, which are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

Plaintiff has been damaged in his property  by said Defendants' action(s) and/or omission(s) in the amount of $465.00 for gun and accessories, and the cost for loss of use at $5.00/day (total to be determined by jury) in the amount of $900.00,  or a sum greater or lesser as a jury should determine.

The above referenced acts are contrary to and in violation of *18 U.S.C. § 242; 42 U.S.C. § 1983; U.S. Constitution, Second and Ninth Amendments; Alabama Constitution (1901), Article I, Sections 26 and 36.*

## REASON FOR ARREST CHANGED

9.15.   THAT JOHNSON changed the cause of Plaintiff's custodial arrest from not answering questions and remaining silent with respect to providing I.D., to carrying a concealed weapon. *"The claim and exercise of a constitutional right cannot be converted into a crime." Miller v. United States, 230 F.2d 486, 490 (5th Cir. 1956)*

9.16.   THAT at no time throughout Plaintiff's arrest scenario  was he ever read or informed of any of his constitutionally protected rights by Defendants.

9.17.   THAT Plaintiff demanded to be taken to a magistrate immediately without delay upon his custodial arrest for a probable cause determination hearing, but  LUNA and JOHNSON refused.

9.18.   THAT at no time did Plaintiff resist arrest, but was always passive and cooperative.

## HANDCUFFING

9.19.   THAT JOHNSON angrily handcuffed Plaintiff's wrists  very tightly behind his back causing him pain and inflicting injury to his wrists.  Deep handcuff marks were left in his flesh when the handcuffs were finally removed about 30 minutes later.

9.20.   THAT JOHNSON loudly shouted repeatedly, "don't resist!," "don't resist!," as he handcuffed Plaintiff, perhaps hoping he could trump up another revenue generating charge against him for the Ardmore racketeering enterprise.  At no time did Plaintiff ever resist JOHNSON.

9.21.   THAT neither LUNA nor   JOHNSON had any reason from Plaintiff's conduct or language to fear for their safety that would warrant him being handcuffed.  As stated above he had not committed a felony nor breach of the peace, nor did he exhibit a violent temperament.  He made no verbal threats, nor did he offer

any physical resistance or retaliation.   Nevertheless, his wrists were cuffed and tighten excessively by JOHNSON with no effort being made to resist him.   When directed to sit down in the police car, Plaintiff complied without physical resistance.

### *ASSAULT AND BATTERY*

9.22.     THAT Plaintiff has learned that under the English common law, adopted by the State of Alabama (see **Ala. Statute § 1-3-1***)*, handcuffing is justified only where one has attempted escape or has exercised violence toward the officer.[22]  Thus, the unwarranted and hurtful use of handcuffs under the common  law is regarded as an *assault and battery*.

### <u>COUNT 10:</u> ASSAULT AND BATTERY

Plaintiff incorporates herein by reference the allegations contained in paragraphs 1.1 through 9.22 and COUNTS 1-9 as if fully set forth at this place.

On  July 26, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) TRACY LUNA and TERRY JOHNSON, did engage in the wrongful and unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally secured rights under the FOURTH AND NINTH AMENDMENTS, and are offenses under state tort and/or common law, to wit, ASSAULT AND BATTERY.  Said wrongful and unlawful acts are more fully described in the facts  stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

Plaintiff has been damaged in his person by said Defendants' action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine for the offense of ASSAULT AND BATTERY.

The above referenced wrongful acts are contrary to and in violation of *18 U.S.C. § 242; 42 U.S.C. § 1983; U.S. Constitution, Fourth and Ninth Amendments; Alabama Constitution (1901), Article I, Sections 1, 5, 35 and 36; English Common Law as adopted by State of Alabama at Ala. Stat. § 1-3-1.*

---

[22]

See *Blackstone's Commentaries*, Vol. 4, Chapter XXI, p. 292; *Orick v. State*, 140 Miss. 184, 105 So. 465, 470 (1925), citing, *Kurtz v. Moffitt*, 115 U.S. 487, 499 (1885).

*CAR SEIZURE AND IMPOUNDMENT*

9.23.    THAT after being tightly handcuffed, shouted at and humiliated, JOHNSON put Plaintiff into the

back seat of LUNA's patrol car where he was made to wait for 20-30 minutes in great discomfort, while

LUNA conducted a general exploratory search of Plaintiff's seized automobile before having it towed away

by fellow racketeer, UNKNOWN JOHN DOE of WOOTEN TOWING & RECOVERY SERVICE, who later

bragged about how lucrative the towing business was for him in the Town of Ardmore.  LUNA had no

constitutional authority to seize and impound Plaintiff's car (property) from off private property, which cost

him $105.00 to get released later that day.  His car was not impeding traffic or endangering anyone and was

not the subject of the alleged offense or evidence in the commission of a crime.  Plaintiff was damaged in his

constitutionally secured right to be secure from unreasonable search and seizure, in his property in the amount

of the impoundment fee, and the cost of the wrongful loss of use of his property.

<u>COUNT 11:</u> VIOLATION OF RIGHTS SECURED UNDER THE FOURTH AMENDMENT;
TRESPASS TO CHATTELS, JOINT TRESPASS,
TRESPASS DE BONIS ASPORTATIS, TRESPASS VI ET ARMIS

Plaintiff incorporates herein by reference the allegations contained in paragraphs 1.1 through 9.23 and
COUNTS 1-10 as if fully set forth at this place.

On  July 26, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s)
TRACY LUNA, TERRY JOHNSON, JOHN DOE #1 d/b/a WOOTEN TOWING & RECOVERY
SERVICE, did engage in the wrongful and unlawful act(s) and/or omission(s) under color of law
which trespassed upon and violated Plaintiff's constitutionally secured right(s) under the FOURTH
AMENDMENT (unlawful search and seizure of Plaintiff's car), and are offenses under state tort
and/or common law, to wit,  TRESPASS TO CHATTELS, JOINT TRESPASS, TRESPASS DE
BONIS ASPORTATIS, and TRESPASS VI ET ARMIS, with respect to Plaintiff's car and gun. Said
wrongful and unlawful acts are more fully described in the facts  stated herein in support of this cause
of action.

Plaintiff has been damaged in his constitutionally secured right(s) by said Defendant's action(s)
and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

Plaintiff has been damaged in his property  by said Defendants' action(s) and/or omission(s) in the
amount of $25,000.00 or a sum greater or lesser as a jury should determine for each offense of

COMPLAINT                                                                                      Page 19 of 52

TRESPASS, i.e., TRESPASS TO CHATTELS, JOINT TRESPASS, TRESPASS DE BONIS ASPORTATIS, TRESPASS VI ET ARMIS, or $100,000.00.

The above referenced wrongful and unlawful acts are contrary to and in violation of *18 U.S.C. § 242; 42 U.S.C. § 1983; U.S. Constitution, Fourth and Ninth Amendments; Alabama Constitution (1901), Article I, Sections 1, 5, 35 and 36; English Common Law as adopted by State of Alabama at Ala Stat. § 1-3-1.*

### *PAIN AND SUFFERING; UNHYGIENIC, UNSANITARY & UNSAFE INCARCERATION*

9.24.   THAT Plaintiff experienced pain and suffering for about 20-30 minutes while cramped in back seat of LUNA's patrol car.  His wrists hurt from the tight handcuffs and the leg room was scant since the patrol car front seat had been pushed far rearward within a few inches of the back seat.  Plaintiff has been damaged his person in the amount of $50,000.00 for pain and suffering by said Defendant's actions.

9.25.   THAT Plaintiff was transported to the Ardmore jail after LUNA ransacked his car and had it towed and impounded where he was held for about eleven hours, booked, and subjected to numerous indignities and humiliation before his release including, but not limited to, (a) he was placed in an unsanitary jail cell which contained a smelly stainless steel toilet that did not work and contained old, scummy urine from  previous prisoners, and feces that could not be flushed away, (b) the lavatory water pressure was low and no personal hygiene items, like soap or toilet paper, were provided in the cell when he was incarcerated, (c)  the jail environment reeked of tobacco  smoke and was offensive to him as a non-smoker and irritated his respiratory system.  Plaintiff was damaged in his liberty, his person, and his health in the amount of $850,000.00 for the irretrievable time he spent incarcerated falsely.

9.26.   THAT defendant  JIM KENNEDY ("KENNEDY") and jailer ROBERT COOK ("COOK") smoked in Plaintiff's presence.  Other police department personnel (UNKNOWN DOES) that could not see or identify from his jail cell may have contributed to the smoke laden environment, too.

### *BOOKING*

COMPLAINT                                                                                                    Page 20 of 52

9.27.     THAT defendant ANDREW KING ("KING") assisted LUNA with the incarceration procedures

when jailing Plaintiff and signed off as witness on the envelope containing Plaintiff's personal property that

was seized from him without due process and without probable cause upon his arrival at the police station.

Said personal property that was seized included wallet, cash and debit cards, wrist watch, handkerchiefs, cell

phone with case, ink pen, glasses, misc. papers, belt, and shoes.   KING trespassed against Plaintiff's civil

rights secured under the **U.S. Constitution, Fourth Amendment** and damaged him therein.

