IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ARTHUR HIRSCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CA NO. 2:10-cv-00134-HGD |
| | ) |
| WILLIAM G. MATHEWS, et al., | ) |
| | ) |
| Defendants. | ) |

BRIEF IN SUPPORT OF MOTION TO DISMISS OF
DEFENDANT DESIGNATED AS "ARDMORE POLICE DEPARTMENT"

A.   Introduction

This action was commenced on January 22, 2010 by the filing of a complaint in the United States District Court for the Northern District of Alabama. Among the parties named as a defendant by the plaintiffs was a defendant designated as the "Ardmore Police Department." The defendant designated as the "Ardmore Police Department" has filed a motion to dismiss on the basis that it does not constitute a legally suable entity. This brief is submitted in support of the motion to dismiss.

B.   The Defendant Designated as the "Ardmore Police Department" Does Not Constitute a Legal Entity Capable of Being Sued

In order to bring a maintainable claim in federal court under 42 U.S.C. § 1983, a plaintiff must assert a claim against an entity capable of being sued under the law

of the state in which the action is brought. "[C]apacity to be sued shall be determined by the law of the state in which the District Court is held . . ." Rule 17(b), Fed. R. Civ. P. Under Alabama law, it is only a municipality itself that has the capacity to sue and be sued, as opposed to agencies, departments or divisions of the municipality.

> *All municipal organizations now existing in the state of Alabama*, whether incorporated under the general laws of the state or by special act of the legislative department of the state government, *and now exercising corporate powers or functions and all towns and cities that may hereafter be incorporated under the provisions of this title shall be bodies politic and corporate*, using a common seal, which may at any time be changed, and having perpetual succession under the name now used or hereafter assumed as provided in this title, *and each under such name as the "City of ........" or "Town of ........,"* as the case may be, shall sue and be sued . . . .

§ 11-40-1, Code of Alabama (1975) (emphasis added). Although there appear to be no Alabama cases directly addressing the issue of whether a "police department" constitutes a legal entity capable of being sued, there is considerable analogous authority holding that a "sheriffs department does not constitute a legally suable entity. The Supreme Court so held in at least two instances. See King v. Colbert County, 620 So. 2d 623, 626 (Ala. 1993) (". . . King's complaint named the 'Colbert County Sheriff's Department' as a defendant. The Colbert County Sheriff's Department is not a legal entity. Therefore, one cannot maintain an action against

2

it."); White v. Birchfield, 582 So. 2d 1085, 1087 (Ala. 1991) ("The Chambers County Sheriff's Department is not a legal entity subject to suit. Therefore, a cause of action may not be maintained against the Chambers County Sheriff's Department.") The Eleventh Circuit has reached the same result. In Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992), the Eleventh Circuit considered the issue of whether a defendant designated as a "sheriff's department" constituted a legal entity subject to suit in federal court in Alabama. In Dean, the Eleventh Circuit held that the "Jefferson County Sheriff's Department" was not a legal entity subject to suit. 951 F.2d at 1214-15. In so holding, the Eleventh Circuit noted that both "sheriffs departments and police departments are not usually considered legal entities subject to suit." Id. at 1214.

Although the Alabama Supreme Court has not specifically considered the issue of whether an entity designated as a "police department" constitutes an entity capable of being sued under Alabama law, various federal district courts in Alabama have come to the conclusion that, like "sheriff's departments," a "police department" does not constitute a suable entity under Alabama law. See, e.g., Blunt v. Tomlinson, CA No. 04-0124-CG-M (S.D. Ala., April 1, 2009), 2009 WL 921093 at *4 ("In Alabama, a city's police department is not a suable entity or a proper party under state law or for § 1983 purposes"); Johnson v. Andalusia Police Department, 633 F.Supp. 2d

3

1289, 1301 (M.D. Ala. 2009) ("Johnson's claims against the Andalusia Police Department must fail because police departments are generally not considered legal entities subject to suit."); <u>Lee v. Wood</u>, CA No. 04-00710-BH-B (S.D. Ala., August 27, 2007), 2007 WL 2460756 at *7 ("Inasmuch as the City of Mobile Police Department is not a suable entity under Alabama law, the claim against defendant City of Mobile Police Department is frivolous and due to be dismissed.")

### C. Conclusion

The plaintiffs have not named a legally-suable entity as a defendant by their designation of the "Ardmore Police Department" as a defendant in this action. All claims against said defendant are due to be dismissed.

s/ George W. Royer, Jr.
George W. Royer, Jr.


s/ David J. Canupp
David J. Canupp

LANIER FORD SHAVER & PAYNE, P.C.
2101 West Clinton Avenue, Suite 102
Huntsville, AL 35805
Phone: 256-535-1100
Fax: 256-533-9322
E-mail: gwr@lanierford.com & djc@lanierford.com

Attorneys for Defendant designated as "Ardmore Police Department"

<u>CERTIFICATE OF SERVICE</u>

   I hereby certify that I have filed the foregoing upon with the Clerk of the Court using the CM/ECF system and that I have served a copy of the foregoing by depositing a copy of the same in the United States mail, postage prepaid and properly addressed to:

   Arthur Hirsch
   3121 Buffalo Road
   Lawrenceburg, TN  38464

on this the 12th day of March, 2010.

            <u>s/ George W. Royer, Jr.</u>
            George W. Royer, Jr.