9.28.     THAT Plaintiff initially refused to give his consent to being "booked" because he had not been able

to obtain  assistance of counsel to advise him of his rights,  nor had he been taken before the magistrate for

a probable cause hearing as he had demanded, which would have made the booking process unnecessary if

no probable cause was found.

9.29.     THAT defendant COOK  intimidated and tried to coerce Plaintiff against his will by extortion, i.e.,

threatening him with *life imprisonment* (without due process of law) if he did not cooperated with the police

in giving them his full identification and consent to being booked and fingerprinted.  COOK trespassed upon

and damaged Plaintiff's constitutionally secured right to non-self incrimination (remain silent) by using

extortion to compel him against his will to consent to booking and fingerprinting without assistance of counsel

as requested.

9.30.     THAT LUNA refused to give Plaintiff a copy of the complaint or the police report per his request

during his incarceration in violation of his civil rights secured under **Alabama Constitution (1901), Article

I, Section 6 and 36** and thereby damaging him.

**COUNT 12: VIOLATION OF RIGHT TO LIBERTY**

Plaintiff incorporates herein by reference the allegations contained in paragraphs 1.1 through 9.30 and
COUNT 1-11 as if fully set forth at this place.

On July 26, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s)

TRACY LUNA,   TERRY JOHNSON, ANDREW KING, ROBERT COOK, JIM KENNEDY, UNKNOWN DOES, did engage in unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT TO LIBERTY (9th Amendment), which are more fully described in the facts  stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right(s) and in his person  by said Defendants' action(s) and/or omission(s) in the amount of $850,000.00 or a sum greater or lesser as a jury should determine.

The above referenced wrongful acts are contrary to and in violation of *18 U.S.C. § 242; 42 U.S.C. § 1983; U.S. Constitution, Ninth Amendments; Alabama Constitution (1901), Article I, Sections 1, 5, 35 and 36.*

## *RELEASE*

9.31.    THAT on Sunday morning,  July 26, 2009, Plaintiff was released after finally consenting to being

booked and fingerprinted.  However, KENNEDY would not give him a copy of the complaint, or police

report, or receipt for his seized .22 cal. pocket pistol, per his request before leaving the police station for the

magistrate's office.  Plaintiff was damaged in his civil right to be informed of the nature and cause of his

accusation and to have a copy thereof per *U.S. Constitution, Sixth Amendment, and Alabama Constitution*

*(1901), Article I, Section 6 and 36.*

## *MAGISTRATE'S BAIL OVERCHARGE / THEFT OF SERVICES*

9.32.    THAT upon Plaintiff's said release from jail KENNEDY took him before Ardmore clerk-magistrate,

defendant SANDRA TUCKER ("TUCKER"), at the town hall, located at 26494 1st Street, Ardmore, Alabama,

who executed an appearance bond agreement, set bail at $750 and took receipt of cash for the same amount,

and scheduled an arraignment for 08/12/09 at 8:30 a.m. at the Ardmore Municipal Court.  Plaintiff's  friend,

Col. George Nelson (USAF, Retired), from Huntsville, AL was witness to all that transpired.

9.33.    THAT TUCKER knowingly failed to perform and violated her duty as magistrate, because she did

not follow procedure and issued said appearance bond agreement, set bail, and scheduled arraignment without

any legal grounds for her actions, i.e., (i) *without* making a probable cause determination, (ii) *without* receiving a complaint copy made out by either LUNA or JOHNSON, the arresting officers, (iii) *without* receiving an affidavit of probable cause from either LUNA or JOHNSON, (iv) *without* her taking any testimony that the alleged offense had been committed or that Plaintiff committed it, (v) *without* her receiving and reviewing any verified evidence provided by either of defendant arresting police officers, (vi) *without* her reading or informing Plaintiff of the charge against him and its nature, (vii) *without* citing to Plaintiff the law that he allegedly violated and whether it was a state statute or municipal ordinance, (viii) *without* her giving Plaintiff the source or authority for the alleged violated law, (ix) *without* her informing Plaintiff of his rights (e.g., his constitutionally secured right to assistance of counsel), and (x) *without* providing Plaintiff with a copy of the complaint since it was non-existent at that time (note: it was not issued until five days after his release from jail on 07/31/09). TUCKER trespassed on Plaintiff's rights and damaged him in his rights secured under the Constitution, including, but not limited to, the right to due process, the right to equal protection of the laws, and the numerous rights of the accused in criminal proceedings (***Fourth, Fifth, Fourteenth Amendments; Ala. Const., Art. I, Sec. 6 and 36)***.

9.34.    THAT TUCKER knowingly and intentionally overcharged Plaintiff by an amount of $450.00 for the appearance bond; therefore, she did engaged in embezzlement and theft of service.[23]. The **Alabama Rules of Criminal Procedure, Rule 4.3(a)(1)(iii)** and **Rule 7.2(b)** state, that without a probable cause determination, TUCKER was only authorized to charge Plaintiff $300.00 bail, *not* $750.00 bail. Thus, she charged him $450.00 more than was allowed by law and appropriated it illegally for use by her employer, Town of Ardmore. Plaintiff was damaged in his right to due process and equal protection of the laws, and in his property for $450.00, plus cost of lost economic opportunity, plus interest.

---

[23]Definition:

**Theft of service**. obtaining services from another by deception, threat, coercion, stealth, mechanical tampering or use of false token or device. Black's Law Dictionary, 6th Edition, Page 1477.

9.35.    THAT TUCKER did also commit the crime of and damaged Plaintiff by theft of property in the second degree on the same above date in the aforementioned case by knowingly obtaining unauthorized control over his property ($450.00 overcharge) through deception, false pretense and embezzlement in violation, again, of **Rule 4.3(1)(1)(iii)** and **Rule 7.2(b)**, with the intent to deprive him of his property for the benefit of the racketeering enterprise (see **Ala. Stat. § 13A-8-2(2)** definition). Plaintiff was damaged, again, in his constitutionally secured right to due process and equal protection of the laws, and in his property for $450.00, plus cost of lost economic opportunity, plus interest.

9.36.    THAT Plaintiff believes that TUCKER's intent to unlawfully deprive him of his property is supported by the fact that she refused to return said $450.00 embezzled funds to him upon notice.

### COUNT 13: VIOLATION OF RIGHT TO DUE PROCESS AND EQUAL PROTECTION

Plaintiff incorporates herein by reference the allegations contained in paragraphs 1.1 through 9.36 and COUNT 1-12 as if fully set forth at this place.

On July 26, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) SANDRA TUCKER, did engage in wrongful and unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT TO DUE PROCESS and RIGHT TO EQUAL PROTECTION OF THE LAWS, which are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

Plaintiff has been damaged in his property by said Defendant's action(s) and/or omission(s) in the amount of $450.00, plus cost of lost economic opportunity (to be determined by jury), plus interest, or a sum greater or lesser as a jury should determine.

The above referenced unlawful acts are contrary to and in violation of *18 U.S.C. § 242; 42 U.S.C. § 1983; U.S. Constitution, Fifth and Fourteenth Amendments; Alabama Constitution (1901), Article I, Sections 6 and 36; Ala. Rules of Crim. P., Rule 4.3(1)(1)(iii) and Rule 7.2(b)*.

### COUNT 14: THEFT OF SERVICES;
### THEFT OF PROPERTY IN THE SECOND DEGREE

COMPLAINT

Plaintiff incorporates herein by reference the allegations contained in paragraphs 1.1 through 9.36 and COUNTS 1-13 as if fully set forth at this place.

On July 26, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s), SANDRA TUCKER, did engage in the wrongful and unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally secured right(s) under the NINTH AMENDMENT (right to expect ethical behavior by public servants), and are offenses under state tort and/or common law, to wit, THEFT OF SERVICES, EMBEZZLEMENT, THEFT OF PROPERTY IN THE SECOND DEGREE, with respect to Plaintiff's bail amount. Said wrongful and unlawful acts are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

Plaintiff has been damaged in his property by said Defendant's action(s) and/or omission(s) in the amount of $450.00, plus cost of lost economic opportunity, and interest thereon, or a sum greater or lesser as a jury should determine.

The above referenced wrongful and unlawful acts are contrary to and in violation of *18 U.S.C. § 242; 42 U.S.C. § 1983; U.S. Constitution, Ninth Amendments; Alabama Constitution (1901), Article I, Sections 36; English Common Law as adopted by State of Alabama at Ala. Stat. § 1-3-1; Ala. Stat. § 13A-8-4(a)(b).*

---

**AUGUST 3, 2009**

---

***RETURN FOR DOCUMENTS; INVALID COMPLAINT***

9.37.    THAT Plaintiff and his friend, Col. George Nelson (USAF Retired) returned to the Ardmore Police

Department on Monday morning, August 3, 2009, about 10:30 a.m. to obtain copies of documents needed

for his pending case in Ardmore Municipal Court.

9.38.    THAT Plaintiff requested and received a receipt for his seized pocket pistol and copy of the

complaint from LUNA. The complaint was dated July 31, 2009 which was five (5) days after his arrest and

release on July 26, 2009. LUNA's gross negligence in waiting to make a complaint for his *warrantless* arrest

until five days *after* his release, has damaged Plaintiff by violating his civil rights to liberty, to due process

COMPLAINT

and to equal protection of the law, as well as state procedural statutes with respect to issuing a complaint without delay to an accused.

## COUNT 15: GROSS NEGLIGENCE

Plaintiff incorporates herein by reference the allegations contained in paragraphs 1.1 through 9.38 and COUNT 1-14 as if fully set forth at this place.

On August 3, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) TRACY LUNA, did engage in wrongful and unlawful act(s) and/or omission(s) under color of law, which trespassed upon and violated Plaintiff's constitutionally secured right(s) to DUE PROCESS and EQUAL PROTECTION, and are offenses under state tort and/or common law, to wit, GROSS NEGLIGENCE, with respect to inexcusable delay in making a complaint. Said wrongful and unlawful acts and/or omissions are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $50,000.00 or a sum greater or lesser as a jury should determine.

Plaintiff has been damaged in his liberty by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00, or a sum greater or lesser as a jury should determine for the offense of GROSS NEGLIGENCE.

The above referenced unlawful acts are contrary to and in violation of *18 U.S.C. § 242; 42 U.S.C. § 1983; U.S. Constitution, Ninth Amendments; Alabama Constitution (1901), Article I, Sections 36; English Common Law as adopted by State of Alabama at Ala. Stat. § 1-3-1; Ala. Stat. § 13A-8-4(a)(b).*

9.39.   THAT LUNA did refused to give Plaintiff a copy of the police report upon his request.

9.40.   THAT Plaintiff then requested a copy of his police report and copies of the police officers'

mandatory oaths of office from Ardmore Police Chief, WILLIAM M. OLIVER ("OLIVER"), who refused

to do so. He said that he would only give what he requested to a lawyer, and if he wanted anything from his

police department he would have to subpoena it. Further, OLIVER said the reason he was withholding the

police report from Plaintiff was because he had not been forthcoming with all the answers to his and officer

LUNA's questions, and since they could not get what they wanted from him, he would not be getting the

police report and oaths of office that he wanted from them.  OLIVER did obstruct governmental operations, interfered with judicial procedures, and trespassed and damaged Plaintiff in his constitutionally secured right to equal protection of the laws by denying him access to governmental documents in retaliation.

9.41.    THAT OLIVER's words and actions show how he regularly impedes and legally handicaps their department's accused victims.  Further, he knowingly and willfully interfered with Plaintiff's judicial proceedings so that he and fellow racketeers can gain an unjust advantage over him in his upcoming "kangaroo court" prosecutions.  Their objective is obvious to Plaintiff, namely, to raise revenue from conviction fines to fund their paychecks.  Plaintiff further believes that OLIVER knew full well that fellow municipal employee and racketeer, TUCKER, would not issue a subpoena, so his constitutionally protected right to have compulsory process would be denied through their collusion and connivance and conspiracy against his civil rights.

9.42.    THAT at all times relevant to Plaintiff's said documents request to LUNA and OLIVER on 08/03/09, his friend, Col. George Nelson, was present as witness.

9.43.    THAT following chief OLIVER's denial of Plaintiff's initial request for documents, he again denied his additional request for a copy of and/or the opportunity to review the police officers' procedural manual. He told him as before, that since Plaintiff was not an attorney, he would have to subpoena it if he wanted to see it.

## COUNT 16: VIOLATION OF RIGHTS TO DUE PROCESS AND
## EQUAL PROTECTION OF THE LAWS

Plaintiff incorporates herein by reference the allegations contained in paragraphs 1.1 through 9.43 and COUNT 1-15 as if fully set forth at this place.

On August 3, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) TRACY LUNA and WILLIAM M. OLIVER, did engage in wrongful and unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT TO DUE PROCESS and RIGHT TO EQUAL PROTECTION OF THE LAWS,

COMPLAINT                                                                                          Page 27 of 52

which are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

The above referenced unlawful acts are contrary to and in violation of *18 U.S.C. § 242; 42 U.S.C. § 1983; U.S. Constitution, Fifth and Fourteenth Amendments; Alabama Constitution (1901), Article I, Sections 6 and 36; Ala. Stat. § 13A-10-2(a)(1); Ala. Stat. § 13A-10-130(a)(3)(b);  Alabama Rules of Criminal Procedure, Rule 4.3(a)(1)(iii) and Rule 4.3(a)(2)*.

## *COURT CLERK – DOCUMENT REFUSAL*

9.44.    THAT on August 3, 2009, Plaintiff personally spoke to defendant TUCKER in her office in Ardmore town hall with his friend, Col. George Nelson, as witness.  He asked her for copies of various governmental documents which he needed for his defense in preparation for his pending trial in the Ardmore Municipal Court.

9.45.    THAT TUCKER would not give said requested governmental documents to Plaintiff, but said that she would send them to him by mail in 2-3 days, which she did not do as promised, thus frustrating Plaintiff's defense preparation.

9.46.    THAT TUCKER, knowing she lacked the authority to do so, and refusing to deliver up said governmental documents and records in her possession upon his proper request (which he was lawfully entitled to receive) did trespass and damage Plaintiff's due process and equal protection rights, and committed the crime of tampering with governmental records according to Alabama statute.

9.47.    THAT TUCKER, at the same time on 08/03/09, did also  commit the crime of tampering with physical evidence by concealing said documents in her custody, without legal right or authority, with the intent that they would be unavailable to Plaintiff for use in his  defense in legal proceedings pending in said Ardmore Municipal Court, of which she was fully aware.

**_COURT CLERK – COMPULSORY PROCESS DENIED_**

9.48.    THAT on the same above date (08/03/09) and place herein described, defendant TUCKER did

knowingly and intentionally refuse Plaintiff's three requests for her to issue a subpoena and subpoena duces

tecum (compulsory process) on his behalf in the above styled case.  She said she would only issue a subpoena

for an attorney and <u>not</u> for him, thus denying him of his constitutionally secured rights to have compulsory

process, to due process and to equal protection of the laws.  Plaintiff  believes that TUCKER, by denying

compulsory process, did commit the crimes of obstructing governmental operations  and interfering with

critical pre-trial judicial proceedings.  Further, Plaintiff believes that TUCKER did intentionally obstruct,

impair and hinder the fair and just administration of law, and failed to perform and violated the duty of her

office when Plaintiff was denied his civil rights.

9.49.    THAT TUCKER's denial of Plaintiff's  right to compulsory process has damaged him by preventing

him from adequately preparing for his trial and has seriously impaired the lawful proceedings in his case since

there can be no fair,  impartial and just trial without the benefits of compulsory process if needed.

### COUNT 17: VIOLATION OF RIGHT TO COMPULSORY PROCESS

Plaintiff incorporates herein by reference the allegations contained in paragraphs 1.1 through 9.49
and COUNTS 1-16 as if fully set forth at this place.

On August 3, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s)
SANDRA TUCKER,  did engage in unlawful act(s) and/or omission(s) under color of law which
trespassed upon and violated Plaintiff's constitutionally protected RIGHT TO COMPULSORY
PROCESS, which are more fully described in the facts  stated herein in support of this cause of
action.

Plaintiff has been damaged in his said constitutionally secured right by said Defendant's action(s)
and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

The above referenced acts are contrary to and in violation of *18 U.S.C. § 242; 42 U.S.C. § 1983; U.S.*
*Constitution, Fifth, Sixth, and Fourteenth Amendments; Alabama Constitution (1901), Article I,*
*Sections 6 , 13 and 36.*; *Alabama Rules of Criminal Procedure, Rules 17.1, 17.3; Ala. Stat.  § 13A-*

*10-2(a)(1); Ala. Stat. § 13A-10-130(a)(3)(b).*

## COURT CLERK – THREATENED ARREST

9.50.  THAT on the same above date (08/03/09) and place herein described, Plaintiff asked TUCKER for the reference in the law that she was using as the basis for her refusal to issue a subpoena on his behalf, i.e., that only lawyers had access to compulsory process in court cases.  She refused to give him the cite.  When he requested that she please call the town attorney/prosecutor, CHADWICK ("CHAD") WISE , and ask him for the cite, she picked up the telephone and, instead of calling WISE, called for Ardmore police officer, defendant LUNA, to come and arrest him in retaliation for him asking her for the legal basis for her refusal. TUCKER's obvious intent was to use telephone communications to further the racketeering scheme and to threaten and intimidate Plaintiff into waiving his lawful right to compulsory process in the hope that he would perhaps refrain from any further efforts to obtain the issuance of subpoenas from her.  Without obtaining favorable witnesses and necessary documents and records for his defense through compulsory process, Plaintiff would be at a disadvantage at trial, and would assure the prosecution of an easy conviction and a penalty fine for Ardmore's coffers–all to the monetary benefit of Ardmore employees' paychecks.  Plaintiff believes that TUCKER's attempt to coerce him into abandoning his request for compulsory process to his detriment by intimating threats of police violence against him was criminal.  He was trespassed upon and damaged in his constitutionally protected rights to compulsory process, due process and equal protection of the laws,  and in lost opportunity to prepare for his defense.

9.51.    THAT Plaintiff believes that TUCKER did commit the crime of criminal coercion when, without legal authority, she threatened him with  arrest, with the intent of inducing him  against his will, to cease requesting compulsory process which was his lawful civil right.

## COUNT 18: VIOLATION OF RIGHT TO JUSTICE WITHOUT DENIAL, SALE, OR DELAY; CRIMINAL COERCION

Plaintiff incorporates herein by reference the allegations contained in paragraphs 1.1 through 9.51

and COUNTS 1-17 as if fully set forth at this place.

On August 3, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) SANDRA TUCKER, did engage in unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT TO JUSTICE WITHOUT DENIAL, SALE, OR DELAY, RIGHT TO DUE PROCESS, and RIGHT TO EQUAL PROTECTION OF THE LAWS, which are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his said constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine. Plaintiff believes Defendant did commit the statutory crime of criminal coercion.

The above referenced acts are contrary to and in violation of *18 U.S.C. § 242; 42 U.S.C. § 1983;* **U.S. Constitution, Fifth, Ninth, and Fourteenth Amendments; Alabama Constitution (1901), Article I, Sections 13 and 36; Ala. Stat. § 13A-10-2(a)(1); Ala. Stat. § 13A-10-130(a)(3)(b); Ala. Stat. § 13A-6-25. Criminal coercion.**

AUGUST 7, 2009

## *CONTINUANCE BY JUDGE*

9.52.    THAT on or about the morning of August 7, 2009, TUCKER telephoned Plaintiff at his home in

Lawrenceburg, Tennessee saying that purported Ardmore Municipal Court judge, WILLIAM G. MATHEWS

("MATHEWS"), had continued his court appearance from August 12, 2009 at 8:30 a.m. to August 26, 2009

at 8:30 a.m. MATHEWS did not make the record giving reasons why said continuance served the ends of

justice that outweighed the best interest of the public and the Plaintiff (defendant) in a speedy trial. Plaintiff

asked TUCKER what the nature of the proceeding was going to be. Arraignment? Trial? She said she was

not sure, which put Plaintiff at a disadvantage to know how to prepare for hearing. Other than said telephone

call, Plaintiff did not receive any notice from the court as to the nature of the continued initial appearance.

## *SUBJECT MATTER CHALLENGED – COMPLAINT FATALLY FLAWED*

9.53.    THAT during the time period between August 3 to on August 26, 2009 (Plaintiff's initial court

appearance) Plaintiff filed into the court record two pre-trial challenges to subject matter jurisdiction with

MATHEWS receiving a copy.  Court clerk and defendant, SANDRA TUCKER, did certify Plaintiff's two

said documents and sent them back to him at his Tennessee home address by first class U.S. mail.

9.54.    THAT one of the grounds for Plaintiff's assertion that no subject matter jurisdiction existed was the

fact that the complaint was fatally defective on its face and void, which  nullified  any proceedings by the

court, leaving MATHEWS without judicial authority and acting under color of law, i.e., the record shows that

said complaint was not executed immediately without delay upon Plaintiff's arrest and release, but rather was

written up and executed by LUNA five (5) days later on July 31, 2009 in violation of state procedural statutes

and constitutional due process, equal protection of the laws, and rights of the accused in criminal proceedings.

Plaintiff was damaged in his constitutionally secured right to liberty by LUNA's gross negligence and

MATHEWS' misconduct below.

9.55.    THAT MATHEWS, being notified by Plaintiff of said fatally defective complaint and his lack of

subject matter jurisdiction notwithstanding, did continue thereafter to falsely pretend to be a public servant

having lawful subject matter jurisdiction in the above-referenced case and conducted sham proceedings under

color of law on August 26, 2009 and September 23, 2009, denying and depriving Plaintiff of numerous civil

rights and causing him injury, not the least of which were his rights to due process , to equal protection of the

laws, and to his case being tried in a court of competent jurisdiction.

**AUGUST 26, 2009**

### *TERRORIST THREAT TO PLAINTIFF*

9.56.    THAT on the morning of 08/26/09 at approximately 8:15 a.m. at the Ardmore Municipal Court

Plaintiff and his friend, Col. George Nelson (USAF, Retired), arrived in special appearance to address his

challenge to the court's subject matter jurisdiction for what he thought was to be the scheduled initial

appearance/arraignment in the above-referenced case.

9.57.    THAT Plaintiff believes that MATHEWS did commit the crime of making a retaliatory terrorist

threat of violence against him as a party-witness to the proceedings, i.e., MATHEWS, WISE, and TUCKER

did connive with Defendants, WILLIAM M. OLIVER, TRACY LUNA, TERRY JOHNSON and TEN (10)

UNKNOWN DOES, their fellow employees at the Ardmore Police Department, to utilize their S.W.A.T.

Team formation to engage in an intimidation exercise calculated to terrorize Plaintiff and his two court-

watcher witnesses and media reporters.

9.58.    THAT media reporters and witnesses, Greg Chapman and Michael Hollaway, met Plaintiff and Col.

Nelson in the courthouse front parking lot and warned them that a heavily armed Ardmore Police Department

S.W.A.T. team-like formation was out in force patrolling the building and side parking area. They said they

had never seen such a menacing and frightening show of force at a municipal court hearing before.  Upon

exiting  Col. Nelson's vehicle Plaintiff  saw about 6-7 police in what appeared to be a  high state of alert

guarding the front of the municipal court building.  The courthouse entrance door was guarded by Defendant

JOHNSON who was carrying a fully automatic military M-16 assault rifle and wearing military-style, laced-

high top, jack-boots.  Next to him was another officer wearing black riot gloves and who stood guard on the

courthouse sidewalk.  Other well armed and equipped UNKNOWN DOES were spaced apart in the front and

side of the building.  One S.W.A.T. UNKNOWN DOE was positioned behind an SUV in the side parking lot

about 60 yards away, presumably with a sniper rifle since he was appeared to be out of effective pistol range.

As Plaintiff walked toward the building's entrance he sensed that he was the reason for the high security,

because the Defendant police officers all stared and glared intently at him and appeared tense and, for the most

part,  ignored the other few court attendees approaching the building.  LUNA and several other UNKNOWN

DOES under the watchful eye of OLIVER conducted a  warrantless  search  at the court room door under

color of law without any reason given for conducting the general exploratory search of Plaintiff's  person,

clothing and carried items.  No  valid search warrant was produced  containing the requisite probable cause

(felony),[24] stating the facts in support thereof, and an affidavit or oath describing the items to be searched for. No consent was given for said search–the Defendants just did it, whether Plaintiff consented or not. With respect to warrantless searches the Alabama courts have recently held:

> The Fourth Amendment to the Constitution of the United States bans all unreasonable searches. *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). Whether a search is unreasonable depends upon the facts and circumstances of the particular case. *Sibron v. New York*, 392 U.S. 40, 88 S. Ct. 1889, 20 L. Ed. 2d 917 (1968). **Warrantless searches are per se unreasonable unless they fall within a recognized exception.** *Ex parte Hilley***,** 484 So. 2d 485 (Ala. 1985). Those exceptions include: objects in plain view, consensual searches, a search incident to a lawful arrest, hot pursuit or emergency situations, probable cause coupled with exigent circumstances, and a Terry `stop and frisk' situation. *Daniels v. State*, 290 Ala. 316, 276 So. 2d 441 (1973). **Where a search is executed without a warrant, the burden falls upon the State to show that the search falls within an exception.** *Kinard v. State***,** 335 So. 2d 924 (Ala. 1976)**."** *ALLEN v. STATE*, CR-07-1063 (Ala.Crim.App. 5-1-2009)

9.59.   THAT Plaintiff believes he is correct in his above analysis of reasons for the show of armed force because the S.W.A.T. Team members relaxed and began moving away from the municipal court building after his hearing was over and he had come outside the court room (even though the court was still in session inside). The police SUV, and (presumably) the S.W.A.T. sniper referenced above, had driven away before Plaintiff exited the building since he, the victim of menacing and intimidation, was leaving. The fear "game" was over; however, OLIVER, with his arms stretched out wide opera style, mockingly sang a song to Plaintiff who was talking to a friend in front of the courthouse about 20 yards away, while standing next to his patrol car in the police station parking lot.

9.60.   THAT MATHEWS' orchestrated connivance with OLIVER, WISE, TUCKER, and UNKNOWN DOES of said threats and intimidation plan against Plaintiff using dangerous weapons was in retaliation

---

[24]

The Fourth Amendment "right of the people to be secure in their persons . . . against unreasonable searches and seizures" generally requires a law enforcement officer to have probable cause for conducting a search. "Probable cause exists where `the facts and circumstances within [an officer's] knowledge and of which [he] had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the **belief that' an offense has been or is being committed**," *Brinegar* v. *United States*, 338 U. S. 160, 175-176 (1949) (quoting *Carroll* v. *United States*, 267 U. S. 132, 162 (1925)), **and that evidence bearing on that offense will be found in the place to be searched.** *SAFFORD UNIFIED SCHOOL DISTRICT #1 v. REDDING*, 08-479 (U.S. 6-25-2009)

against his written challenges to the court's subject matter jurisdiction and the negative impact a case dismissal might have on Ardmore's money making kangaroo court scheme.

9.61.    THAT Plaintiff believes that MATHEWS, OLIVER, WISE, TUCKER, and UNKNOWN DOES used said terrorist threats incident at the time of a judicial proceeding with the intent to obstruct justice by instilling fear and intimidating him and his court-watcher witnesses so as to weaken his resolve to defend himself,  and to prevent a fair, impartial, and meaningful hearing.   Plaintiff has been damaged in his right to freely and openly access the courts without fear and intimidation for whatever reason.

9.62.    THAT Plaintiff believes that by the aforesaid orchestrated terrorist threat, MATHEWS, OLIVER, and the other said Defendants did also commit the crime of *tampering with a witness* by attempting to induce him to absent himself from the court proceeding to which he had been officially ordered to appear, and to scare and discourage him and his court-watcher witnesses from  returning to future official proceedings.

9.63.    THAT, further, on the morning of said 08/26/09, Plaintiff believes that MATHEWS and the other said Defendants did commit the crime of *intimidating a witness* (himself), and *obstructing governmental operations*.  MATHEWS, OLIVER, WISE, TUCKER, and UNKNOWN DOES did attempt, by use of the aforesaid staged terrorist threat  directed at Plaintiff and his court-observer witnesses (who may be called to testify  in future official proceedings), to induce them to avoid legal process summoning them to court or to testify, and/or induce them to absent themselves from official proceedings in the above referenced matter, to which they have been (or possibly will be) legally summoned.   MATHEWS, OLIVER, WISE, *et al* knowingly and willfully  attempted to impede Plaintiff's constitutionally protected right to fair judicial proceedings by instilling the emotion of fear in him and his witness friends through the tactic of intimidation and threat of armed violence.  He obstructed, impaired and hindered the just administration of law in the court room hearing and damaged Plaintiff's right to due process and equal protection of the laws.

## COUNT 19: VIOLATION OF RIGHT TO OPEN AND FREE ACCESS TO COURTS; DUE

PROCESS & EQUAL PROTECTION

Plaintiff incorporates herein by reference the allegations contained in paragraphs 1.1 through 9.63 and COUNTS 1-18 as if fully set forth at this place.

On August 26, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) WILLIAM G. MATHEWS, CHAD WISE, TRACY LUNA, SANDRA TUCKER, TERRY JOHNSON, WILLIAM M. OLIVER, and TEN (10) UNKNOWN DOES, did connive and engage in unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated

Plaintiff's constitutionally protected RIGHT TO OPEN AND FREE ACCESS TO THE COURTS AND JUSTICE WITHOUT DENIAL, SALE, OR DELAY, RIGHT TO DUE PROCESS, and RIGHT TO EQUAL PROTECTION OF THE LAWS, which are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his said constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

Plaintiff believes Defendant did also commit the statutory crime of criminal coercion and menacing..

The above referenced acts are contrary to and in violation of *18 U.S.C. § 242; 42 U.S.C. § 1983; U.S. Constitution, Fifth, Ninth, and Fourteenth Amendments; Alabama Constitution (1901), Article I, Sections 6, 13 and 36; Ala. Stat. § 13A-10-2(a)(1); Ala. Stat. § 13A-10-130(a)(3)(b); Ala. Stat. § 13A-6-25. Criminal coercion; Ala. Stat. § 13A-6-23. Menacing.*

## COUNT 20: VIOLATION OF RIGHTS SECURED UNDER THE FOURTH AMENDMENT

Plaintiff incorporates herein by reference the allegations contained in paragraphs 1.1 through 9.63 and COUNTS 1-19 as if fully set forth at this place.

On August 26, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) WILLIAM G. MATHEWS, CHAD WISE, SANDRA TUCKER, TRACY LUNA, TERRY JOHNSON, WILLIAM M. OLIVER, and TEN (10) UNKNOWN DOES, did connive and engage in unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT TO BE SECURE FROM UNREASONABLE SEARCH AND SEIZURE, which are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his said constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

The above referenced acts are contrary to and in violation of *18 U.S.C. § 242; 42 U.S.C. § 1983;* **U.S. Constitution, Fourth Amendments; Alabama Constitution (1901), Article I, Sections 6 and 36**.

### *SHAM PROCEEDINGS; SURPRISE TRIAL ATTEMPT*

9.64.    THAT said 08/26/09 hearing began at approximately 8:30 a.m. MATHEWS  started the proceeding *without* making any  introductory comment or opening statement of the case, *without* stating the nature of the proceedings, *without* reading Plaintiff the charge or producing a complaint, *without* citing any law Plaintiff allegedly violated, and *without* informing him of his right to counsel, etc. — nothing.  Plaintiff challenged subject matter jurisdiction upon commencement, but WISE and MATHEWS refused to address the issue and brushed it aside.

9.65.  THAT MATHEWS immediately took Plaintiff by surprised by abruptly asking for the two Defendants, LUNA and JOHNSON, to be called into the courtroom as witnesses so that the "trial" could begin. Plaintiff thought that the hearing was for an arraignment, not for a trial!  He was in no way prepared for a trial.  *He did not receive notice* and he is not in receipt of any documentary evidence giving notice that said court appearance was for a trial.  MATHEWS' trick of attempting to trap Plaintiff into this arraignment-turned-trial without notice violated his constitutionally secured right to *due process*.

9.66.    THAT Plaintiff objected to MATHEWS' surprise trial attempt and raised his challenge to the court's subject matter jurisdiction again, citing Constitutional authority and U.S. Supreme Court and Alabama Supreme Court holdings in support.  MATHEWS contemptuously brushed aside the jurisdictional issue and supporting authorities and continued ahead with the sham proceedings knowing he had no jurisdiction because of the aforementioned invalid complaint.

9.67.    THAT  MATHEWS tried once again to begin his surprise trial *without* due process notice, *without* arraignment, *without* being given meaningful time to prepare, *without* the right of discovery and compulsory process, and *without* counsel.  He ordered the two witnesses, LUNA and JOHNSON, to be brought into the

court room to be sworn in for "trial" for which Plaintiff was completely unprepared and for which subject matter jurisdiction had never been ruled on. He then ordered Plaintiff to stand up and to raise his right hand for swearing in with the witnesses. Plaintiff silently remained standing with his arms down by his sides, not taking an oath. MATHEWS twice ordered him to raise his right hand and be sworn in, but he silently refused to obey MATHEWS' orders and remained at attention, saying nothing, in exercise of his <u>right to remain silent</u> in a criminal proceeding.

9.68.    THAT Plaintiff objected to MATHEWS' bumbling attempt to begin his surprise trial and reminded him that he had not been arraigned as yet which was mandatory under **Alabama Rules of Criminal Procedure, Rule 14.2**. He then said "well, if you *want* an arraignment, how do you plead, guilty or not guilty?" Again, <u>no</u> charge was read, <u>no</u> complaint was given to him, <u>no</u> law cited allegedly violated. Plaintiff told him he was not going to plead without the assistance of competent counsel of which was his civil right. Prosecutor WISE immediately spoke to MATHEWS saying "he doesn't need to have counsel for the arraignment." Plaintiff never waived his right to assistance of counsel and he did expressed his desire to obtain assistance of competent counsel, but his asserted right was ignored by MATHEWS. MATHEWS never informed Plaintiff of any of his rights at any time. Again, Plaintiff was denied his right to <u>due process</u> and damaged therein.

9.69.    THAT MATHEWS then tried unsuccessfully several times to cajole Plaintiff into entering a plea on the spot <u>without the assistance of counsel</u> and without knowing the charge, but he did not take the "bait."

9.70.    THAT three times MATHEWS made deliberate attempts at persuading Plaintiff with false promises and inducements of "no jail time" into relinquishing his rights to due process notice and assistance of counsel, and to enter a plea immediately without counsel, by saying to him that he "didn't have to worry because I'm [judge] not going to put you in jail for your offense". . . "I don't plan to be putting you in jail for this". . . "you aren't going to be put in jail for your offense." From this blatant cajolery it is apparent to Plaintiff that his

guilt and conviction were conclusively presumed against him by MATHEWS and were a foregone conclusion from the start  (as it is in all "kangaroo courts").   It was obvious to Plaintiff that MATHEWS had already made up his mind about finding him guilty before arraignment, pre-trial hearings, trial, or any of the facts of the case were known.  Plaintiff believes MATHEWS was pushing for a quick-fix, cash fine plea bargain of some kind.  It is clear from MATHEWS' statements that he had decided Plaintiff was "guilty before proven innocent" which violates the fundamental principles of American jurisprudence.

9.71.    THAT on said date of 09/26/09, Plaintiff believes that MATHEWS did commit the crime of

*interfering with judicial proceedings* (*Ala. Stat., § 13A-10-130(a)(3)*) with respect to the above mentioned

case.  He knowingly failed to perform as required by law and violated duties of his purported office and

deprived Plaintiff of his due process and equal protection civil rights.

9.72.    THAT, in review, Plaintiff's secured civil rights that were violated under color of law at said hearing

by MATHEWS include, but are not limited to, the following:

● Failed to dismiss the aforementioned cause for lack of subject matter jurisdiction on his [MATHEWS'] own initiative when the face of the record showed the complaint was invalid because it was executed five (5) days after complainant's release from jail;

● Failed to hold a mandatory and procedurally proper arraignment as required by law;

● Failed to perform a determination as to whether Plaintiff was represented by counsel as required by law;

● Failed to inform complainant of any law allegedly violated and the source of authority thereof, and the nature and cause of the accusation;

● Failed to determine if Plaintiff had received a copy of the charges against him as required by law, or if he had read said charges, or if he understood said charges in the absence of counsel;

● Failed to give proper notice of a "surprise/ambush" trial which is a denial of Plaintiff's constitutionally guaranteed rights to due process and equal protection of the law;

● Violated oath of office duty to support the U.S. and Alabama Constitutions by denying Plaintiff's right to remain silent so as not to incriminate himself by repeatedly ordering him to swear in against his will in an attempt to commence the "surprise/ambush" trial;

● Denied Plaintiff a requisite hearing on his material challenge to subject matter jurisdiction, thus depriving him of  his unalienable rights to due process and to equal protection of the law;

and in breach of his oath of office;

● Violated his duty to support the U.S. and Alabama Constitutions by denying Plaintiff his rights to due process, equal protection of the law, and attempting to deny him assistance of counsel by unfairly cajoling

him repeatedly to enter a plea without the assistance of counsel <u>after</u> he had asserted his right to counsel, and without being charged with any offense or receiving a copy of the complaint;

● Violated his duty to support the U.S. and Alabama Constitutions by denying Plaintiff's unalienable rights to fundamental fairness and impartiality under due process and equal protection of the law by overtly manifesting bias, prejudice, unfairness, and hostility (same violation committed on September 23, 2009 at hearing below).

### <u>COUNT 21</u>: VIOLATION OF DUE PROCESS AND EQUAL PROTECTION OF THE LAWS

Plaintiff incorporates herein by reference the allegations contained in paragraphs 1.1 through 9.72 and COUNTS 1-20 as if fully set forth at this place.

On August 26, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) WILLIAM G. MATHEWS, and CHADWICK WISE, did connive and engage in wrongful and unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT TO DUE PROCESS and RIGHT TO EQUAL PROTECTION OF THE LAWS, which are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

The above referenced unlawful acts are contrary to and in violation of *18 U.S.C. § 242; 42 U.S.C. § 1983; U.S. Constitution, Fifth and Fourteenth Amendments; Alabama Constitution (1901), Article I, Sections 6 and 36.*

### SEPTEMBER 23, 2009

### *ARRAIGNMENT*

9.73.    THAT MATHEWS, without proving subject matter jurisdiction and operating under color of law

scheduled another date for arraignment on September 23, 2009 at 8:30 a.m.

9.74. THAT at said scheduled arraignment in the above-referenced case, on September 23, 2009, at

approximately 8:30 a.m. in the Ardmore Municipal Court, Town of Ardmore, Limestone County, Alabama,

Plaintiff believes that MATHEWS, did knowingly fail to perform as required by law, did violate duties of his

purported office, and did violated Plaintiff's constitutionally guaranteed rights under color of law as follows:

● MATHEWS did deny Plaintiff a preliminary show cause evidentiary hearing on his challenge to the court's subject matter jurisdiction as he had requested;

● MATHEWS did deny Plaintiff an opportunity to explain his request for assistance of counsel;

● MATHEWS did deny Plaintiff due process and equal protection under the law, again, by twice trying to trick him into entering a plea (i) *without* him having read Plaintiff the charge, (ii) *without* him giving Plaintiff a copy of the complaint, (iii) *without* asking if Plaintiff had a copy, (iv) *without* asking Plaintiff if he understood the charge, (v) *without* identifying the source from whence he was reading, and (vi) *without* ever citing any statute or ordinance that Plaintiff allegedly violated.

● MATHEWS did enter a plea of "not guilty" over Plaintiff's objection to the court's lack of subject matter jurisdiction, without a hearing on subject matter jurisdiction, and  without prosecutor WISE, proving jurisdiction on the record–said plea is invalid without jurisdiction;

● MATHEWS did refuse to disqualify himself upon Plaintiff's request due to his hostile demeanor, unfairness, bias, prejudice, and due to the fact that he had been named as a defendant in Plaintiff's previous third-party complaint;

● MATHEWS did deny Plaintiff due process and freedom of speech and prevented him from being heard, by ordering him to silence, by ordering him out of the courtroom under threat of violence so as to prevent him from making the record (court reporter present), and by commanding the bailiff to physically remove him by armed force from the court room if he said a single word.

● MATHEWS, without subject matter jurisdiction and under color of law, again,  set the trial date for 10/28/09 at 8:30 a.m.  Plaintiff objected.

## COUNT 22: VIOLATION OF RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF THE LAWS; VIOLATION OF RIGHTS OF THE ACCUSED,

Plaintiff incorporates herein by reference the allegations contained in paragraphs 1.1 through 9.74 and COUNTS 1- 21 as if fully set forth at this place.

On or about September 23, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) WILLIAM G. MATHEWS, did engage in unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT TO DUE PROCESS and RIGHT TO EQUAL PROTECTION OF THE LAWS, and RIGHTS OF THE ACCUSED (Alabama Constitution), which are more fully described in the facts  stated herein in support of this cause of action.

Plaintiff has been damaged in his said constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

The above referenced acts are contrary to and in violation of *18 U.S.C. § 242; 42 U.S.C. § 1983;* **U.S. Constitution, Fifth and Fourteenth Amendments; Alabama Constitution (1901), Article I, Sections 5 and 36.**

COMPLAINT                                                                 Page 41 of 52

**OCTOBER 14, 2009**

### *COMPLICITY – TRESPASSERS AB INITIO*

9.75.    THAT on or about October 14, 2009, Plaintiff sent a redress of grievance by certified mail in the

form of a verified NOTICE OF JUDICIAL MISCONDUCT with respect to Defendant MATHEWS to

defendant RICKY MITCHELL ("MITCHELL"), purported mayor of Ardmore, and copies of the same to

defendants BILLY RAY HALL, BILLY SHANNON, MELODY DUFFEY, MARY HOBBS, GEORGE

"MOODY" KING, purported town council members, detailing MATHEWS' offensives, misconduct and

violations of his civil rights.  Plaintiff and asked for MATHEWS to be  disqualified immediately from all

future proceedings for cause and for a neutral substitute judge appointed.   Said offenses committed by

MATHEWS   included CONSTITUTIONAL RIGHTS VIOLATIONS, STATUTORY PROCEDURAL

VIOLATIONS, OFFICIAL OPPRESSION,  MISCONDUCT IN OFFICE, MISPRISION, BREACH OF

DUTY, BREACH OF OATH OF OFFICE, and BREACH OF ALABAMA CANONS OF JUDICIAL

ETHICS.   RICKY MITCHELL and the other said Defendants did *not* disqualify MATHEWS and were

*grossly negligent* by  refusing to prevent further abuse of Plaintiff's constitutionally secured civil rights

though they had the statutory authority to do so.

**OCTOBER 22, 2009**

9.76.    THAT on or about October 22, 2009 Plaintiff sent a verified notice by certified mail titled NOTICE

OF  MAGISTRATE  TUCKER'S  MISCONDUCT  and  MOTION  TO  DISMISS  FOR  LACK  OF

JURISDICTION to the above Defendants RICKY MITCHELL, BILLY RAY HALL, BILLY SHANNON,

MELODY DUFFEY, MARY HOBBS, GEORGE "MOODY" KING, which was also ignored.

9.77.    THAT all the above said Defendants were given notice and had knowledge of the wrongs already

committed and conspired to be committed yet again by MATHEWS, TUCKER, *et al*, against Plaintiff's

constitutionally secured civil rights.  Defendants had power to prevent the commission of the same but neglected or refused to do so, which, by reasonable diligence, they could have prevented. The Defendant MUNICIPALITY OF ARDMORE, owed a duty to Plaintiff to train, supervise and otherwise control its Defendant employees named above in their respective law enforcement and administrative-judicial capacities and to see that they were acting at all times relevant within their delegated authority in accordance with constitutional and statutory law.  Defendant MUNICIPALITY OF ARDMORE failed in its said duty which constitutes negligence.  As a proximate result of Defendant MUNICIPALITY OF ARDMORE's negligence, Plaintiff has sustained damages of emotional distress, mental suffering and anguish, physical pain and suffering, health endangerment from unsanitary jail conditions, economic loss, lost economic opportunity, deprivation of and trespass upon  numerous constitutionally secured rights, humiliation, threats, damage to reputation, intimidation and coercion, interference with giving adequate primary health care for his aged mother as her sole provider, interference with relationship with medical and nursing establishments,  lost enjoyment to life, liberty, and the pursuit of happiness for the last six months, and theft of service, therefore, Defendant MUNICIPALITY is liable to Plaintiff for <u>compensatory and exemplary damages</u>.  There is no excuse for Defendant MUNICIPALITY not to provide adequate training, supervision, and control of its Defendant employees to prevent the willful and wanton indifference and deliberate disregard for human life and the constitutionally secured rights of private citizens as in Plaintiff's case.  The acts, omissions, systemic flaws, policies, lack of training and supervision of Defendant MUNICIPALITY shows a pattern of culpable negligence, especially when Plaintiff sent repeated notices of Defendant employees' misconduct and nothing was done about it.  Consequently, Plaintiff has been  damaged in his constitutionally secured rights, person and property  and alleges that all above Defendants are *trespassers ab initio* along with MATHEWS, TUCKER, OLIVER, WISE, LUNA, JOHNSON, and UNKNOWN DOES.

### <u>COUNT 23</u>: TRESPASSERS AB INITIO; GROSS NEGLIGENCE

Plaintiff incorporates herein by reference the allegations contained in paragraphs 1.1 through 9.77

COMPLAINT                                                                                   *Page 43 of 52*

and COUNTS 1-22 as if fully set forth at this place.

From July 25-26, 2009 to the present, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) MUNICIPALITY OF ARDMORE, RICKY MITCHELL, BILLY RAY HALL, BILLY SHANNON, MELODY DUFFEY, MARY HOBBS, GEORGE "MOODY" KING, did engage in wrongful and unlawful act(s) and/or omission(s) under color of law and/or failed to train, supervise and control employees under their authority, which trespassed upon and violated numerous Plaintiff's constitutionally secured right(s) under the FIRST, SECOND, FOURTH, FIFTH, SIXTH, NINTH AND FOURTEENTH AMENDMENTS, and Alabama Constitution (1901), Article I, Sections 1, 3, 4, 5, 6, 13, 26, 35, 36, and are offenses under state tort and/or common law, therefore, Defendants are TRESPASSERS AB INITIO and GROSSLY NEGLIGENT. Said wrongful and unlawful acts and/or omissions are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $50,000.00 or a sum greater or lesser as a jury should determine

Plaintiff has been damaged in his person by said Defendant's action(s) and/or omission(s) in the amount of compensatory and exemplary amounts as a jury should determine for TRESPASS and NEGLIGENCE.

The above referenced wrongful and unlawful acts are contrary to and in violation of *18 U.S.C. § 242; 42 U.S.C. § 1983; U.S. Constitution, First, Second, Fourth, Fifth, Sixth, Ninth and Fourteenth Amendments; Alabama Constitution (1901), Article I, Sections 1, 3, 4, 5, 6, 13, 26, 35 and 36; English Common Law as adopted by State of Alabama at Ala. Stat. § 1-3-1.*

OCTOBER 28, 2009

### *CONTINUANCE DUE TO MEDICAL EMERGENCY*

9.78.    THAT Plaintiff moved for a continuance of the trial to December 2, 2009 due to a documented

medical emergency. TUCKER placed a telephone called to Plaintiff in Tennessee on or about Monday,

November 30, 2009, stating that prosecutor CHAD WISE (not the judge!) gave his approval of his

continuance request. This was the second time that TUCKER had told Plaintiff on the telephone that CHAD

WISE was the person that had to be consulted with on whether or not to grant Plaintiff's continuance request.

It appears that prosecutor WISE runs the kangaroo court racket in connivance with co-partner MATHEWS.

Canons of Professional Responsibility?   Canons of Judicial Ethics?   Who needs or follows them?

NOVEMBER 23, 2009

### *COURT CLERK REFUSED TO FILE CIVIL SUIT*

9.79.    THAT on or about November 23, 2009 Plaintiff commenced a civil counterclaim action against the

defendant MUNICIPALITY OF ARDMORE in the above-referenced case by mailing said counterclaim

document and summons to TUCKER (USPS certified mail #7008 0150 0001 7526 1805) to be filed into the

case docket, the summons executed and issued, and served on counterclaim defendant by certified mail.

Plaintiff requested that TUCKER please send a certified copy of said counterclaim and summons by return

mail to him as she had done in the past as proof for his records that she had received said documents and had

entered them into the case docket and had issued the summons. TUCKER refused to do so.  She willfully

failed to perform her court clerk duties and damaged Plaintiff in his constitutionally protected rights to

prosecute his civil cause, to access the courts freely, to due process, to equal protection of the laws, and to

impartial justice.  TUCKER has not filed said counterclaim into the court record to date, nor has she issue

a summons to the town attorney, CHAD WISE, nor has she communicated with Plaintiff and given him any

legal reason for her inaction / omission for not doing her duty as court clerk.

### COUNT 24: VIOLATION OF RIGHT TO PROSECUTE CIVIL CAUSES; VIOLATION OF RIGHT TO ACCESS THE COURTS FREELY; VIOLATION OF RIGHT TO DUE PROCESS AND EQUAL PROTECTION

Plaintiff incorporates herein by reference the allegations contained in paragraphs 1.1 through 9.79 and COUNTS 1-23 as if fully set forth at this place.

On or about November 23, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) SANDRA TUCKER, did engage in unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT TO PROSECUTE CIVIL CAUSES, JUSTICE WITHOUT DENIAL, SALE, OR DELAY, RIGHT TO DUE PROCESS, and RIGHT TO EQUAL PROTECTION OF THE LAWS,  which are more fully described in the facts  stated herein in support of this cause of action.

Plaintiff has been damaged in his said constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

COMPLAINT

Plaintiff believes Defendant did commit the statutory crime of criminal coercion.

The above referenced acts are contrary to and in violation of *18 U.S.C. § 242; 42 U.S.C. § 1983;* **U.S. Constitution, Fifth, Ninth, and Fourteenth Amendments; Alabama Constitution (1901), Article I, Sections 6, 13 and 36.**

## LAW DEFIERS – COURT WITHOUT RULES OR LAWS

9.80.    THAT from 07/26/09 to the present Defendants have  shown by their acts and omissions that they

scorn the rule of law and the Constitution and think they are above the law.  TUCKER, MATHEWS, and

WISE,  purported court officials, operate under color of law according to their whims.  Their make-believe

court is a disgraceful sham, a racketeering enterprise, and  meets the definition of a "**kangaroo court**"

precisely, i.e., "Term descriptive of a sham legal proceeding in which a person's rights are totally disregarded

and in which the result is a foregone conclusion because of the bias of the court or other tribunal." *Black's*

*Law Dictionary, 6ᵗʰ Edition, Page 868.*

## ALL PRE-TRIAL MOTIONS IGNORED; NO HEARINGS

9.81.    THAT MATHEWS is a defiant lawbreaker operating under the color of office and color of law,

since he has repeatedly disregarded constitutional, statutory, common and canonical law, has interfered with

judicial procedure, and has violated many of Plaintiff's constitutionally secured rights to due process, to equal

protection of the law, to notice, to be heard in a meaningful manner, etc.  He has acted without proving subject

matter jurisdiction in Plaintiff's case and has ignored all his motions, has refused to hold mandatory pre-trial

hearings, refused to disqualify himself for obvious bias, has turned over court responsibilities to prosecutor

WISE, and has conspired with defendant police chief OLIVER and his fellow Ardmore employees to get a

conviction without a tract of  impartiality, fairness, or justice, i.e., the law be damned.

## CONFLICT OF INTEREST

9.82.  THAT on 08/26/09 and 09/23/09 in the Ardmore Municipal Court, Town of Ardmore, Limestone

County, Alabama, during the two aforesaid hearings, Plaintiff believes that MATHEWS did commit the crime of failing to disclose a known conflict of interest by advance public disclosure whereby he exercised substantial discretionary function in connection with a pecuniary transaction in the aforementioned case. He does have a direct monetary interest in the transactional outcome of the prosecution, i.e., a conviction fine funds his and all the other Defendant's paychecks.

**NOVEMBER 30, 2009**

***DISCOVERY HARASSMENT; SPEEDY TRIAL DENIED***

9.83.    THAT defendant WISE has refused to follow the **Alabama Rules of Criminal Procedure, Rule 16.1**, regarding the 14 day rule for discovery. Further, on or about November 30, 2009 Plaintiff received a letter from TUCKER dated November 24, 2009 stating: "Prosecutor Chad Wise will be out of town on business on December 2, 2009; therefore, he has requested your case be continued to January 27, 2010 at 8:30 a.m." (Signed by Sandra Tucker, Magistrate).    Said continuance was for two months duration and was without motion, without hearing, or without good cause shown, in violation of Plaintiff's right to a speedy trial, i.e., WISE did not make the record giving reasons why said continuance served the ends of justice that outweighed the best interest of the public and the Plaintiff (defendant) in a speedy trial. MATHEWS, WISE, TUCKER, *et al*, have connived, colluded and manipulated the system to damage Plaintiff's civil right to a speedy trial, so as to insure a "judicial lynching." Plaintiff's upcoming trial date is set for January 27, 2009 which will be in excess of 150 days (excluding Plaintiff's continuance request) from the commencement of this case. This time period exceeds the federal 70 (non-excludable) days for a speedy trial.

## COUNT 25: VIOLATION OF RIGHT TO A SPEEDY TRIAL

Plaintiff incorporates herein by reference the allegations contained in paragraphs 1.1 through 9.83 and COUNT 1-24 as if fully set forth at this place.

On or about November 30, 2009, at or near the Town of Ardmore, Limestone County, Alabama,

Defendant(s) CHADWICK WISE, TUCKER, WILLIAM G. MATHEWS, did engage in wrongful and unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT TO SPEEDY TRIAL, which are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

The above referenced unlawful acts are contrary to and in violation of *18 U.S.C. § 242; 42 U.S.C. § 1983; U.S. Constitution, Sixth Amendment.*

### *DEFENDANTS' LEGAL OBLIGATION*

9.84.   THAT both the U.S. Constitution and the Alabama Constitution (1901) mandate that Defendants must swear upon oath to support and obey said Constitutions upon taking office, per **U.S. Constitution, Article VI** and **Alabama Constitution (1901), Article XVI, Section 279**;

9.85.   THAT Plaintiff presumes (unless disproved in discovery) that Defendants have all complied with the aforesaid constitutional oath mandate, and consequently, they do have a legal obligation or duty to Plaintiff to obey said Constitutions at all times relevant to him as purported public servants, and to faithfully safeguard his unalienable civil rights and not to violate, deny or invade them in any degree.

9.86.   THAT Defendants have a fiduciary duty to Plaintiff and all other members of the public to perform all their respective duties in strict conformity to their oaths of office to support the U.S. and Alabama Constitutions.

> *McNALLY v. UNITED STATES, 483 U.S. 350, 360, 371, 372 (1987)*
> *"A public official is a fiduciary toward the public, including, in the case of a judge, the litigants who appear before him. . ."*

9.87.   THAT defendants MATHEWS and WISE, as attorneys and part-time judge/prosecutor, are duty bound to adhere to the high ethical standards of the **Canons of Professional Responsibility** and the **Canons of Judicial Ethics** to the same extent as they are to constitutional and statutory laws where relevant to their

relationship to Plaintiff.

9.88.   THAT Defendants are duty bound to obey the federal and state laws which are enacted pursuant to

and in accord with said Constitutions.

9.89.   THAT Defendants have breached their oaths of office and breached their lawful obligation and duty

and have thereby damaged Plaintiff's constitutionally protected civil rights as set forth herein.

### COUNT 26: VIOLATION OF OATH OF OFFICE; BREACH OF DUTY

Plaintiff incorporates herein by reference the allegations contained in paragraphs 1.1 through 9.89 and
COUNT 1-25 as if fully set forth at this place.

From July 26, 2009 to the present, at or near the Town of Ardmore, Limestone County, Alabama,
Defendant(s) CHADWICK WISE, SANDRA TUCKER, WILLIAM G. MATHEWS, WILLIAM M.
OLIVER, TRACY LUNA, TERRY JOHNSON, RICKY MITCHELL, BILLY RAY HALL, BILLY
SHANNON, MELODY DUFFEY, MARY HOBBS, GEORGE KING, JIM KENNEDY, ANDREW
KING, ROBERT COOK, did engage in wrongful and unlawful act(s) and/or omission(s) under color
of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT TO EXPECT
FAIR AND HONEST PUBLIC ADMINISTRATION OF PUBLIC SERVANTS IN KEEPING WITH
THEIR CONSTITUTIONAL OATHS OF OFFICE (Ninth Amendment), which are more fully
described in the facts  stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right(s) by said Defendant's action(s)
and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

The above referenced unlawful acts are contrary to and in violation of *18 U.S.C. § 242; 42 U.S.C. §*
*1983; U.S. Constitution, Article VI, Ninth Amendment; Alabama Constitution (1901), Article I,*
*Section 36, Article XVI, Section 279.*

9.90.   THAT from July 26, 2009 to the present, Defendants have engaged in a pattern of racketeering

activity under color of law, employing schemes and artifices to defraud Plaintiff of money that he could have

used and/or invested in Tennessee.  Said racketeering activity made use of the  instruments of communication

in interstate commerce, i.e., telephone, and the mails.  Plaintiff has received telephone calls and letters of

correspondence from Defendants during said time period which will be entered into evidence later in

violation of Federal R.I.C.O. (Racketeer Influenced Corrupt Organization) statute as described above.

### <u>COUNT 27</u>: VIOLATION OF FEDERAL R.I.C.O. STATUTE 18 U.S.C. § 1964(a), (c)
### WIRE AND MAIL FRAUD

Plaintiff incorporates herein by reference the allegations contained in paragraphs 1.1 through 9.90 and COUNT 1-26 as if fully set forth at this place.

From July 26, 2009 to the present, at or near the Town of Ardmore, Limestone County, Alabama, Defendants did engage in racketeering activity as defined in 18 U.S.C. § 1961, et seq. and did make use of the instruments of communication in interstate commerce and the mails.

Many of Plaintiff's constitutionally protected rights have been violated as a result of Defendant's racketeering activity which are more fully identified and described in the facts stated herein in support of this cause of action.

Plaintiff and the People of the UNITED STATES have been victimized and damaged by Defendants' criminal activity pursuant to 18 U.S.C. § 1964, and this Court should issue an appropriate order enjoining Defendants from engaging in such racketeering activity as described in the introduction, and to prohibit them and each of them from profiting thereby, now and in the future and to disgorge any and all profits received from unconstitutional prosecutions under color of law in a manner and method acceptable to the court for the general welfare of the People of the UNITED STATES.


### *<u>SUMMARY CONCLUSION</u>*

9.91.    THAT the facts stated above are intended to provide causes of action for Plaintiff's right to judicial

redress and relief against Defendants.

9.92.    THAT Plaintiff believes that the above facts do show that Defendants

(a) did have a constitutional mandate to swear upon oath to support both the U.S. and Alabama Constitutions

and the laws made pursuant thereto;

(b) did have a legal duty or obligation to safeguard Plaintiff's constitutionally secured civil rights;

COMPLAINT                                                                                    Page 50 of 52

(c) did have a right-duty relationship with Plaintiff as public servants and members of the BAR to perform their legal obligations or to refrain from performing some act(s) in accordance with high standards of ethics;

(d) did knowingly, intentionally, willfully and unlawfully deny, violate and invade many of Plaintiff's constitutionally secured civil rights as stated herein;

(e) did knowingly, intentionally and willfully breach their solemn oath of office to support and obey said Constitutions and the laws enacted pursuant thereto numerous times relative to Plaintiff;

(f) did knowingly, intentionally and willfully violate state statutes including rules of criminal procedure;

(g) did knowingly, intentionally, and willfully violate the aforementioned canons of ethical behavior relative to Plaintiff;

(h) did willfully fail repeatedly to perform their known legal duties relative to Plaintiff;

(i) did work together to generate revenue as an association-in-fact which affected interstate commerce;

(j) did committing two or more acts of racketeering using U.S. mail, telephone calls, extortion, and theft of services, which diverted Plaintiff's money from his private use and investment in the State of Tennessee to the herein described racket scheme involving said interstate commerce;

(k) did cause damage to Plaintiff's constitutionally secured civil rights, person, property, physical and emotional health, relationships, reputation, lost economic opportunities, economic loss, time, opportunity interest damage, etc. as stated in the facts above and counts herein;

(l) did engage in a predictable pattern of racketeering that is likely to re-occur in the future and continue unless stopped.

## 10. RELIEF SOUGHT

WHEREFORE, Plaintiff requests that this Court enter a judgment against the Defendants and award the following amounts:

(a) Costs of this action,

(b) Compensatory damages in favor of Plaintiff: **$1,702,000.00**

(c) Attorney  fees to the Plaintiff (The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988

(1976)),

(d) Punitive and exemplary damages in favor of Plaintiff to be decided by the jury,

(e) An ORDER from this court enjoining Defendants from engaging in racketeering activity,

(f) And, for such other relief as the court deems just and proper in the premises.



**DEMAND IS HEREBY MADE FOR A TRIAL BY JURY OF ALL ISSUES PRESENTED IN THIS**

**COMPLAINT TRIABLE TO A JURY.**



Dated this ___22___ day of January, 2010.


_Arthur Hirsch_____, Plaintiff *ex rel*

Arthur Hirsch *ex rel* UNITED STATES OF AMERICA

Private Attorney General

3121 Buffalo Road

Lawrenceburg, TN 38464

(931) 762-6999