**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE NORTHERN DISTRICT OF ALABAMA,
SOUTHERN DIVISION**

FILED

2010 MAR 17 P 1:22

S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| Arthur Hirsch, | : Civil Case No. CV-00134-HGD |
| *Plaintiff,* | : |
| *vs.* | : **AMENDED COMPLAINT** |
| WILLIAM G. MATHEWS, Ardmore (AL)Municipal | : **TRIAL BY JURY DEMANDED** |
| Court Judge, officially and individually, | : |
| *and* | : |
| SANDRA TUCKER, Ardmore (AL) Clerk- | : |
| Magistrate, officially and individually, | : |
| *and* | : |
| RICKY MITCHELL, Ardmore (AL) Mayor, | : |
| officially and individually, | : |
| *and* | : |
| BILLY RAY HALL, Ardmore (AL) Councilman, | : |
| officially and individually, | : |
| *and* | : |
| BILLY SHANNON, Ardmore (AL) Councilman, | : |
| officially and individually, | : |
| *and* | : |
| MELODY DUFFEY, Ardmore (AL) Councilwoman, | : |
| officially and individually, | : |
| *and* | : |
| MARY HOBBS, Ardmore (AL) Councilwoman, | : |
| officially and individually, | : |

Page 1 of 65

*and*
GEORGE "MOODY" KING, Ardmore (AL)                    :
  Councilman, officially and individually,            :
                                                      :
                                                      :
  *and*                                               :
                                                      :
WILLIAM M. OLIVER, Ardmore (AL) Police Chief,:
  officially and individually,                        :
                                                      :
  *and*                                               :
                                                      :
TRACY LUNA, Ardmore (AL) Police Officer,             :
  officially and individually,                        :
                                                      :
  *and*                                               :
                                                      :
TERRY JOHNSON, Ardmore (AL) Police Officer, :
  officially and individually,                        :
                                                      :
  *and*                                               :
                                                      :
JIM KENNEDY, Ardmore (AL) Police Officer,            :
  officially and individually,                        :
                                                      :
  *and*                                               :
                                                      :
ANDREW KING, Ardmore (AL) Police Officer,            :
  officially and individually,                        :
                                                      :
  *and*                                               :
                                                      :
CHADWICK ("CHAD") WISE, Ardmore (AL)                 :
  Town Attorney & Prosecutor, officially and          :
  individually,                                        :
                                                      :
  *and*                                               :
                                                      :
ROBERT COOK, Ardmore (AL) Jailer, officially         :
  and individually,                                   :
                                                      :
  *and*                                               :
                                                      :
ARDMORE POLICE DEPARTMENT,                           :

|                                           |   |
|-------------------------------------------|---|
| *and*                                     | : |
| MUNICIPALITY OF ARDMORE, ALABAMA,         | : |
| *and*                                     | : |
| WOOTEN TOWING & RECOVERY SERVICE,         | : |
| *Defendants.*                             | : |

## AMENDED COMPLAINT

COMES NOW, Plaintiff, Arthur Hirsch, without counsel or training in law, seeking redress of grievance by this action against all named Defendants, and other unnamed Defendants yet to be identified, for violations of his constitutionally secured rights, for the enforcement of Federal civil rights laws and Racketeer Influenced and Corrupt Organizations ("R.I.C.O.") laws, for civil injunctive and declaratory relief as this Court may deem necessary, and for damages, and states as follows:

### 1. STANDING

1.1. THAT since society is composed of individuals, it follows that protection of Plaintiff's individual constitutionally protected civil rights arguably becomes part of the public and government's interest and the Federal civil rights laws enacted thereby, which gives Plaintiff standing as a proper party in this action.

### 2. JURISDICTION – (FRCP 8(a)(1))

2.1. SUBJECT MATTER JURISDICTION: THAT Plaintiff hereby brings this action and invokes this court's subject matter jurisdiction under authority of –

(a) 18 U.S.C. § 1341, § 1343 - Mail and wire fraud.

(b) 18 U.S.C. § 1961(1)(A), (B) – Racketeering Activities

© 18 U.S.C. § 1964(a), © – Civil remedies (R.I.C.O.)

(d) 28 U.S.C. § 1331 – Federal question under the Constitution and Federal laws

(e) 28 U.S.C. § 1332(a)(1) – Diversity of citizenship; amount in controversy; costs

(f) 28 U.S.C. § 1343(a)(1), (2), (3), (4) – Civil rights and elective franchise

(g) 28 U.S.C. § 1366 – Construction of references to laws of the United States or Acts of Congress

(h) 28 U.S.C. § 2201 – Declaratory and injunctive relief as deemed necessary

(I) 42 U.S.C. § 1983 – Civil action for deprivation of rights

(j) 42 U.S.C. § 1985(2), (3) – Conspiracy to interfere with civil rights; obstruction of justice; deprivation of rights

(k) 42 U.S.C. § 1986 – Action for neglect to prevent

(l) 42 U.S.C. § 1988(a), (b), ( c) – Proceedings in vindication of civil rights

(m) U.S. Constitution, Article III, Section 2, First, Second, Fourth, Fifth, Sixth, Seventh, Ninth and Fourteenth Amendments thereto

2.2. *IN PERSONAM* JURISDICTION: THAT this Court has jurisdiction, subject to Complaint service, over all Defendants as all Defendants are known to have committed the acts herein described within the geographic boundaries of the Northern Alabama District.

2.3. SUPPLEMENTAL JURISDICTION:

2.3.1. STATE CLAIMS: THAT Plaintiff also invokes supplemental jurisdiction of this Court over his state claims against Defendants for common law violations pursuant to 28 U.S.C. §1367 as the common law claims form part of the same case or controversy.

2.3.2. DECLARATORY JUDGMENT: THAT jurisdiction to grant declaratory judgment

is

conferred by 28 U.S.C. §§ 2201, 2202.

2.3.3. ATTORNEY'S FEE AWARD: THAT an award of costs and attorney's fees is
authorized pursuant to 18 U.S.C. § 1964© and 42 U.S.C.§ 1988.

### 3. VENUE

3.1. Venue is proper pursuant to 28 U.S.C. § 1391(b) in that the Plaintiff's claims arose in the
Northern Alabama District.

### 4. PARTIES

4.1.    THAT private party Plaintiff is domiciled now, and at all relevant times hereto, in the City
of Lawrenceburg, Lawrence County, Tennessee.

4.2.    THAT upon knowledge and belief, and at all times mentioned, each defendant is a natural
or corporate citizen of the State of Alabama.

### 5. STATEMENT OF THE CASE

5.1.    THAT this action seeks redress for damages sustained by Plaintiff and arising from unlawful
acts and omissions by the Defendants who, under color of law, knowingly, intentionally and
willfully subjected Plaintiff, and caused him to be subjected, to the deprivation of his rights,
privileges and immunities secured by the Constitution and laws of the United States. Said acts
include those committed with the threatened use of a dangerous weapon. Under the guise and
pretext of "enforcing da law" in their corrupt "kangaroo"[1] municipal court system Defendants totally

---

[1]**Kangaroo court** defined:

*Black's Law Dictionary, 6th Edition, page 868*

Term descriptive of a sham legal proceeding in which a person's rights are totally disregarded and in which the result
is a foregone conclusion because of the bias of the court or other tribunal.

*Webster's Seventh New Collegiate Dictionary, page 462*

disregarded Plaintiff's constitutionally secured civil rights numerous times, abandoned all principles of law and justice, and employed a scheme to defraud him of his money and his personal liberty, and knowingly and intentionally participated in said scheme by use of the instruments of communication in interstate commerce and the U.S. mails in furtherance of said scheme in the matter of *MUNICIPALITY OF ARDMORE v. Arthur Hirsch* (Case No. MC09-71), commenced July 26, 2009 in the Ardmore Municipal Court, Town of Ardmore, Limestone County, Alabama. Defendants willfully and intentionally planned, conspired, connived, coordinated and executed sham court proceedings without subject matter jurisdiction which robbed Plaintiff of fair and impartial justice, his time and money, and obstructed justice. They did use the wires and the mails to perpetuate their said color of law operation in the furtherance of their scheme's pattern of activities.

5.2. THAT Defendants' violations against Plaintiff's constitutionally secured rights described below are believed to be a part of their widespread predatory-profiteering scheme, pattern, practice, acts and course of conduct directed against Plaintiff and other American Citizens within what may be called, Ardmore's spider's web-like "commercial (revenue generating) and constitution-free zone," i.e.,the city limits and environs, in order to obtain money and seize property by unlawful means under color of law. As an example, Defendants' words and deeds made it clear to Plaintiff early on that he was immediately presumed "guilty" and his ultimate conviction was a foregone conclusion, even before arraignment, hearings, evidence or trial.

5.3. THAT creating and maintaining cash flow from unjust, "rigged" prosecutions, a/k/a "judicial lynchings" and "kangaroo court" convictions, is the primary objective of Defendants' scheme

---

(1) A mock court in which the principles of law and justice are disregarded or perverted, (2) A court characterized by irresponsible, unauthorized, or irregular status or procedures.

enterprise. Conviction fines, fees, unlawful bail overcharges, monetized seized property, etc. all go to fund the Defendants' paychecks or compensation for services and to provide interest free loans for their municipal employer/benefactor. It is apparent that an inherent, self-serving conflict of interest exists because Defendants, with one possible exception, are all on the same municipal payroll and have a vested pecuniary interest in the outcome of every prosecution, namely, job security.

5.4.    THAT Defendants hide behind Ardmore's municipal corporate veil and operate their scheme under color of law, smugly presuming that they have no personal accountability for their acts and omissions and that they are immune from prosecution. Said scheme activities include, but are not limited to, revenue enhancement shakedowns at traffic stops and checkpoints affecting interstate commerce ("fishing" for ticket excuses), unlawful seizures of private property, extortion, interstate wire and mail fraud, illegal bail overcharges, mock trial prosecutions without juries (judicial lynching), without due process, without equal protection of the laws, without compulsory process, without following statutory rules of criminal procedure, imposing unconstitutional imprisonment for debt, etc.

5.5.    THAT the Ardmore municipal court falsely portrays to the public that it is a bona fide judicial institution when, in fact, it is not. It is an administrative arbitration board under executive control, operating as a "cash cow," and plays a key role in the overall extortion scheme. Constitutionally protected rights are routinely denied and violated in Defendants' municipal court proceedings. This gross injustice needs to stop and this evil practice put to an end, thus protecting the rights of other Citizens similarly situated.

5.6.    THAT Plaintiff has observed that lies, theft, threats, intimidation and hypocrisy have been

a routine pattern employed by Defendants in his above-referenced case resulting in damages to his

secured civil rights, person and property.

## 6. CHRONOLOGY OF EVENTS

● **JULY 26, 2009.**

6.1.     THAT on July 26, 2009, Plaintiff was arrested without warrant and without probable cause on private property, searched, handcuffed, transported to police station, jailed for about 11 hours, booked and released. Initial appearance/arraignment was scheduled for August 12, 2009 at 8:30 a.m.

● **AUGUST 3, 2009.**

6.2.     THAT on August 3, 2009 Plaintiff returned to police station. He obtained some documents and was denied others. Magistrate refused to issue subpoenas on his behalf and refused to provide governmental documents upon his request.

● **AUGUST 7, 2009.**

6.3.     THAT on or about August 7, 2009 judge continued the arraignment to August 26, 2009 without good cause shown.

● **AUGUST 26, 2009.**

6.4.     THAT on August 26, 2009, Plaintiff did appear specially in court and challenged subject matter jurisdiction. Local S.W.A.T. Team intimidated Plaintiff as he entered courthouse. No arraignment was conducted. Judge tried unsuccessfully to commence a surprise trial. Arraignment scheduled for September 23, 2009 at 8:30 a.m.

● **SEPTEMBER 23, 2009.**

6.5.     THAT on September 23, 2009, Plaintiff did again appeared specially. Judge refused to prove jurisdiction and entered "not guilty" plea over Plaintiff's protest. Judge ordered Plaintiff to silence and sent him out of the court room so he could not defend himself or make the record. Trial date set for October 28, 2009 at 8:30 a.m.

● **OCTOBER 14, 2009.**

6.6.     THAT on or about October 14, 2009 Plaintiff did send a notice to town mayor and council members by certified mail titled, NOTICE OF JUDICIAL MISCONDUCT and DEMAND FOR DISMISSAL OF JUDGE WILLIAM G. MATHEWS, detailing Defendant's violation of his civil rights and requested judge's dismissal from the aforementioned case for cause, which was ignored.

● **OCTOBER 22, 2009.**

6.7.     THAT on or about October 22, 2009 Plaintiff did send a NOTICE OF MAGISTRATE TUCKER'S MISCONDUCT and MOTION TO DISMISS FOR LACK OF JURISDICTION by certified mail to town mayor, council members, prosecutor and judge, detailing Defendant's misconduct, which was ignored.

- **OCTOBER 28, 2009.**
6.8.    THAT trial was continued on Plaintiff's request due to a medical emergency.  Trial was rescheduled to December 2, 2009.

- **NOVEMBER 23, 2009.**
6.9.    THAT on or about November 23, 2009 Plaintiff did send by certified mail a civil counterclaim (complaint) and completed summons to defendant, SANDRA TUCKER, to enter into the docket and process.  She refused to enter said documents into the court record.

- **NOVEMBER 30, 2009.**
6.10.    THAT prosecutor, two days before trial,  unilaterally (without notice or leave of court) continued trial for two months to January 27, 2009 without court order, without motion, for vague reason suspected for purposes of delay.

- **JANUARY 22, 2010.**
6.11.    THAT Plaintiff filed a federal civil rights violations and R.I.C.O. lawsuit against Defendants in U.S. District Court, Birmingham, Alabama.

- **JANUARY 26, 2010.**
6.12.    THAT Defendants received a copy of Plaintiff's said federal lawsuit as an attachment to a NOTICE AND DEMAND which he filed in to the record with court clerk, SANDRA TUCKER.

- **JANUARY 27, 2010.**
6.13.    THAT Plaintiff's case was dismissed.  Motion For Entry Of Nol Prosequi (**EXHIBIT A**) was entered into the court record by prosecutor CHAD WISE.  Judge MATHEWS   granted prosecutor's  motion by Order (**EXHIBIT B**).

## 7. CAUSES OF ACTION:[2]
## FACTS ENTITLING PLAINTIFF TO SUSTAIN ACTION

**JULY 25-26, 2009**

### *ARREST & IMPRISONMENT*

---

2

Definition: **Cause of action**.  The fact or facts which give a person a right to judicial redress or relief against another.  The legal effect of an occurrence in terms of redress to a party to the occurrence.  A situation or state of facts which would entitle party to sustain action and give him right to seek a judicial remedy in his behalf.  Thompson v. Zurich Ins. Co., D.C.Minn., 309 F.Supp. 1178, 1181.  Fact, or a state of facts, to which law sought to be enforced against a person or thing applies.  Facts which give rise to one or more relations of right-duty between two or more persons.  Failure to perform legal obligation to do, or refrain from performance of, some act.  Matter for which action may be maintained.  Unlawful violation or invasion of right.  The right which a party has to institute a judicial proceeding.  *Black's Law Dictionary, 6th Edition, Page 221.*

7.1. THAT on July 25, 2009 at approximately 11:50 p.m., Plaintiff was traveling in his automobile and turned off Ala. Hwy #53 (north) into a private business parking lot (M.E.W.S. Lighting & Bath) outside the Town of Ardmore, Alabama city limits to make a cell phone call. He slowly turned around in said parking lot and, while still moving forward with the car engine still running and lights on, was seized upon and arrested by the defendant police officer as described below.

7.2. THAT Plaintiff had not committed a felony, nor was he in the process of committing a felony, nor had he breached the peace. He was within his constitutionally secured right to liberty (freedom of movement/locomotion/travel unrestricted), to freedom of speech (the right to freely speak and communicate with whomever he pleased without government interruption or interference), and to privacy.

7.3. THAT defendant TRACY LUNA, a purported police officer, happened to be situated approximately 75 yards from said parking lot and saw Plaintiff slowly turning his car around therein. He then, with his lights flashing, hastily drove over to where Plaintiff had just turned around his automobile and blocked his continuing egress with his patrol car forcing him to stop, thus violating and damaging his unalienable rights to liberty and to privacy, to freedom from unreasonable seizure and false arrest[3] and imprisonment without a warrant and without probable cause.

## COUNT 1: VIOLATION OF RIGHT TO LIBERTY

Plaintiff incorporates by reference all allegations in paragraphs 7.1-7.3 above as if fully set forth herein at length at this place.

---

3

Definition: **Arrest.** [A]ll that is required for an "arrest is some act by officer indicating his intention to **detain** or take person into custody and thereby subject that person to the **actual control and will of the officer**; no formal declaration of arrest is required. *Black's Law Dictionary, 6th Edition, Page 110.*

On or about the night of July 25-26, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) TRACY LUNA, did engage in unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT TO LIBERTY/MOVEMENT/TRAVEL (9th Amendment; Ala. Const., Art. I, Sec. 1), which are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

The above referenced acts are contrary to and in violation of *42 U.S.C. § 1983; U.S. Constitution, Ninth Amendment; Alabama Constitution (1901), Article I, Sections 1 and 36.*

## COUNT 2: VIOLATION OF RIGHT TO PRIVACY

Plaintiff incorporates by reference all allegations in paragraphs 7.1-7.3 above as if fully set forth herein at length at this place.

On or about the night of July 25-26, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) TRACY LUNA, did engage in unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT TO PRIVACY (9th Amendment), which are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

The above referenced acts are contrary to and in violation of *42 U.S.C. § 1983; U.S. Constitution, Ninth Amendment; Alabama Constitution (1901), Article I, Section 36.*

## COUNT 3: VIOLATION OF RIGHTS SECURED BY THE FOURTH AMENDMENT

Plaintiff incorporates by reference all allegations in paragraphs 7.1-7.3 above as if fully set forth herein at length at this place.

On or about the night of July 25-26, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) TRACY LUNA, did engage in unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT TO BE SECURE FROM UNREASONABLE SEARCH

AND SEIZURE, which are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his said constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

The above referenced acts are contrary to and in violation of *42 U.S.C. § 1983; U.S. Constitution, Fourth Amendment; Alabama Constitution (1901), Article I, Sections 5 and 36; Ala. Stat § 32-5-171; Ala. Stat. § 15-10-3; Ala. Rules of Criminal Procedure, Rule 4.1(a)(1)(I), (ii), (iii).*

### COUNT4: FALSE ARREST AND FALSE IMPRISONMENT

Plaintiff incorporates by reference all allegations in paragraphs 7.1-7.3 above as if fully set forth herein at length at this place.

On or about the night of July 25-26, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) TRACY LUNA, did engage in wrongful and unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally secured right(s) under the FOURTH AMENDMENT, and are offenses under state tort and/or common law, to wit, FALSE ARREST AND FALSE IMPRISONMENT. Said wrongful and unlawful acts are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his person by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine, for the offense of FALSE ARREST.

Plaintiff has been damaged in his person by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine, for the offense of FALSE IMPRISONMENT.

The above referenced wrongful and unlawful acts are contrary to and in violation of *42 U.S.C. § 1983; U.S. Constitution, Fourth and Ninth Amendments; Alabama Constitution (1901), Article I, Sections 1, 5, 35 and 36; English Common Law as adopted by State of Alabama at Ala. Stat. § 1-3-1.*

7.4.    THAT LUNA bolted from his patrol car and hustled up to Plaintiff's car window and began

making demands for Plaintiff's ID, forcing him to abruptly terminate his communication with his

91 year old mother, who is not in good health, without time to explain to her what was happening,

which he learned later, caused her great emotional distress. Plaintiff was damaged in the violation

of his constitutionally secured right to free speech.

## COUNT 5: VIOLATION OF RIGHT TO FREE SPEECH

Plaintiff incorporates by reference all allegations in paragraph 7.4 above as if fully set forth herein at length at this place.

On or about the night of July 25-26, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) TRACY LUNA, did engage in unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT TO FREE SPEECH, which are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

The above referenced acts are contrary to and in violation of *42 U.S.C. § 1983; U.S. Constitution, First Amendment; Alabama Constitution (1901), Article I, Sections 4 and 36.*

7.5.    THAT Plaintiff asked LUNA several times to state the probable cause for his arrest, but he

refused to answer him.

7.6.    THAT LUNA did not informed Plaintiff of his authority or the cause of arrest upon

approaching him as required under the **Alabama Rules of Criminal Procedure, Rule 4.1(a)(2).**

7.7.    THAT Plaintiff asked LUNA whether any document of identification he might provided him

or any statement he might make could be used against him in criminal court proceedings. LUNA

answered, "No, of course not." Knowing this to be untrue and a ruse, Plaintiff then told LUNA that

he had been advised by counsel to never talk to police or to answer any of their questions under any

circumstances, but to remain silent when interrogated in exercise of his right not to incriminate

himself.

7.8.    THAT LUNA became angry, ordered Plaintiff to get out of his car (which he did), and called defendant TERRY JOHNSON ("JOHNSON"), purported police officer, for backup.

7.9.    THAT JOHNSON shortly arrived on the scene in his patrol car and immediately peppered Plaintiff with questions. Plaintiff told him the same thing he had told LUNA about exercising his right to remain silent. JOHNSON ignored Plaintiff's stated intent to remain silent and continued badgering him with questions, trying to get something on him to justify a charge to generate more revenue.

## JULY 26, 2009

### *CUSTODIAL ARREST*

7.10.    THAT around 12:10 a.m. on July 26, 2009, JOHNSON became frustrated and told LUNA that they should go ahead and make a custodial arrest because Plaintiff would not talk and answer his questions or provide ID.

7.11.    THAT JOHNSON did not inform Plaintiff of his authority at any time during his arrest as mandated by statute under the **Alabama Rules of Criminal Procedure, Rule 4.1(a)(2)**.

7.12.    THAT JOHNSON moved to take Plaintiff into custody, and with his hand on his gun, demanded in a loud, threatening manner to know if he was armed. Plaintiff, fearing for his personal safety and for his life, yielded to his extortion and answered, "yes." LUNA then reached into Plaintiff's pant pocket and seized his .22 cal. pocket pistol which he carried by right (not privilege) for self defense and for the protection of family members in keeping with his deeply held religious convictions (see **Luke 22:36** and **I Timothy 5:8**, etc. for Plaintiff's biblical authority). Plaintiff was damaged in his constitutionally secured civil rights (a) to remain silent and not to be *compelled* to speak by the use of a deadly weapon, (b) to bear arms, © to be secure in his person and property from

Page 14 of 65

unreasonable search and seizure, and (d) to enjoy religious freedom, i.e., *"[T]hat the civil rights, privileges, and capacities of any citizen shall not be in any manner affected by his religious principles." **Ala. Const., Art. I, Sec. 3.** "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." **U.S. Constitution, 9th Amendment.** "The claim and exercise of a constitutional right cannot be converted into a crime."*

***Miller v. United States, 230 F.2d 486, 490 (5th Cir. 1956)***

7.13. THAT Plaintiff was further damaged by JOHNSON's and LUNA's act of arresting him and seizing his sole means of self defense on private property as described above, without a warrant, and without probable cause, in the amount of $900.00 for the lost use of said pistol for self defense. (Note: Plaintiff's pistol was return when his municipal court case was dismissed.)

7.14. THAT JOHNSON did use a dangerous weapon and threatened lethal force to extort Plaintiff against his will to subvert his right to silence and give evidence against himself.

## COUNT 6: VIOLATION OF RIGHT OF NON-SELF INCRIMINATION

Plaintiff incorporates by reference all allegations in paragraphs 7.10-7.14 above as if fully set forth herein at length at this place.

On the night of July 26, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) TRACY LUNA and TERRY JOHNSON, did engage in unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT OF NON-SELF INCRIMINATION (5th Amendment), which are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right by said Defendants' action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

The above referenced acts are contrary to and in violation of *42 U.S.C. § 1983; U.S. Constitution, Fifth Amendment; Alabama Constitution (1901), Article I, Sections 6 and*

*36.*

## COUNT 7: VIOLATION OF RIGHT AGAINST UNREASONABLE SEARCH & SEIZURE

Plaintiff incorporates by reference all allegations in paragraphs 7.10-7.14 above as if fully set forth herein at length at this place.

On the night of July 26, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) TRACY LUNA and TERRY JOHNSON, did engage in unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT AGAINST UNREASONABLE SEARCH & SEIZURE (4th Amendment), which are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right by said Defendants' action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

The above referenced acts are contrary to and in violation of *42 U.S.C. § 1983; U.S. Constitution, Fourth Amendment; Alabama Constitution (1901), Article I, Sections 5 and 36.*

### COUNT 8: VIOLATION OF RIGHT OF RELIGIOUS FREEDOM

Plaintiff incorporates by reference all allegations in paragraphs 7.10-7.14 above as if fully set forth herein at length at this place.

On the night of July 26, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) TRACY LUNA and TERRY JOHNSON, did engage in unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT OF RELIGIOUS FREEDOM, which are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right by said Defendants' action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

The above referenced acts are contrary to and in violation of *42 U.S.C. § 1983; U.S.*

*Constitution, First Amendment; Alabama Constitution (1901), Article I, Sections 3 and 36.*

## COUNT 9: VIOLATION OF RIGHT TO BEAR ARMS

Plaintiff incorporates by reference all allegations in paragraphs 7.10-7.14 above as if fully set forth herein at length at this place.

On the night of July 26, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) TRACY LUNA and TERRY JOHNSON, did engage in unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT TO BEAR ARMS WITHOUT INFRINGEMENT, which are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

Plaintiff has been damaged in his property by said Defendants' action(s) and/or omission(s) in the amount of $900.00 (the cost for loss of use at $5.00/day – total to be determined by jury), or a sum greater or lesser as a jury should determine.

The above referenced acts are contrary to and in violation of *42 U.S.C. § 1983; U.S. Constitution, Second and Ninth Amendments; Alabama Constitution (1901), Article I, Sections 26 and 36.*

## *REASON FOR ARREST CHANGED*

7.15. THAT JOHNSON changed the cause of Plaintiff's custodial arrest from not answering

questions and remaining silent with respect to providing I.D., to carrying a concealed weapon. *"The*

*claim and exercise of a constitutional right cannot be converted into a crime." Miller v. United*

*States, 230 F.2d 486, 490 (5th Cir. 1956)*

7.16. THAT at no time throughout Plaintiff's arrest scenario was he ever read or informed of any

of his constitutionally protected rights by Defendants.

7.17. THAT Plaintiff demanded to be taken to a magistrate immediately without delay upon his custodial arrest for a probable cause determination hearing, but LUNA and JOHNSON refused.

7.18. THAT at no time did Plaintiff resist arrest, but was always passive and cooperative.

### *HANDCUFFING*

7.19. THAT JOHNSON angrily handcuffed Plaintiff's wrists very tightly behind his back causing him pain and inflicting injury to his wrists. Deep handcuff marks were left in his flesh when the handcuffs were finally removed about 30 minutes later.

7.20. THAT JOHNSON loudly shouted repeatedly, "don't resist!," "don't resist!," as he handcuffed Plaintiff, perhaps hoping he could trump up another revenue generating charge against him for the Ardmore racketeering enterprise. At no time did Plaintiff ever resist JOHNSON.

7.21. THAT neither LUNA nor JOHNSON had any reason from Plaintiff's conduct or language to fear for their safety that would warrant him being handcuffed. As stated above he had not committed a felony nor breach of the peace, nor did he exhibit a violent temperament. He made no verbal threats, nor did he offer any physical resistance or retaliation. Nevertheless, his wrists were cuffed and tighten excessively by JOHNSON with no effort being made to resist him. When directed to sit down in the police car, Plaintiff complied without physical resistance.

### *ASSAULT AND BATTERY*

7.22. THAT Plaintiff has learned that under the English common law, adopted by the State of Alabama (see **Ala. Statute § 1-3-1***)*, handcuffing is justified only where one has attempted escape or

has exercised violence toward the officer.[4] Thus, the unwarranted and hurtful use of handcuffs under

the common law is regarded as an *assault and battery*.

## COUNT 10: ASSAULT AND BATTERY; AGGRAVATED ASSAULT AND BATTERY

Plaintiff incorporates by reference all allegations in paragraphs 7.15-7.22 above as if fully set forth herein at length at this place.

On July 26, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) TRACY LUNA and TERRY JOHNSON, did engage in the wrongful and unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally secured rights under the FOURTH AND NINTH AMENDMENTS, and are offenses under state tort and/or common law, to wit, ASSAULT AND BATTERY and AGGRAVATED ASSAULT AND BATTERY. Said wrongful and unlawful acts are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine for the offense of ASSAULT AND BATTERY.

Plaintiff has been damaged in his person by said Defendants' action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine for the offense of AGGRAVATED ASSAULT AND BATTERY.

The above referenced wrongful acts are contrary to and in violation of *42 U.S.C. § 1983; U.S. Constitution, Fourth and Ninth Amendments; Alabama Constitution (1901), Article I, Sections 1, 5, 35 and 36; English Common Law as adopted by State of Alabama at Ala. Stat. § 1-3-1.*

## *CAR SEIZURE AND IMPOUNDMENT*

7.23. THAT after being tightly handcuffed, shouted at and humiliated, JOHNSON put Plaintiff

---

4

See *Blackstone's Commentaries*, Vol. 4, Chapter XXI, p. 292; *Orick v. State*, 140 Miss. 184, 105 So. 465, 470 (1925), citing, *Kurtz v. Moffitt*, 115 U.S. 487, 499 (1885).

into the back seat of LUNA's patrol car where he was made to wait for 20-30 minutes in great discomfort, while LUNA conducted a general exploratory search of Plaintiff's seized automobile before having it towed away by fellow conspiring racketeer, unnamed Defendant of WOOTEN TOWING & RECOVERY SERVICE, who later bragged about how lucrative the towing business was for him in the Town of Ardmore. LUNA had no constitutional authority to seize and impound Plaintiff's car (property) from off private property, which cost him $105.00 to get released from the impound lot later that day. His car was not impeding traffic or endangering anyone and was not the subject of the alleged offense or evidence in the commission of a crime. Plaintiff was damaged in his constitutionally secured right to be secure from unreasonable search and seizure, in his property in the amount of the impoundment fee, and the cost of the wrongful loss of use of his property.

## COUNT 11: VIOLATION OF RIGHTS SECURED UNDER THE FOURTH AMENDMENT; TRESPASS TO CHATTELS, JOINT TRESPASS, TRESPASS DE BONIS ASPORTATIS, TRESPASS VI ET ARMIS

Plaintiff incorporates by reference all allegations in paragraph 7.23 above as if fully set forth herein at length at this place.

On the night of July 26, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) TRACY LUNA, TERRY JOHNSON, unnamed defendant d/b/a WOOTEN TOWING & RECOVERY SERVICE, did engage in the wrongful and unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally secured right(s) under the FOURTH AMENDMENT (unlawful search and seizure of Plaintiff's car), and are offenses under state tort and/or common law, to wit, TRESPASS TO CHATTELS, JOINT TRESPASS, TRESPASS DE BONIS ASPORTATIS, and TRESPASS VI ET ARMIS, with respect to Plaintiff's car and gun. Said wrongful and unlawful acts are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right(s) under the FOURTH AMENDMENT by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

Plaintiff has been damaged in his property by said Defendants' action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine for each offense of TRESPASS, i.e., TRESPASS TO CHATTELS, JOINT TRESPASS, TRESPASS DE BONIS ASPORTATIS, TRESPASS VI ET ARMIS, or $100,000.00.

The above referenced wrongful and unlawful acts are contrary to and in violation of *42 U.S.C. § 1983; U.S. Constitution, Fourth and Ninth Amendments; Alabama Constitution (1901), Article I, Sections 1, 5, 35 and 36; English Common Law as adopted by State of Alabama at Ala Stat. § 1-3-1.*

## *PAIN AND SUFFERING; UNHYGIENIC, UNSANITARY & UNSAFE INCARCERATION*

7.24. THAT Plaintiff experienced pain and suffering for about 20-30 minutes while cramped in back seat of LUNA's patrol car. His wrists hurt from the tight handcuffs and the leg room was scant since the patrol car front seat had been pushed far rearward within a few inches of the back seat. Plaintiff has been damaged his person in the amount of $50,000.00 for pain and suffering by said Defendant's actions.

7.25. THAT Plaintiff was transported to the Ardmore jail after LUNA ransacked his car and had it towed and impounded where he was held for about eleven hours, booked, and subjected to numerous indignities and humiliation before his release including, but not limited to, (a) he was placed in an unsanitary jail cell which contained a smelly stainless steel toilet that did not work and contained old, scummy urine from previous prisoners, and feces that could not be flushed away, (b) the lavatory water pressure was low and no personal hygiene items, like soap or toilet paper, were provided in the cell when he was incarcerated, (c) the jail environment reeked of tobacco smoke and was offensive to him as a non-smoker and irritated his respiratory system. Plaintiff was damaged in his <u>liberty</u>, his person, and his health in the amount of $850,000.00 for the irretrievable time he spent

falsely incarcerated.

7.26. THAT defendant JIM KENNEDY ("KENNEDY") and jailer ROBERT COOK ("COOK") smoked in Plaintiff's presence. Other police department personnel (unnamed defendants) that could not see or identify from his jail cell may have contributed to the smoke laden environment, too.

## *BOOKING*

7.27. THAT defendant police officer, ANDREW KING ("KING"), assisted LUNA with the incarceration procedures when jailing Plaintiff and signed off as witness on the envelope containing Plaintiff's personal property that was seized from him without due process and without probable cause upon his arrival at the police station. Said personal property that was seized included wallet, cash and debit cards, wrist watch, handkerchiefs, cell phone with case, ink pen, glasses, misc. papers, belt, and shoes. KING trespassed against Plaintiff's civil rights secured under the *U.S. Constitution, Fourth Amendment* and damaged him therein.

7.28. THAT Plaintiff initially refused to give his consent to being "booked" because he had not been able to obtain assistance of counsel to advise him of his rights, nor had he been taken before the magistrate for a probable cause hearing as he had demanded, which would have made the booking process unnecessary if no probable cause was found.

7.29. THAT defendant COOK intimidated and tried to coerce Plaintiff against his will by extortion, i.e., threatening him with *life imprisonment* (without due process of law) if he did not cooperated with the police in giving them his full identification and consent to being booked and fingerprinted. COOK trespassed upon and damaged Plaintiff's constitutionally secured right to non-self

incrimination (remain silent) by using extortion to compel him against his will to consent to booking

and fingerprinting without assistance of counsel or going before a magistrate as requested.

7.30. THAT LUNA refused to give Plaintiff a copy of the complaint or the police report per his

request during his incarceration in violation of his civil rights secured under *Alabama Constitution*

*(1901), Article I, Section 6 and 36* and thereby damaging him.

## COUNT 12: VIOLATION OF RIGHT TO LIBERTY

Plaintiff incorporates by reference all allegations in paragraphs 7.24 - 7.30 above as if fully set forth herein at length at this place.

On the night of July 26, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) TRACY LUNA, TERRY JOHNSON, ANDREW KING, ROBERT COOK, JIM KENNEDY, and other yet unidentified defendants, did engage in unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT TO LIBERTY (9th Amendment), which are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right(s) and in his person by said Defendants' action(s) and/or omission(s) in the amount of $850,000.00 or a sum greater or lesser as a jury should determine.

The above referenced wrongful acts are contrary to and in violation of *42 U.S.C. § 1983; U.S. Constitution, Ninth Amendments; Alabama Constitution (1901), Article I, Sections 1, 5, 35 and 36.*

## *RELEASE*

7.31. THAT on Sunday morning, July 26, 2009, Plaintiff was released after finally consenting to

being booked and fingerprinted. However, KENNEDY would not give him a copy of the complaint,

or police report, or receipt for his seized .22 cal. pocket pistol, per his request before leaving the

police station for the magistrate's office. Plaintiff was damaged in his civil right to be informed of

the nature and cause of his accusation and to have a copy thereof per **U.S. Constitution, Sixth Amendment, and Alabama Constitution (1901), Article I, Section 6 and 36.**

## MAGISTRATE'S BAIL OVERCHARGE / THEFT OF SERVICES

7.32. THAT upon Plaintiff's said release from jail KENNEDY took him before Ardmore clerk-magistrate, defendant SANDRA TUCKER ("TUCKER"), at the town hall, located at 26494 1st Street, Ardmore, Alabama, who executed an appearance bond agreement, set bail at $750 and took receipt of cash for the same amount, and scheduled an arraignment for 08/12/09 at 8:30 a.m. at the Ardmore Municipal Court. Plaintiff's friend, Col. George Nelson (USAF, Retired), from Huntsville, AL was witness to all that transpired.

7.33. THAT TUCKER conspired with the other defendants against Plaintiff's civil rights and knowingly failed to perform and violated her duty as magistrate. She did not follow procedure and issued said appearance bond agreement, set bail, and scheduled arraignment without any legal grounds for her actions, i.e., (i) _without_ making a probable cause determination, (ii) _without_ receiving a complaint copy made out by either LUNA or JOHNSON, the arresting officers, (iii) _without_ receiving an affidavit of probable cause from either LUNA or JOHNSON, (iv) _without_ her taking any testimony that the alleged offense had been committed or that Plaintiff committed it, (v) _without_ her receiving and reviewing any verified evidence provided by either of defendant arresting police officers, (vi) _without_ her reading or informing Plaintiff of the charge against him and its nature, (vii) _without_ citing to Plaintiff the law that he allegedly violated and whether it was a state statute or municipal ordinance, (viii) _without_ her giving Plaintiff the source or authority for the alleged violated law, (ix) _without_ her informing Plaintiff of his rights (e.g., his constitutionally

secured right to assistance of counsel), and (x) *without* providing Plaintiff with a copy of the complaint since it was non-existent at that time (note: it was not issued until five days after his release from jail on 07/31/09) (**EXHIBIT C**). TUCKER trespassed on Plaintiff's rights and damaged him in his rights secured under the Constitution, including, but not limited to, the right to due process, the right to equal protection of the laws, and the numerous rights of the accused in criminal proceedings (*Fourth, Fifth, Fourteenth Amendments; Ala. Const., Art. I, Sec. 6 and 36*).

7.34.   THAT TUCKER knowingly and intentionally overcharged Plaintiff by an amount of $450.00 for the appearance bond; therefore, she did engaged in embezzlement and theft of service[5]. The **Alabama Rules of Criminal Procedure, Rule 4.3(a)(1)(iii)** and **Rule 7.2(b)** state, that without a probable cause determination, TUCKER was only authorized to charge Plaintiff $300.00 bail, *not* $750.00 bail. Thus, she charged him $450.00 more than was allowed by law and appropriated it illegally for use by her employer, Town of Ardmore. Plaintiff was damaged in his right to due process and equal protection of the laws, and in his property for $450.00, plus cost of lost economic opportunity, plus interest.

7.35.   THAT TUCKER did also commit the crime of and damaged Plaintiff by theft of property in the second degree on the same above date in the aforementioned case by knowingly obtaining unauthorized control over his property ($450.00 overcharge) through deception, false pretense and embezzlement in violation, again, of **Rule 4.3(1)(1)(iii)** and **Rule 7.2(b)**, with the intent to deprive him of his property for the benefit of the Ardmore racketeering enterprise (see **Ala. Stat. § 13A-8-2(2)**

---

[5]Definition:

**Theft of service**. obtaining services from another by deception, threat, coercion, stealth, mechanical tampering or use of false token or device. Black's Law Dictionary, 6th Edition, Page 1477.

definition). Plaintiff was damaged, again, in his constitutionally secured right to due process and equal protection of the laws, and in his property for $450.00, plus cost of lost economic opportunity, plus interest.

7.36. THAT Plaintiff believes that TUCKER's intent to unlawfully deprive him of his property is supported by the fact that she refused to return said $450.00 embezzled funds to him upon notice.

## COUNT 13: VIOLATION OF RIGHT TO DUE PROCESS AND EQUAL PROTECTION

Plaintiff incorporates by reference all allegations in paragraphs 7.31 - 7.36 above as if fully set forth herein at length at this place.

On July 26, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) SANDRA TUCKER, did engage in wrongful and unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT TO DUE PROCESS and RIGHT TO EQUAL PROTECTION OF THE LAWS, which are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

Plaintiff has been damaged in his property by said Defendant's action(s) and/or omission(s) for the cost of lost economic opportunity of $450.00 (to be determined by jury), plus interest, or a sum greater or lesser as a jury should determine.

The above referenced unlawful acts are contrary to and in violation of *42 U.S.C. § 1983; U.S. Constitution, Fifth and Fourteenth Amendments; Alabama Constitution (1901), Article I, Sections 6 and 36; Ala. Rules of Crim. P., Rule 4.3(1)(1)(iii) and Rule 7.2(b).*

## COUNT 14: THEFT OF SERVICES; THEFT OF PROPERTY IN THE SECOND DEGREE

Plaintiff incorporates by reference all allegations in paragraphs 7.31 - 7.36 above as if fully set forth herein at length at this place.

On July 26, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s), SANDRA TUCKER, did engage in the wrongful and unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally secured right(s) under the NINTH AMENDMENT (right to expect ethical behavior by public servants), and are offenses under state tort and/or common law, to wit, THEFT OF SERVICES, EMBEZZLEMENT, THEFT OF PROPERTY IN THE SECOND DEGREE, with respect to Plaintiff's bail amount. Said wrongful and unlawful acts are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

Plaintiff has been damaged in his property by said Defendant's action(s) and/or omission(s) for the cost of lost economic opportunity of $450.00 (to be determined by jury), plus interest, or a sum greater or lesser as a jury should determine.

The above referenced wrongful and unlawful acts are contrary to and in violation of *42 U.S.C. § 1983; U.S. Constitution, Ninth Amendments; Alabama Constitution (1901), Article I, Sections 36; English Common Law as adopted by State of Alabama at Ala. Stat. § 1-3-1; Ala. Stat. § 13A-8-4(a)(b).*

**AUGUST 3, 2009**

## *RETURN FOR DOCUMENTS; INVALID COMPLAINT*

7.37. THAT Plaintiff and his friend, Col. George Nelson (USAF, Retired) returned to the Ardmore

Police Department on Monday morning, August 3, 2009, about 10:30 a.m. to obtain copies of

documents needed for his pending case in Ardmore Municipal Court.

7.38. THAT Plaintiff requested and received a receipt for his seized pocket pistol and copy of the

complaint from LUNA. The complaint was dated July 31, 2009 which was five (5) days after his

arrest and release on July 26, 2009 which invalidates it upon its face. LUNA's inexcusable gross

negligence in waiting to make a complaint for his *warrantless* arrest until five days *after* his release, has damaged Plaintiff by violating his civil rights to liberty, to due process and to equal protection of the law, as well as state procedural statutes with respect to issuing a complaint without delay to an accused.

## COUNT 15: GROSS NEGLIGENCE

Plaintiff incorporates by reference all allegations in paragraphs 7.37 - 7.38 above as if fully set forth herein at length at this place.

On August 3, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) TRACY LUNA, did engage in wrongful and unlawful act(s) and/or omission(s) under color of law, which trespassed upon and violated Plaintiff's constitutionally secured right(s) to DUE PROCESS and EQUAL PROTECTION, and are offenses under state tort and/or common law, to wit, GROSS NEGLIGENCE, with respect to inexcusable delay in making a complaint. Said wrongful and unlawful acts and/or omissions are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $50,000.00 or a sum greater or lesser as a jury should determine.

Plaintiff has been damaged in his liberty by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00, or a sum greater or lesser as a jury should determine for the offense of willful GROSS NEGLIGENCE.

The above referenced unlawful acts are contrary to and in violation of *42 U.S.C. § 1983; U.S. Constitution, Ninth Amendments; Alabama Constitution (1901), Article I, Sections 36; English Common Law as adopted by State of Alabama at Ala. Stat. § 1-3-1; Ala. Stat. § 13A-8-4(a)(b).*

7.39.   THAT LUNA did refused to give Plaintiff a copy of the police report upon his request.

9.40.   THAT Plaintiff then requested a copy of his police report and copies of the police officers'

mandatory oaths of office from Ardmore Police Chief, WILLIAM M. OLIVER ("OLIVER"), who refused to do so. He said that he would only give what he requested to a lawyer, and if he wanted anything from his police department he would have to subpoena it. Further, OLIVER said the reason he was withholding the police report from Plaintiff was because he had not been forthcoming with all the answers to his and officer LUNA's questions, and since they could not get what they wanted from him, he would not be getting the police report and oaths of office that he wanted from them. OLIVER did (a) obstruct governmental operations, (b) interfered with judicial procedures, and © trespassed and damaged Plaintiff in his constitutionally secured right to equal protection of the laws by denying him access to governmental documents in retaliation.

7.41. THAT OLIVER's words and actions show how he regularly impedes and legally handicaps his department's accused victims. Further, he knowingly and willfully interfered with Plaintiff's judicial proceedings so that he and fellow racketeers could gain an unjust advantage over him in his upcoming "kangaroo court" prosecution. Their primary objective is obvious to Plaintiff, namely, to raise revenue from conviction fines to fund their paychecks. Plaintiff further believes that OLIVER knew full well that fellow municipal employee and racketeer, TUCKER, would not issue a subpoena on his behalf, so his constitutionally protected right to have compulsory process would be denied through their collusion, connivance and conspiracy against his civil rights.

7.42. THAT at all times relevant to Plaintiff's said documents request to LUNA and OLIVER on 08/03/09, his friend, Col. George Nelson, was present as witness.

7.43. THAT following defendant OLIVER's denial of Plaintiff's initial request for documents, he again denied his additional request for a copy of and/or the opportunity to review the police officers'

procedural manual. He told him as before, that since Plaintiff was not an attorney, he would have

to have it subpoenaed if he wanted to see it.

## COUNT 16: VIOLATION OF RIGHTS TO DUE PROCESS AND
## EQUAL PROTECTION OF THE LAWS

Plaintiff incorporates by reference all allegations in paragraphs 7.39 - 7.43 above as if fully set forth herein at length at this place.

On August 3, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) TRACY LUNA and WILLIAM M. OLIVER, did engage in wrongful and unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT TO DUE PROCESS and RIGHT TO EQUAL PROTECTION OF THE LAWS, which are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

The above referenced unlawful acts are contrary to and in violation of *42 U.S.C. § 1983; U.S. Constitution, Fifth and Fourteenth Amendments; Alabama Constitution (1901), Article I, Sections 6 and 36; Ala. Stat. § 13A-10-2(a)(1); Ala. Stat. § 13A-10-130(a)(3)(b); Alabama Rules of Criminal Procedure, Rule 4.3(a)(1)(iii) and Rule 4.3(a)(2).*

## *COURT CLERK – DOCUMENT REFUSAL*

7.44.    THAT on August 3, 2009, Plaintiff personally spoke to defendant TUCKER in her office in

Ardmore town hall in the presence of his friend, Col. George Nelson, as witness. He asked her for

copies of various governmental documents which he needed for his defense in preparation for his

pending trial in the Ardmore Municipal Court.

7.45.    THAT TUCKER would not give said requested governmental documents to Plaintiff, but said

that she would send them to him by mail in 2-3 days, which she did not do as promised, thus frustrating Plaintiff's defense preparation.

7.46. THAT TUCKER, knowing she lacked the authority to do so, and refusing to deliver up said governmental documents and records in her possession upon his proper request (which he was lawfully entitled to receive) did trespass and damage Plaintiff's due process and equal protection rights, and committed the crime of tampering with governmental records according to Alabama statute.

7.47. THAT TUCKER, at the same time on 08/03/09, did also commit the crime of tampering with physical evidence by concealing said documents in her custody, without legal right or authority, with the intent that they would be unavailable to Plaintiff for use in his defense in legal proceedings pending in said Ardmore Municipal Court, of which she was fully aware.

## *COURT CLERK – COMPULSORY PROCESS DENIED*

7.48. THAT on the same above date (08/03/09) and place herein described, defendant TUCKER did knowingly and intentionally refuse Plaintiff's three requests for her to issue a subpoena and subpoena duces tecum (compulsory process) on his behalf in the above styled case. She said she would only issue a subpoena for an attorney and not for him, thus denying him of his constitutionally secured rights to have compulsory process, to due process and to equal protection of the laws. Plaintiff believes that TUCKER, by denying compulsory process, did commit the crimes of obstructing governmental operations and interfering with critical pre-trial judicial proceedings. Further, Plaintiff believes that TUCKER did intentionally obstruct, impair and hinder the fair and just administration of law, and failed to perform and violated the duty of her office when Plaintiff was

denied his civil rights.

7.49. THAT TUCKER's denial of Plaintiff's right to compulsory process has damaged him by

preventing him from adequately preparing for his trial and has seriously impaired the lawful

proceedings in his case since there can be no fair, impartial and just trial without the benefits of

compulsory process if needed.

## COUNT 17: VIOLATION OF RIGHT TO COMPULSORY PROCESS

Plaintiff incorporates by reference all allegations in paragraphs 7.44 - 7.49 above as if fully
set forth herein at length at this place.

On August 3, 2009, at or near the Town of Ardmore, Limestone County, Alabama,
Defendant(s) SANDRA TUCKER, did engage in unlawful act(s) and/or omission(s) under
color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT
TO COMPULSORY PROCESS, which are more fully described in the facts stated herein in
support of this cause of action.

Plaintiff has been damaged in his said constitutionally secured right by said Defendant's
action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury
should determine.

The above referenced acts are contrary to and in violation of *42 U.S.C. § 1983; U.S.
Constitution, Fifth, Sixth, and Fourteenth Amendments; Alabama Constitution (1901),
Article I, Sections 6 , 13 and 36.*; *Alabama Rules of Criminal Procedure, Rules 17.1, 17.3;
Ala. Stat. § 13A-10-2(a)(1); Ala. Stat. § 13A-10-130(a)(3)(b).*

## *COURT CLERK – THREATENED ARREST*

7.50. THAT on the same above date (08/03/09) and place herein described, Plaintiff asked TUCKER

for the reference in the law that she was using as the basis for her refusal to issue a subpoena on his

behalf, i.e., that only lawyers had access to compulsory process in court cases. She refused to give

him the cite. When he requested that she please call the town attorney/prosecutor, CHADWICK

("CHAD") WISE , and ask him for the cite, she picked up the telephone and, instead of calling WISE, called for Ardmore police officer, defendant LUNA, to come and arrest him in retaliation for him asking her for the legal basis for her refusal. TUCKER's obvious intent was to use telephone communications to further the racketeering scheme and to threaten and intimidate Plaintiff into waiving his lawful right to compulsory process in the hope that he would perhaps refrain from any further efforts to obtain the issuance of subpoenas from her. Without obtaining favorable witnesses and necessary documents and records for his defense through compulsory process, Plaintiff would be at a disadvantage at trial, and would assure the prosecution of an easy conviction and a penalty fine for Ardmore's coffers—all to the monetary benefit of Ardmore employees' paychecks. Plaintiff believes that TUCKER's attempt to coerce him into abandoning his request for compulsory process to his detriment by intimating threats of police violence against him was criminal. He was trespassed upon and damaged in his constitutionally protected rights to compulsory process, due process and equal protection of the laws, and in lost opportunity to prepare for his defense.

7.51.    THAT Plaintiff believes that TUCKER did commit the crime of criminal coercion when, without legal authority, she threatened him with arrest, with the intent of inducing him against his will, to cease requesting compulsory process which was his lawful civil right.

## COUNT 18: VIOLATION OF RIGHT TO JUSTICE WITHOUT DENIAL, SALE, OR DELAY; CRIMINAL COERCION

Plaintiff incorporates by reference all allegations in paragraphs 7.50 - 7.51 above as if fully set forth herein at length at this place.

On August 3, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) SANDRA TUCKER, did engage in unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT

TO JUSTICE WITHOUT DENIAL (9th Amendment), SALE, OR DELAY, RIGHT TO DUE PROCESS, and RIGHT TO EQUAL PROTECTION OF THE LAWS, which are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his said constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine. Plaintiff believes Defendant did commit the statutory crime of criminal coercion.

The above referenced acts are contrary to and in violation of *42 U.S.C. § 1983; U.S. Constitution, Fifth, Ninth, and Fourteenth Amendments; Alabama Constitution (1901), Article I, Sections 13 and 36; Ala. Stat. § 13A-10-2(a)(1); Ala. Stat. § 13A-10-130(a)(3)(b); Ala. Stat. § 13A-6-25. Criminal coercion.*

**AUGUST 7, 2009**

## *CONTINUANCE BY JUDGE*

7.52. THAT on or about the morning of August 7, 2009, TUCKER telephoned Plaintiff at his home

in Lawrenceburg, Tennessee saying that purported Ardmore Municipal Court judge, WILLIAM G.

MATHEWS ("MATHEWS"), had continued his court appearance from August 12, 2009 at 8:30 a.m.

to August 26, 2009 at 8:30 a.m. MATHEWS did not make the record giving reasons why said

continuance served the ends of justice that outweighed the best interest of the public and the Plaintiff

(defendant) in a speedy trial. Plaintiff asked TUCKER what the nature of the proceeding was going

to be. Arraignment? Trial? She said she was not sure, which put Plaintiff at a disadvantage to know

how to prepare for hearing. Other than said telephone call, Plaintiff did not receive any notice from

the court as to the nature of the continued initial appearance.

## *SUBJECT MATTER CHALLENGED – COMPLAINT FATALLY FLAWED*

7.53. THAT during the time period between August 3 to on August 26, 2009 (Plaintiff's initial

court appearance) Plaintiff filed into the court record two pre-trial challenges to subject matter jurisdiction with MATHEWS receiving a copy. Court clerk and defendant, SANDRA TUCKER, did certify Plaintiff's two said documents and sent them back to him at his Tennessee home address by first class U.S. mail.

7.54. THAT one of the grounds for Plaintiff's assertion that no subject matter jurisdiction existed was the fact that the complaint was fatally defective on its face and void, which nullified any proceedings by the court, leaving MATHEWS without judicial authority and acting under color of law, i.e., the record shows that said complaint was not executed immediately without delay upon Plaintiff's arrest and release, but rather was written up and executed by LUNA five (5) days later on July 31, 2009 in violation of state procedural statutes and constitutional due process, equal protection of the laws, and rights of the accused in criminal proceedings. Further, said complaint did not reference the applicable municipal ordinance which embraced the specific state statute the Plaintiff was alleged to have violated (see Exhibit C). Plaintiff believes that the evidence obtained through discovery will show that defendant municipality had never adopted the state statutes relative to Plaintiff's alleged violation, and that the defendant police officers were operating outside their limited authority and under color of law. Plaintiff was damaged in his constitutionally secured right to liberty by LUNA's gross negligence and MATHEWS' misconduct below.

7.55. THAT MATHEWS, being notified by Plaintiff of said fatally defective complaint and his lack of subject matter jurisdiction notwithstanding, did continue thereafter to falsely pretend to be a public servant having lawful subject matter jurisdiction in the above-referenced case and conducted sham proceedings under color of law on August 26, 2009 and September 23, 2009, denying and depriving

Plaintiff of numerous civil rights and causing him injury, not the least of which were his rights to due process , to equal protection of the laws, and to his case being tried in a court of competent jurisdiction.

**AUGUST 26, 2009**

## *TERRORIST THREAT TO PLAINTIFF*

7.56. THAT on the morning of 08/26/09 at approximately 8:15 a.m. at the Ardmore Municipal Court Plaintiff and his friend, Col. George Nelson, arrived in special appearance to address his challenge to the court's subject matter jurisdiction for what he thought was to be the scheduled initial appearance/arraignment in the above-referenced case.

7.57. THAT Plaintiff believes that MATHEWS did commit the crime of making a retaliatory terrorist threat of violence against him as a party-witness to the proceedings, i.e., MATHEWS, WISE, and TUCKER did connive with Defendants, WILLIAM M. OLIVER, TRACY LUNA, TERRY JOHNSON and other unnamed defendants, their fellow employees at the Ardmore Police Department, to utilize their S.W.A.T. Team formation to engage in an intimidation exercise calculated to terrorize Plaintiff and his two court-watcher witnesses and media reporters.

7.58. THAT media reporters and witnesses, Greg Chapman and Michael Hollaway, met Plaintiff and Col. Nelson in the courthouse front parking lot and warned them that a heavily armed Ardmore Police Department S.W.A.T. team-like formation was out in force patrolling the building and side parking area. They said they had never seen such a menacing and frightening show of force at a municipal court hearing before. Upon exiting Col. Nelson's vehicle Plaintiff saw about 6-7 police

in what appeared to be a high state of alert guarding the front of the municipal court building. The courthouse entrance door was guarded by Defendant JOHNSON who was carrying a fully automatic military M-16 assault rifle and wearing military-style, laced-high top, jack-boots. Next to him was another officer wearing black riot gloves and who stood guard on the courthouse sidewalk. Other well armed and equipped unnamed defendants were spaced apart in the front and side of the building. One S.W.A.T. member was positioned behind an SUV in the side parking lot about 60 yards away, presumably with a sniper rifle since he was appeared to be out of effective pistol range. As Plaintiff walked toward the building's entrance he sensed that he was the reason for the high security, because the Defendant police officers all stared and glared intently at him and appeared tense and, for the most part, ignored the other few court attendees approaching the building. LUNA and several other unnamed defendants under the watchful eye of OLIVER conducted a warrantless search at the court room door under color of law without any reason given for conducting the general exploratory search of Plaintiff's person, clothing and carried items. No valid search warrant was produced containing the requisite probable cause (felony),[6] stating the facts in support thereof, and an affidavit or oath describing the items to be searched for. No consent was given for said search–the Defendants just did it, whether Plaintiff consented or not. With respect to warrantless searches the Alabama courts have recently held:

The Fourth Amendment to the Constitution of the United States bans all unreasonable

---
6

The Fourth Amendment "right of the people to be secure in their persons . . . against unreasonable searches and seizures" generally requires a law enforcement officer to have probable cause for conducting a search. "Probable cause exists where `the facts and circumstances within [an officer's] knowledge and of which [he] had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the **belief that' an offense has been or is being committed**," *Brinegar* v. *United States*, 338 U. S. 160, 175-176 (1949) (quoting *Carroll* v. *United States*, 267 U. S. 132, 162 (1925)), **and that evidence bearing on that offense will be found in the place to be searched.** *SAFFORD UNIFIED SCHOOL DISTRICT #1 v. REDDING*, 08-479 (U.S. 6-25-2009)

searches. _Terry v. Ohio,_ 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). Whether a search is unreasonable depends upon the facts and circumstances of the particular case. _Sibron v. New York_, 392 U.S. 40, 88 S. Ct. 1889, 20 L. Ed. 2d 917 (1968). **Warrantless searches are per se unreasonable unless they fall within a recognized exception.** _Ex parte Hilley_, 484 So. 2d 485 (Ala. 1985). Those exceptions include: objects in plain view, consensual searches, a search incident to a lawful arrest, hot pursuit or emergency situations, probable cause coupled with exigent circumstances, and a Terry `stop and frisk' situation. _Daniels v. State_, 290 Ala. 316, 276 So. 2d 441 (1973). **Where a search is executed without a warrant, the burden falls upon the State to show that the search falls within an exception.** _Kinard v. State_, 335 So. 2d 924 (Ala. 1976)." _ALLEN v. STATE_, CR-07-1063 (Ala.Crim.App. 5-1-2009)

7.59. THAT Plaintiff believes he is correct in his above analysis of reasons for the show of armed force because the S.W.A.T. Team members relaxed and began moving away from the municipal court building after his hearing was over and he had come outside the court room (even though the court was still in session inside). The police SUV, and (presumably) the S.W.A.T. sniper referenced above, had driven away before Plaintiff exited the building since he, the victim of menacing and intimidation, was leaving. The fear "game" was over. However, OLIVER, while standing next to his patrol car in the police station parking lot and with his arms outstretched, mockingly sang a song opera-style to Plaintiff who was talking to a friend in front of the courthouse about 20 yards away from him.

7.60. THAT Plaintiff believes that MATHEWS connived and conspired with OLIVER, WISE, TUCKER, and other unnamed defendants to perpetrate the above described threats and intimidation plan against Plaintiff using dangerous weapons in retaliation for his written challenges to the court's subject matter jurisdiction and the negative impact a case dismissal might have on Ardmore's money making kangaroo court scheme.

7.61. THAT Plaintiff believes that MATHEWS, OLIVER, WISE, TUCKER, and other unnamed

defendants, yet to be identified in discovery, used said terrorist threat incident at the time of a judicial proceeding with the intent to <u>obstruct justice</u> by instilling fear and intimidating him and his court-watcher witnesses in an attempt to weaken his resolve to defend himself, and to prevent him from having a fair, impartial, and meaningful hearing. Plaintiff has been damaged in his right to *freely and openly access the courts* without fear and intimidation for whatever reason.

7.62.   THAT Plaintiff believes that by the aforesaid orchestrated terrorist threat, MATHEWS,

OLIVER, and the other said Defendants did also commit the crime of *tampering with a witness* by attempting to induce him to absent himself from the court proceeding to which he had been officially ordered to appear, and to scare and discourage him and his court-watcher witnesses from returning to future official proceedings.

7.63.   THAT, further, on the morning of said 08/26/09, Plaintiff believes that MATHEWS and the other said Defendants did commit the crime of *intimidating a witness* (himself), and *obstructing governmental operations*. MATHEWS, OLIVER, WISE, TUCKER, and other unidentified defendants did attempt, by use of the aforesaid staged terrorist threat directed at Plaintiff and his court-observer witnesses (who may be called to testify in future official proceedings), to induce them to avoid legal process summoning them to court or to testify, and/or induce them to absent themselves from official proceedings in the above referenced matter, to which they have been (or possibly will be) legally summoned. MATHEWS, OLIVER, WISE, *et al.* knowingly and willfully attempted to impede Plaintiff's constitutionally protected *right to fair judicial proceedings* by instilling the emotion of fear in him and his witness friends through the tactic of intimidation and threat of armed violence. He obstructed, impaired and hindered the just administration of law in the court room

hearing and damaged Plaintiff's right to <u>due process</u> and <u>equal protection</u> of the laws.

## COUNT 19: VIOLATION OF RIGHT TO OPEN AND FREE ACCESS TO COURTS; DUE PROCESS & EQUAL PROTECTION

Plaintiff incorporates by reference all allegations in paragraphs 7.52 - 7.63 above as if fully set forth herein at length at this place.

On August 26, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) WILLIAM G. MATHEWS, CHAD WISE, TRACY LUNA, SANDRA TUCKER, TERRY JOHNSON, WILLIAM M. OLIVER, and other yet unidentified defendants, did connive and engage in unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT TO OPEN AND FREE ACCESS TO THE COURTS AND JUSTICE WITHOUT DENIAL, SALE, OR DELAY (9ᵗʰ Amendment), RIGHT TO DUE PROCESS, and RIGHT TO EQUAL PROTECTION OF THE LAWS, which are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his said constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

Plaintiff believes Defendant did also commit the statutory crime of criminal coercion and menacing.

The above referenced acts are contrary to and in violation of *42 U.S.C. § 1983; U.S. Constitution, Fifth, Ninth, and Fourteenth Amendments; Alabama Constitution (1901), Article 1, Sections 6, 13 and 36; Ala. Stat. § 13A-10-2(a)(1); Ala. Stat. § 13A-10-130(a)(3)(b); Ala. Stat. § 13A-6-25. Criminal coercion; Ala. Stat. § 13A-6-23. Menacing.*

## COUNT 20: VIOLATION OF RIGHTS SECURED UNDER THE FOURTH AMENDMENT

Plaintiff incorporates by reference all allegations in paragraphs 7.52 - 7.63 above as if fully set forth herein at length at this place.

On August 26, 2009, at or near the Town of Ardmore, Limestone County, Alabama,

Defendant(s) WILLIAM G. MATHEWS, CHAD WISE, SANDRA TUCKER, TRACY LUNA, TERRY JOHNSON, WILLIAM M. OLIVER, and other yet unidentified defendants, did connive, collude and conspire and engage in unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT TO BE SECURE FROM UNREASONABLE SEARCH AND SEIZURE (4th Amendment), which are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his said constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

The above referenced acts are contrary to and in violation of *42 U.S.C. § 1983; U.S. Constitution, Fourth Amendment; Alabama Constitution (1901), Article I, Sections 6 and 36*.

## *SHAM PROCEEDINGS; SURPRISE TRIAL ATTEMPT*

7.64.   THAT said 08/26/09 hearing began at approximately 8:30 a.m. MATHEWS started the

proceeding *without* making any introductory comment or opening statement of the case, *without*

stating the nature of the proceedings, *without* reading Plaintiff the charge or producing a complaint,

*without* citing any law Plaintiff allegedly violated, and *without* informing him of his right to counsel,

etc. — nothing. Plaintiff challenged subject matter jurisdiction upon commencement, but defendants

WISE and MATHEWS refused to address the issue and brushed it aside.

7.65.   THAT MATHEWS immediately took Plaintiff by surprised by abruptly asking for the two

Defendants, LUNA and JOHNSON, to be called into the courtroom as witnesses so that the "trial"

could begin. Plaintiff thought that the hearing was for an arraignment, not for a trial! He was in no

way prepared for a trial. *He did not receive notice* and he is not in receipt of any documentary

evidence giving notice that said court appearance was for a trial. MATHEWS' trick of attempting

to trap Plaintiff into this arraignment-turned-trial without notice violated his constitutionally secured

right to <u>due process</u>.

7.66. THAT Plaintiff objected to MATHEWS' surprise trial attempt and raised his challenge to the court's subject matter jurisdiction again, citing Constitutional authority and U.S. Supreme Court and Alabama Supreme Court holdings in support. MATHEWS contemptuously brushed aside the jurisdictional issue and supporting authorities and continued ahead with the sham proceedings knowing he had no jurisdiction because of the aforementioned invalid complaint (see Exhibit C).

7.67. THAT MATHEWS tried once again to begin his surprise trial *without* due process notice, *without* arraignment, *without* being given meaningful time to prepare, *without* the right of discovery and compulsory process, and *without* counsel. He ordered the two witnesses, LUNA and JOHNSON, to be brought into the court room to be sworn in for "trial" for which Plaintiff was completely unprepared and for which subject matter jurisdiction had never been ruled on. He then ordered Plaintiff to stand up and to raise his right hand for swearing in with the other witnesses. Plaintiff silently remained standing with his arms down by his sides, not taking an oath. MATHEWS twice ordered him to raise his right hand and be sworn in, but he silently refused to obey MATHEWS' orders and remained at attention, saying nothing, in exercise of his <u>right to remain silent</u> in a criminal proceeding.

7.68. THAT Plaintiff objected to MATHEWS' bumbling attempt to begin his surprise trial and reminded him that he had not been arraigned as yet which was mandatory under **Alabama Rules of Criminal Procedure, Rule 14.2**. He then said "well, if you *want* an arraignment, how do you plead, guilty or not guilty?" Again, *no* charge was read, *no* complaint was given to him, *no* law cited allegedly violated. Plaintiff told him he was not going to plead without the assistance of competent

counsel which was his civil right. Prosecutor WISE immediately spoke to MATHEWS saying "he doesn't need to have counsel for the arraignment." Plaintiff never waived his right to assistance of counsel and he did expressed his desire to obtain assistance of competent counsel, but his asserted right was ignored by MATHEWS. MATHEWS never informed Plaintiff of any of his rights at any time. Again, Plaintiff was denied his right to due process and damaged therein.

7.69. THAT MATHEWS then tried unsuccessfully several times to cajole Plaintiff into entering a plea on the spot without the assistance of counsel and without knowing the charge, but he did not take the "bait."

7.70. THAT three times MATHEWS made deliberate attempts at persuading Plaintiff with false promises and inducements of "no jail time" into relinquishing his rights to due process notice and assistance of counsel, and to enter a plea immediately without counsel, by saying to him that he "didn't have to worry because I'm [judge] not going to put you in jail for your offense". . . "I don't plan to be putting you in jail for this". . . "you aren't going to be put in jail for your offense." From this blatant cajolery it is apparent to Plaintiff that his guilt and conviction were conclusively presumed against him by MATHEWS and were a foregone conclusion from the start (as it is in all "kangaroo courts"). It was obvious to Plaintiff that MATHEWS had already made up his mind about finding him guilty before arraignment, pre-trial hearings, trial, or any of the facts of the case were known. Plaintiff believes MATHEWS was pushing for a quick-fix, cash fine plea bargain of some kind. It is clear from MATHEWS' statements that he had decided Plaintiff was "guilty before proven innocent" which violates the fundamental principles of American jurisprudence.

7.71. THAT on said date of 09/26/09, Plaintiff believes that MATHEWS, under color of law, did

commit the crime of *interfering with judicial proceedings* (*Ala. Stat., § 13A-10-130(a)(3)*) with

respect to the above mentioned case. He knowingly failed to perform as required by law and violated

duties of his purported office and deprived Plaintiff of his due process and equal protection civil

rights.

7.72. THAT, in review, Plaintiff's secured civil rights that were violated under color of law at said

hearing by MATHEWS include, but are not limited to, the following:

● Failed to dismiss the aforementioned cause for lack of subject matter jurisdiction on his [MATHEWS'] own initiative when the face of the record showed the complaint was invalid because it was executed five (5) days after complainant's release from jail. and because it failed to cite the alleged violation ordinance reference number (see Exhibit C);

● Failed to hold a mandatory and procedurally proper arraignment as required by law;

● Failed to perform a determination as to whether Plaintiff was represented by counsel as required by law;

● Failed to inform complainant of any law allegedly violated and the source of authority thereof, and the nature and cause of the accusation;

● Failed to determine if Plaintiff had received a copy of the charges against him as required by law, or if he had read said charges, or if he understood said charges in the absence of counsel;

● Failed to give proper notice of a "surprise/ambush" trial which is a denial of Plaintiff's constitutionally guaranteed rights to due process and equal protection of the law;

● Violated oath of office duty to support the U.S. and Alabama Constitutions by denying Plaintiff's right to remain silent so as not to incriminate himself by repeatedly ordering him to swear in against his will in an attempt to commence the "surprise/ambush" trial;

● Denied Plaintiff a requisite hearing on his material challenge to subject matter jurisdiction, thus depriving him of his unalienable rights to due process and to equal protection of the law in breach of his oath of office;

● Violated his duty to support the U.S. and Alabama Constitutions by denying Plaintiff his rights to due process, equal protection of the law, and attempting to deny him assistance of counsel by unfairly cajoling him repeatedly to enter a plea without the assistance of counsel after he had asserted his right to counsel, and without being charged with any offense or receiving a copy of the complaint;

● Violated his duty to support the U.S. and Alabama Constitutions by denying Plaintiff's unalienable rights to fundamental fairness and impartiality under due process and equal protection of the law by overtly manifesting bias, prejudice, unfairness, and hostility (same violation committed on September 23, 2009 at hearing below).

## COUNT 21: VIOLATION OF DUE PROCESS AND
## EQUAL PROTECTION OF THE LAWS

Plaintiff incorporates by reference all allegations in paragraphs 7.64 - 7.72 above as if fully set forth herein at length at this place.

On August 26, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) WILLIAM G. MATHEWS, and CHADWICK WISE, did connive, collude and conspire to engage in wrongful and unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT TO DUE PROCESS and RIGHT TO EQUAL PROTECTION OF THE LAWS, which are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

The above referenced unlawful acts are contrary to and in violation of *42 U.S.C. § 1983; U.S. Constitution, Fifth and Fourteenth Amendments; Alabama Constitution (1901), Article I, Sections 6 and 36.*

SEPTEMBER 23, 2009

### *ARRAIGNMENT*

7.73. THAT MATHEWS, without proving subject matter jurisdiction and operating under color of

law scheduled another date for arraignment on September 23, 2009 at 8:30 a.m.

7.74. THAT at said scheduled arraignment in the above-referenced case, on September 23, 2009, at

approximately 8:30 a.m. in the Ardmore Municipal Court, Town of Ardmore, Limestone County,

Alabama, Plaintiff believes that MATHEWS, did knowingly fail to perform as required by law, did

violate duties of his purported office, and did violated Plaintiff's constitutionally guaranteed rights

under color of law as follows:

● MATHEWS did deny Plaintiff a preliminary show cause evidentiary hearing on his challenge to the court's subject matter jurisdiction as he had requested;

● MATHEWS did deny Plaintiff an opportunity to explain his request for assistance of counsel;

● MATHEWS did deny Plaintiff due process and equal protection under the law, again, by twice trying to trick him into entering a plea (i) *without* him having read Plaintiff the charge, (ii) *without* him giving Plaintiff a copy of the complaint, (iii) *without* asking if Plaintiff had a copy, (iv) *without* asking Plaintiff if he understood the charge, (v) *without* identifying the source from whence he was reading, and (vi) *without* ever citing any statute or ordinance that Plaintiff allegedly violated.

● MATHEWS did enter a plea of "not guilty" over Plaintiff's objection to the court's lack of subject matter jurisdiction, without a hearing on subject matter jurisdiction, and without prosecutor WISE, proving jurisdiction on the record–said plea is invalid without jurisdiction;

● MATHEWS did refuse to disqualify himself upon Plaintiff's request due to his hostile demeanor, unfairness, bias, prejudice, and due to the fact that he had been named as a defendant in Plaintiff's previous third-party civil complaint;

● MATHEWS did deny Plaintiff due process and freedom of speech and prevented him from being heard, by ordering him to silence, by ordering him out of the courtroom under threat of violence so as to prevent him from making the record (court reporter present), and by commanding the bailiff to physically remove him by armed force from the court room if he said a single word.

● MATHEWS, without subject matter jurisdiction and under color of law, again, set the trial date for 10/28/09 at 8:30 a.m. Plaintiff objected.

## COUNT 22: VIOLATION OF RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF THE LAWS; VIOLATION OF RIGHTS OF THE ACCUSED

Plaintiff incorporates by reference all allegations in paragraph 7.74 above as if fully set forth herein at length at this place.

On or about September 23, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) WILLIAM G. MATHEWS, did engage in unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT TO DUE PROCESS and RIGHT TO EQUAL PROTECTION OF THE LAWS, and RIGHTS OF THE ACCUSED (Alabama Constitution), which are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his said constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

The above referenced acts are contrary to and in violation of *42 U.S.C. § 1983; U.S. Constitution, Fifth and Fourteenth Amendments; Alabama Constitution (1901), Article I, Sections 5 and 36.*

**OCTOBER 14, 2009**

### *COMPLICITY – TRESPASSERS AB INITIO*

7.75.  THAT on or about October 14, 2009, Plaintiff sent a redress of grievance by certified mail in the form of a verified NOTICE OF JUDICIAL MISCONDUCT with respect to Defendant MATHEWS to defendant RICKY MITCHELL ("MITCHELL"), purported mayor of Ardmore, and copies of the same to defendants BILLY RAY HALL, BILLY SHANNON, MELODY DUFFEY, MARY HOBBS, GEORGE "MOODY" KING, purported town council members, detailing MATHEWS' offensives, misconduct and violations of his civil rights. Plaintiff and asked for MATHEWS to be disqualified immediately from all future proceedings for cause and for a neutral substitute judge appointed. Said offenses committed by MATHEWS included CONSTITUTIONAL RIGHTS VIOLATIONS, STATUTORY PROCEDURAL VIOLATIONS, OFFICIAL OPPRESSION, MISCONDUCT IN OFFICE, MISPRISION, BREACH OF DUTY, BREACH OF OATH OF OFFICE, and BREACH OF ALABAMA CANONS OF JUDICIAL ETHICS. RICKY MITCHELL and the other said Defendants did *not* disqualify MATHEWS as requested and were *grossly negligent* by refusing to prevent further abuse of Plaintiff's constitutionally secured civil rights though they had the statutory authority to do so.

**OCTOBER 22, 2009**

7.76.  THAT on or about October 22, 2009 Plaintiff sent a verified notice by certified mail titled NOTICE OF MAGISTRATE TUCKER'S MISCONDUCT and MOTION TO DISMISS FOR LACK

OF JURISDICTION to the above Defendants RICKY MITCHELL, BILLY RAY HALL, BILLY SHANNON, MELODY DUFFEY, MARY HOBBS, GEORGE "MOODY" KING, which was also ignored.

7.77. THAT all the above said Defendants were given notice and had knowledge of the wrongs already committed and conspired to be committed yet again by MATHEWS, TUCKER, *et al*, against Plaintiff's constitutionally secured civil rights. Defendants had power to prevent the commission of the same but neglected or refused to do so, which, by reasonable diligence, they could have prevented. The Defendant municipal corporation, MUNICIPALITY OF ARDMORE, by and through its mayor and council members, owed a duty to Plaintiff to train, supervise and otherwise control its Defendant employees named above in their respective law enforcement and administrative-judicial capacities and to see that they were acting at all times relevant within their delegated authority in accordance with constitutional and statutory law. Defendant municipal corporation, MUNICIPALITY OF ARDMORE failed in its said duty which constitutes negligence. As a proximate result of Defendant MUNICIPALITY OF ARDMORE's negligence, Plaintiff has sustained damages of emotional distress, mental suffering and anguish, physical pain and suffering, health endangerment from unsanitary jail conditions, economic loss, lost economic opportunity, deprivation of and trespass upon numerous constitutionally secured rights, humiliation, threats, damage to reputation, intimidation and coercion, interference with giving adequate primary health care for his aged mother as her sole provider, interference with relationship with medical and nursing establishments, lost enjoyment to life, liberty, and the pursuit of happiness for the last six months, and theft of service, therefore, Defendant MUNICIPALITY is liable to Plaintiff for compensatory and exemplary damages. There is no excuse for Defendant MUNICIPALITY not to provide adequate training, supervision, and

Page 48 of 65

control of its Defendant employees to prevent the willful and wanton indifference and deliberate disregard for human life and the constitutionally secured rights of private citizens as in Plaintiff's case. The acts, omissions, systemic flaws, policies, lack of training and supervision of Defendant MUNICIPALITY shows a pattern of culpable negligence, especially when Plaintiff sent repeated notices of Defendant employees' misconduct and nothing was done about it. Consequently, Plaintiff has been damaged in his constitutionally secured rights, person and property and alleges that all of the above Defendants and other unidentified defendants are *trespassers ab initio* along with MATHEWS, TUCKER, OLIVER, WISE, LUNA, and JOHNSON.

### COUNT 23: TRESPASSERS AB INITIO; GROSS NEGLIGENCE

Plaintiff incorporates by reference all allegations in paragraphs 7.75 - 7.77 above as if fully set forth herein at length at this place.

From the night of July 25-26, 2009 to January 27, 2010, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) MUNICIPALITY OF ARDMORE, RICKY MITCHELL, BILLY RAY HALL, BILLY SHANNON, MELODY DUFFEY, MARY HOBBS, GEORGE "MOODY" KING, and other as yet unidentified defendants, did engage in wrongful and unlawful act(s) and/or omission(s) under color of law and/or failed to train, supervise and control employees under their authority, which trespassed upon and violated numerous Plaintiff's constitutionally secured right(s) under the FIRST, SECOND, FOURTH, FIFTH, SIXTH, NINTH AND FOURTEENTH AMENDMENTS, and Alabama Constitution (1901), Article I, Sections 1, 3, 4, 5, 6, 13, 26, 35, 36, and are offenses under state tort and/or common law, therefore, Defendants are TRESPASSERS AB INITIO and GROSSLY NEGLIGENT. Said wrongful and unlawful acts and/or omissions are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $50,000.00 or a sum greater or lesser as a jury should determine

Plaintiff has been damaged in his person by said Defendant's action(s) and/or omission(s) in the amount of compensatory and exemplary amounts as a jury should determine for TRESPASS and NEGLIGENCE.

The above referenced wrongful and unlawful acts are contrary to and in violation of *42 U.S.C. § 1983; U.S. Constitution, First, Second, Fourth, Fifth, Sixth, Ninth and Fourteenth Amendments; Alabama Constitution (1901), Article I, Sections 1, 3, 4, 5, 6, 13, 26, 35 and 36; English Common Law as adopted by State of Alabama at Ala. Stat. § 1-3-1.*

**OCTOBER 28, 2009**

## *CONTINUANCE DUE TO MEDICAL EMERGENCY*

7.78. THAT Plaintiff moved for a continuance of the trial to December 2, 2009 due to a

documented medical emergency. TUCKER placed a telephone called to Plaintiff in Tennessee on

or about Monday, November 30, 2009, stating that prosecutor CHAD WISE (not the judge!) gave

his approval of his continuance request. This was the second time that TUCKER had told Plaintiff

on the telephone that CHAD WISE was the person that had to be consulted with on whether or not

to grant Plaintiff's continuance request. It appears that prosecutor WISE runs the kangaroo court

racket in connivance with co-partner MATHEWS. Canons of Professional Responsibility? Canons

of Judicial Ethics? Who needs or follows them?

**NOVEMBER 23, 2009**

## *COURT CLERK REFUSED TO FILE CIVIL SUIT*

7.79. THAT on or about November 23, 2009 Plaintiff commenced a civil counterclaim action

against the defendant MUNICIPALITY OF ARDMORE in the above-referenced case by mailing said

counterclaim document and summons to TUCKER (USPS certified mail #7008 0150 0001 7526

1805) to be filed into the case docket, the summons executed and issued, and served on counterclaim

defendant by certified mail. Plaintiff requested that TUCKER please send a certified copy of said

counterclaim and summons by return mail to him as she had done in the past as proof for his records

that she had received said documents and had entered them into the case docket and had issued the summons. TUCKER refused to do so. She willfully failed to perform her court clerk duties and damaged Plaintiff in his constitutionally protected rights to prosecute his civil cause, to access the courts freely, to due process, to equal protection of the laws, and to impartial justice. TUCKER has not filed said counterclaim into the court record to date, nor has she issue a summons to the town attorney, CHAD WISE, nor has she communicated with Plaintiff and given him any legal reason for her inaction / omission for not doing her duty as court clerk.

## COUNT 24: VIOLATION OF RIGHT TO PROSECUTE CIVIL CAUSES; VIOLATION OF RIGHT TO ACCESS THE COURTS FREELY; VIOLATION OF RIGHT TO DUE PROCESS AND EQUAL PROTECTION

Plaintiff incorporates by reference all allegations in paragraphs 7.78 - 7.79 above as if fully set forth herein at length at this place.

On or about November 23, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) SANDRA TUCKER, did engage in unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT TO PROSECUTE CIVIL CAUSES, JUSTICE WITHOUT DENIAL, SALE, OR DELAY, RIGHT TO DUE PROCESS, and RIGHT TO EQUAL PROTECTION OF THE LAWS, which are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his said constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

Plaintiff believes Defendant did commit the statutory crime of criminal coercion.

The above referenced acts are contrary to and in violation of *42 U.S.C. § 1983; U.S. Constitution, Fifth, Ninth, and Fourteenth Amendments; Alabama Constitution (1901), Article I, Sections 6, 13 and 36*.

## *LAW DEFIERS – COURT WITHOUT RULES OR LAWS*

7.80.    THAT from 07/26/09 to January 27, 2010 Defendants have shown by their acts and

omissions that they scorn the rule of law and the Constitution and think they are above the law.

TUCKER, MATHEWS, and WISE, purported court officials, operate under color of law according

to their whims. Their administrative court is a disgraceful sham, a racketeering extortion scheme to

defraud, and meets the definition of a "**kangaroo court**" precisely, i.e., "Term descriptive of a sham

legal proceeding in which a person's rights are totally disregarded and in which the result is a

foregone conclusion because of the bias of the court or other tribunal." *Black's Law Dictionary, 6th*

*Edition, Page 868.*

## *ALL PRE-TRIAL MOTIONS IGNORED; NO HEARINGS*

7.81.    THAT MATHEWS is a defiant lawbreaker operating under the color of office and color of

law, since he has repeatedly disregarded constitutional, statutory, common and canonical law, has

interfered with judicial procedure, and has violated many of Plaintiff's constitutionally secured rights

to due process, to equal protection of the law, to notice, to be heard in a meaningful manner, etc. He

has acted without proving subject matter jurisdiction in Plaintiff's case and has ignored all his

motions, has refused to hold mandatory pre-trial hearings, refused to disqualify himself for obvious

bias, has turned over court responsibilities to prosecutor WISE, and has conspired with defendant

police chief OLIVER and his fellow Ardmore employees to get a conviction without a trace of

impartiality, fairness, or justice, i.e., the law be damned.

## *CONFLICT OF INTEREST*

7.82.    THAT on 08/26/09 and 09/23/09 in the Ardmore Municipal Court, Town of Ardmore,

Limestone County, Alabama, during the two aforesaid hearings, Plaintiff believes that MATHEWS did commit the crime of failing to disclose a known conflict of interest by advance public disclosure whereby he exercised substantial discretionary function in connection with a pecuniary transaction in the aforementioned case. He does have a direct monetary interest in the transactional outcome of the prosecution, i.e., a conviction fine funds his and all the other Defendant's paychecks with the possible exception of Defendant WOOTEN TOWING & RECOVERY SERVICE.

**NOVEMBER 30, 2009**

## *DISCOVERY HARASSMENT; SPEEDY TRIAL DENIED*

7.83. THAT defendant WISE has refused to follow the **Alabama Rules of Criminal Procedure, Rule 16.1**, regarding the 14 day rule for discovery. Further, on or about November 30, 2009 Plaintiff received a letter from TUCKER dated November 24, 2009 stating: "Prosecutor Chad Wise will be out of town on business on December 2, 2009; therefore, he has requested your case be continued to January 27, 2010 at 8:30 a.m." (Signed by Sandra Tucker, Magistrate). Said continuance was for two months duration and was without motion, without hearing, or without good cause shown, in violation of Plaintiff's right to a speedy trial, i.e., WISE did not make the record giving reasons why said continuance served the ends of justice that outweighed the best interest of the public and the Plaintiff (defendant) in a speedy trial. MATHEWS, WISE, TUCKER, *et al*, have connived, colluded, conspired and manipulated the system to damage Plaintiff's civil right to a speedy trial, so as to insure a "judicial lynching." Plaintiff's trial date was set for January 27, 2009 which would be in excess of 150 days (excluding Plaintiff's continuance request) from the commencement of this case. This time period exceeds the federal 70 (non-excludable) days for a speedy trial.

## COUNT 25: VIOLATION OF RIGHT TO A SPEEDY TRIAL

Plaintiff incorporates by reference all allegations in paragraphs 7.80 - 7.83 above as if fully set forth herein at length at this place.

On or about November 30, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) CHADWICK WISE, TUCKER, WILLIAM G. MATHEWS, did engage in wrongful and unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT TO SPEEDY TRIAL, which are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

The above referenced unlawful acts are contrary to and in violation of *42 U.S.C. § 1983; U.S. Constitution, Sixth Amendment.*

## *DEFENDANTS' LEGAL OBLIGATION*

7.84.   THAT both the U.S. Constitution and the Alabama Constitution (1901) mandate that

Defendants must swear upon oath to support and obey said Constitutions upon taking office, per **U.S.**

**Constitution, Article VI** and **Alabama Constitution (1901), Article XVI, Section 279;**

7.85.   THAT Plaintiff presumes (unless disproved in discovery) that Defendants have all complied

with the aforesaid constitutional oath mandate, and consequently, they do have a legal obligation or

duty to Plaintiff to obey said Constitutions at all times relevant to him as purported public servants,

and to faithfully safeguard his unalienable civil rights and not to violate, deny or invade them in any

degree.

7.86.   THAT Defendants have a fiduciary duty to Plaintiff and all other members of the public to

perform all their respective duties in strict conformity to their oaths of office to support the U.S. and

Alabama Constitutions.

*McNALLY v. UNITED STATES, 483 U.S. 350, 360, 371, 372 (1987)*

*"A public official is a fiduciary toward the public, including, in the case of a judge, the litigants who appear before him. . ."*

7.87. THAT defendants MATHEWS and WISE, as attorneys and part-time judge/prosecutor, are

duty bound to adhere to the high ethical standards of the **Canons of Professional Responsibility** and

the **Canons of Judicial Ethics** to the same extent as they are to constitutional and statutory laws

where relevant to their relationship to Plaintiff.

7.88. THAT Defendants are duty bound to obey the federal and state laws which are enacted

pursuant to and in accord with said Constitutions.

7.89. THAT Defendants have breached their oaths of office and breached their lawful obligation

and duty and have thereby damaged Plaintiff's constitutionally protected civil rights as set forth

herein.

## **COUNT 26: VIOLATION OF OATH OF OFFICE; BREACH OF DUTY**

Plaintiff incorporates by reference all allegations in paragraphs 7.84 - 7.89 above as if fully set forth herein at length at this place.

From July 26, 2009 to the present, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) CHADWICK WISE, SANDRA TUCKER, WILLIAM G. MATHEWS, WILLIAM M. OLIVER, TRACY LUNA, TERRY JOHNSON, RICKY MITCHELL, BILLY RAY HALL, BILLY SHANNON, MELODY DUFFEY, MARY HOBBS, GEORGE KING, JIM KENNEDY, ANDREW KING, ROBERT COOK, and other as yet unidentified defendants, did engage in wrongful and unlawful act(s) and/or omission(s) under color of law which trespassed upon and violated Plaintiff's constitutionally protected RIGHT TO EXPECT FAIR AND HONEST PUBLIC ADMINISTRATION OF PUBLIC

SERVANTS IN KEEPING WITH THEIR CONSTITUTIONAL OATHS OF OFFICE (Ninth Amendment), which are more fully described in the facts stated herein in support of this cause of action.

Plaintiff has been damaged in his constitutionally secured right(s) by said Defendant's action(s) and/or omission(s) in the amount of $25,000.00 or a sum greater or lesser as a jury should determine.

The above referenced unlawful acts are contrary to and in violation of *42 U.S.C. § 1983; U.S. Constitution, Article VI, Ninth Amendment; Alabama Constitution (1901), Article I, Section 36, Article XVI, Section 279*.

7.90.    THAT Plaintiff believes from personal knowledge and information that from July 26, 2009

to January 27, 2010, Defendants engaged in a pattern of racketeering activity under color of law,

employing schemes and artifices to defraud Plaintiff of his money and property that he could have

used and/or invested in Tennessee. Defendants used the interstate mails and wire to further their

fraudulent scheme. The factual basis for Plaintiff's R.I.C.O. claim is as follows:

7.90.1. The aforementioned complaint (see Exhibit C) is void on its face in the first instance, depriving the Ardmore Municipal Court judge, Defendant MATHEWS, of subject matter jurisdiction.

7.90.2. Plaintiff's said case in the Ardmore Municipal Court was dismissed aft er six months by defendant MATHEWS upon motion by defendant WISE due to the void complaint as herein alleged (see Exhibits A and B).

7.90.3. Defendants MATHEWS, WISE, TUCKER, MITCHELL, HALL, SHANNON, DUFFEY, HOBBS, GEORGE KING continued with sham proceedings under color of law for nearly 6 months, notwithstanding numerous motions, notices, requests, and demands (see below) by Plaintiff challenging subject matter jurisdiction resulting in damages to Plaintiff's civil rights, his person and property.

| 08/21/09 @ 3:26 p.m. | NOTICE AND DEMAND |
| 08/26/09 @ 8:00 a.m. | NOTICE OF OBJECTION AND DEMAND |
| 09/14/09 @ 12:44 p.m. | NOTICE OF LACK OF SUBJECT MATTER JURISDICTION AND DEMAND FOR SHOW CAUSE |

|                        | HEARING                                                                                                    |
|------------------------|------------------------------------------------------------------------------------------------------------|
| 10/07/09 @ 11:35 a.m.  | MOTION TO DISMISS FOR LACK OF JURISDICTION                                                                  |
| 10/21/09               | NOTICE OF JUDICIAL MISCONDUCT AND DEMAND FOR DISQUALIFICATION OF JUDGE MATHEWS                              |
| 10/22/09               | DISQUALIFY ARRESTING OFFICERS - CHALLENGE TO JURISDICTION                                                   |
| 10/23/09               | NOTICE OF MAGISTRATE TUCKER'S MISCONDUCT AND MOTION TO DISMISS FOR LACK OF JURISDICTION                     |
| 11/21/09               | OBJECTION TO ARRAIGNMENT IRREGULARITIES AND JUDGE-ENTERED PLEA AND MOTION TO WITHDRAW "NOT GUILTY" PLEA     |
| 11/28/09               | INVITATION TO ATTEND THE DECEMBER 2, 2009 AT 8:30 A.M. HEARING, SECOND REQUEST FOR DISQUALIFICATION OF JUDGE MATHEWS |
| 12/02/09               | AMENDED MOTION TO DISMISS FOR LACK OF JURISDICTION                                                          |
| 12/02/09               | PRE-TRIAL MOTION TO DISMISS                                                                                 |
| 12/15/09               | COMPLAINT AGAINST WILLIAM G. MATHEWS                                                                        |
| 01/20/10 @ 10:46 a.m.  | NOTICE AND REQUEST FOR CONTINUANCE FOR GOOD CAUSE SHOWN                                                     |
| 01/22/10 @ 11:49 a.m.  | NOTICE AND OBJECTION TO FURTHER PROCEEDINGS ON JANUARY 27, 2010                                             |
| 01/26/10 @ 9:55 a.m.   | NOTICE AND DEMAND                                                                                           |

7.90.4. Natural Defendants (WOOTEN excepted) are public officials with sworn oaths of office and as such have a legal obligation / fiduciary duty to guard and protect Plaintiff's rights secured under the Constitution.

7.90.5. Defendants MATHEWS and WISE had a fiduciary duty to answer Plaintiff's multiple challenges to subject matter jurisdiction per federal court holdings, and to dismiss the case in the first instance since the court lacked jurisdiction, which they refused to do.

**"Once jurisdiction is challenged, it must be proven."**  (Emphasis added.)

*HAGANS v. LAVINE*, 415 U.S. 528, 533 (1974)

7.90. 6. Defendants' six months of silence and "stonewalling" Plaintiff's numerous jurisdictional challenges and request for a hearing equates with an intentional scheme to <u>defraud</u> when they had a duty to answer.

"**Fraud** in its elementary common law sense of deceit. . . includes the deliberate concealment of material information in a setting of fiduciary obligation. **A public official is a fiduciary toward the public, including, in the case of a judge, the litigants who appear before him, and if he deliberately conceals material information from them he is guilty of fraud**." (Emphasis added) *McNALLY v. UNITED STATES*, 483 U.S. 350, 360, 371, 372 (1987)

"**Silence can only be equated with fraud where there is a legal or moral duty to speak** or where an inquiry left unanswered would be intentionally misleading." (Emphasis added.)

*UNITED STATES v. TWEEL*, 550 F.2d 297, 299 (5th Cir. 1977)

"**Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading.**" (Emphasis added.) *UNITED STATES v. PRUDDEN*, 424 F.2d 1021 (5th Cir. 1970)

"An intentional misrepresentation, made through a statement or **silence, can easily amount to "fraud" sufficient to warrant punitive damages**. See § 6-11-20(b)(1) ("Fraud" includes "intentional . . . concealment of a material fact the concealing party had a duty to disclose, which was *gross, oppressive, or malicious* and committed with the intention . . . of thereby **depriving a person or entity of property**") (emphasis added); § 6-11-20(b)(2) ("Malice" includes *any "wrongful act without* just cause or *excuse . . . [w]ith an intent to injure the . . . property* of another") (emphasis added); § 6-11-20(b)(5) (**"Oppression" includes "[s]ubjecting a person to . . . unjust hardship in conscious disregard of that person's rights"**)." (Emphasis added.) *BMW OF NORTH AMERICA, INC. v. GORE*, 517 U.S. 559, 588-589 (1996)

7.90.7. Plaintiff notified Defendants mayor and council members on more than one occasion of their municipal court's lack of subject matter jurisdiction and of the ongoing judicial misconduct of MATHEWS to no avail (see above). They did nothing to stop the sham proceedings or prevent further abuses, but aided and abetted by giving their approval to the intentional scheme to defraud which was furthered by use of the mails and wire by defendants TUCKER, WISE and MATHEWS. They were willfully and knowingly negligent and operated in fraud by their silence and inaction in the face of their lawful duty to prevent wrong doing. Their refusal to speak or act constitutes willful and reckless disregard for truth and is fraud. Further, their fraudulent use of the mails and wires which were calculated to simulate lawful proceedings that would deceive a person of ordinarily prudence and comprehension include, but are not limited to, the following: (hard copies to be entered

in evidence)

– 08/07/09 @ a.m. telephone call received by Plaintiff in Tennessee from defendant TUCKER rescheduling his initial court appearance per defendant MATHEWS' request. TUCKER refused to tell Plaintiff what the nature of the initial appearance would be. This was the first intentional fraudulent use of the wires to further the scheme involving sham proceedings when defendants MATHEWS, TUCKER and WISE knew that the court lacked subject matter jurisdiction on the face of the complaint.

– 10/26/09 @ a.m. telephone call received by Plaintiff in Tennessee from defendant TUCKER continuing trial to 12/02/09 per permission of defendant prosecutor WISE. Furtherance of sham proceedings and scheme to defraud.

– 11/24/09 Plaintiff received a letter from defendant TUCKER stating that prosecutor WISE requested a trial date continuance for two months i.e., until 01/27/10. This letter was under false pretenses and further promoted Defendants' intentional scheme to defraud when the record showed the lack of subject matter jurisdiction on its face.

– 12/31/09 @ 9:50 a.m. Plaintiff received from defendant WISE his RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS PURSUANT TO RULE 16.12 OF THE ARCP about fifty days after he filed his REQUEST FOR PRODUCTION OF RECORDS on 11/10/09. WISE knowingly, willfully and maliciously continued to refuse to address any of Plaintiff's challenges to jurisdiction but perpetuated the fraudulent scheme of sham proceedings without jurisdiction.

– 01/21/10 @ 11:30 a.m. Plaintiff received a telephone call from defendant WISE who said he would see him at the scheduled trial on 01/27/10. He said he would oppose Plaintiff's request for a continuance and would press for resolution of the matter before the court. WISE knew that the court had no jurisdiction but willfully, intentionally and fraudulently played the kangaroo court scheme with defendant MATHEWS to try and damage Plaintiff with a conviction fine and/or imprisonment and seizure in his personal property – all to Defendants' financial benefit.

– 01/26/10 @ 8:41 a.m. Defendant WISE filed with the court and had mailed to Plaintiff a copy of his MOTION FOR ENTRY OF NOL PROSEQUI due to said invalid complaint (no subject matter jurisdiction) which he knew to be invalid for nearly six months and operated willfully and intentionally within the scheme to defraud under color of law.

– 01/28/10 Plaintiff received a letter from TUCKER stating that judge MATHEWS "nol prossed" your case at the request of B. CHADWICK WISE and told him that he could retrieve his bond money and other personal property at the Ardmore Police Department at his convenience. This letter is evidence that the court never had subject matter jurisdiction and was intentionally operating a fraudulent scheme under color of law.

– 02/08/10 Plaintiff received a certified copy of ORDER OF NOL PROSEQUI from TUCKER per his written request. Final proof that the court never had jurisdiction and intentionally operated a fraudulent scheme under color of law and that the Defendants furthered said scheme by using the mails and wires affecting interstate commerce.

7.90.8. Defendants mayor and council members had a fiduciary duty to Plaintiff in preventing abuse by their employees, MATHEWS, WISE, TUCKER, et al., especially when Plaintiff noticed them repeatedly of judicial misconduct, abuse and lack of subject matter jurisdiction. By their silence and inaction they, too, engaged intentionally in fraud and thus aided and abetted the scheme to defraud to Plaintiff's damage of his rights, person and property.

7.90.9. Plaintiff at all times relevant was forced to comply with Defendants' fraudulent sham proceedings and extortion scheme upon pain of forfeiting the $750.00 bail and his personal property and was consequently damaged in his civil rights, his person and his property.

7.91. THAT Plaintiff believes that what happened to him was an intentional, predictable pattern or scheme to defraud of long standing whereby all named and unnamed Defendants were willing actors that benefitted financially from said extortion scheme, are trespassers ab initio, and aided and abetted in the fraudulent use of the instruments of communication in interstate commerce, i.e., telephone, and the mails.

## COUNT 27: VIOLATION OF FEDERAL R.I.C.O. STATUTE
## 18 U.S.C. § 1964(a), ( c); 18 U.S.C. §§ 1341, 1343 WIRE AND MAIL FRAUD

Plaintiff incorporates by reference all prior allegations in this Complaint, especially paragraphs 7.90 - 7.91, as if fully set forth herein at length at this place.

From July 26, 2009 to January 27, 2010, at or near the Town of Ardmore, Limestone County, Alabama, Defendants WISE, TUCKER, MATHEWS, MITCHELL, *et al,* and other as yet unidentified defendants knowingly, willfully and maliciously participated in a scheme of predicate acts of racketeering extortion and/or embezzlement as defined in Title 18 referenced above, and did make use of the instruments of communication in interstate commerce and the mails in violation of 18 U.S.C. §§ 1341, 1343, specifically.[7] Defendants did engage in deliberate fraud by which they, in order to get money and monetizable personal property from Plaintiff, made statements to him under color of procedure/color of law which they knew were false (no jurisdiction), expecting Plaintiff to rely on their statements of procedure (see above) and go to trial and be convicted, fined and/or jailed, and seized of his personal property, all to his detriment and to the defendants' benefit (scheme revenues support the municipality, municipal personnel, police department and municipal court). The Defendants' six month silence to Plaintiff's many motions, notices, requests and demands regarding lack of subject matter jurisdiction was an intentional, deliberate breach of fiduciary duty and is equated with fraud by acquiescence.

Many of Plaintiff's constitutionally protected rights have been violated as a result of Defendant's intentional scheme to defraud which is more fully identified and described in the facts stated herein in support of this cause of action.

Plaintiff believes that he and other American Citizens have been victimized and damaged by Defendants' pattern of activity under 18 U.S.C. § 1964, and this Court should issue an appropriate order enjoining Defendants from engaging in such racketeering activity as described herein, and to prohibit them and each of them from profiting thereby, now and in the future and to disgorge any and all profits received from unconstitutional prosecutions under color of law in a manner and method acceptable to the court for the general welfare of American Citizens.

## *SUMMARY CONCLUSION*

7.92. THAT the facts stated above are intended to provide causes of action for Plaintiff's right to

judicial redress and relief against Defendants.

---

7

Claim of embezzlement by fiduciary and breach of fiduciary duty coupled with concealment in face of duty to speak, as element of mail fraud statute regardless of whether mailings that are elements of offense themselves contain false or misleading statements. *Spira v. Nick,* S.D.N.Y. 1995, 876 F.Supp. 533.

7.93. THAT Plaintiff believes that the above facts do show that Defendants –

(a) did have a constitutional mandate to swear upon oath to support both the U.S. and Alabama Constitutions and the laws made pursuant thereto;

(b) did have a legal duty or obligation to safeguard Plaintiff's constitutionally secured civil rights;

(c) did have a right-duty relationship with Plaintiff as public servants and members of the BAR to perform their legal obligations or to refrain from performing some act(s) in accordance with high standards of ethics;

(d) did knowingly, intentionally, willfully and unlawfully deny, violate and invade many of Plaintiff's constitutionally secured civil rights as stated herein;

(e) did knowingly, intentionally and willfully breach their solemn oath of office to support and obey said Constitutions and the laws enacted pursuant thereto numerous times relative to Plaintiff;

(f) did knowingly, intentionally and willfully violate state statutes including rules of criminal procedure;

(g) did knowingly, intentionally, and willfully fail repeatedly to perform their known legal fiduciary duties relative to Plaintiff;

(h) did work together to fraudulently generate revenue as a scheme to defraud and/or an association-in-fact which affected interstate commerce;[8]

---

[8]

This chapter seeks to protect interstate and foreign commerce from activities that are characteristic of organized crime even when they are engaged in by a single individual. *Yancoski v. E.F. Hutton & Co., Inc.*, 581 F.Supp. 88

... Congress did not intend to limit scope of this chapter to persons connected with organized crime

(I) did commit two or more acts of racketeering using U.S. mail and telephone calls under false pretenses,[9] extortion, and theft of services, and making false representations which diverted Plaintiff's money from his private use and investment in the State of Tennessee to the herein described intentional scheme to defraud involving said interstate commerce;

(j) did cause damage to Plaintiff's constitutionally secured civil rights, person, property, physical and emotional health, relationships, reputation, lost economic opportunities, economic loss, time, opportunity interest damage, etc. as stated in the facts above and counts herein;

(k) did benefit from their fraudulent scheme in the use of unlawful bail and bail overcharge as an interest free loan and from taxpayer money for lengthy sham proceedings (also, they were hoping to benefit from a conviction fine, court costs, and seizure of Plaintiff's personal property);

(l) did economically deplete Plaintiff through their sham procedural delay tactics and unnecessary litigation costs;

(m) did engage in a predictable pattern of racketeering that is likely to re-occur in the future and continue unless stopped.

## 8. EXHIBITS

8.1. THAT Exhibits A, B, and C are hereby incorporated herein by reference.

## 9. RELIEF SOUGHT

---

or even to those activities that are commonly thought of as racketeering [e.g. municipal corporations]. *Crocker Nat. Bank v. Rockwell Intern. Corp.*, N.D.Cal.1982, 555 F.Supp 47

9

So long as one participant in fraudulent scheme causes use of the mails in execution of fraud, all other knowing participants in scheme are legally liable for use of the mails. *Cadle Co. v. Schultz*, N.D.Tex.1991, 779 F.Supp. 392.

WHEREFORE, Plaintiff requests that this Court enter a judgment against the Defendants and award as follows:

(a) All costs of this action, including attorney fees under FRCP 9(g) as special damages, investigators, expert witnesses and other related fees and costs pursuant to 42 U.S.C. § 1988, and/or the Private Attorney General Act / The Civil Rights Attorney's Fees Awards Act of 1976;

(b) Compensatory damages in favor of Plaintiff in the amount of **$1,702,000.00** or in an amount to be decided by the jury;

© Punitive and exemplary damages in favor of Plaintiff to be decided by the jury;

(d) Treble damages based on compensatory damages per R.I.C.O. statute as allowed by law;

(e) Any and all special damages per FRCP 9(g);

(f) Prejudgment interest as allowed by law;

(g) Extraordinary declaratory and injunctive relief as this Court may deem just and proper on behalf of Plaintiff;

(h) Such other and further relief as this Court deems just and proper in the premises.

## DEMAND IS HEREBY MADE FOR A TRIAL BY JURY OF ALL ISSUES PRESENTED IN THIS COMPLAINT TRIABLE TO A JURY.

Dated this 15th day of March, 2010.

/s/ Arthur Hirsch     *Arthur Hirsch*

Arthur Hirsch, Plaintiff
3121 Buffalo Road
Lawrenceburg, TN 38464
(931) 762-6999

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing with the Clerk of the Court using electronic filing system and that I have served a copy of the foregoing by depositing a copy of the same in the U.S. mail, postage prepaid, on March 15, 2010, and addressed to:

George W. Roger, Jr.

David J. Canape

LANIER FORD SHAVER & PAYNE, P.C.

2101 West Clinton Ave., Suite 102

Huntsville, AL 35805


WOOTEN TOWING AND RECOVERY SERVICE

29670 Jones Ave.                                        /s/ Arthur Hirsch

Ardmore, AL 35739                                      Arthur Hirsch

## IN THE MUNICPAL COURT OF THE TOWN OF ARDMORE, ALABAMA

TOWN OF ARDMORE, ALABAMA,    }
                         }

vs.                            }      Case Number: MC-09-71

ARTHUR J. HIRSCH,           }      *Sandra Tucker*
                         }      01-29-10 A09:41 FILE

Defendant.                }

### MOTION FOR ENTRY OF NOL PROSEQUI

COMES NOW the Prosecutor for the Town of Ardmore, Alabama, and respectfully moves this Honorable Court to enter an order of nol prosequi in the above-referenced cause. In support of this Motion, the Prosecutor states that the charging instrument does not properly reference the applicable municipal ordinance which embraces the specific state statute the Defendant is alleged to have violated.

Wherefore, the premises considered, the Town of Ardmore, by and through its Prosecutor, requests that the Court enter an order of nol prosequi in this matter and further requests that the Defendant's bond money and other personal property be returned to him.

Respectfully submitted this 26th day of January, 2010.

                                        B. Chadwick Wise (WIS-014)
                                        Prosecutor for the Town of Ardmore
                                        317 W. Market Street
                                        Athens, AL 35611

OF COUNSEL:

LATHAM, MOFFATT & WISE, P.C.
ATTORNEYS AT LAW
POST OFFICE BOX 770
ATHENS, AL 35612
(256) 232-2510

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon the Defendant, Arthur J. Hirsch, by U.S. Mail, first class, postage prepaid, on this 26th day of January, 2010, at the following address:

Arthur J. Hirsch
3121 Buffalo Road
Lawrenceburg, TN 38464

B. Chadwick Wise (WIS-014)
Prosecutor for the Town of Ardmore

IN THE MUNICPAL COURT OF THE TOWN OF ARDMORE, ALABAMA

| | | |
|---|---|---|
| TOWN OF ARDMORE, ALABAMA, | } | |
| | } | |
| vs. | } | Case Number: MC-09-71 |
| | } | |
| ARTHUR J. HIRSCH, | } | |
| | } | |
| Defendant. | } | |

## ORDER OF NOL PROSEQUI

THIS CAUSE came before the Court upon the motion of the Town of Ardmore, Alabama, to enter an order of nol prosequi in the above-referenced matter. After giving due consideration to the same, it is hereby ORDERED that an order of nol prosequi be and is hereby entered in the instant action.

DONE and ORDERED this the _27th_ day of January, 2010.

William G. Mathews, Judge
Municipal Court
Ardmore, Alabama

I certify this to be a true copy
of the original as appears on
file in this office.

Clerk/Magistrate

EXHIBIT C

State of Alabama
Unified Judicial System

Form CR-6   Rev. 2/95

# COMPLAINT

(Felonies, Misdemeanors, or Violations –
District Court or Municipal Court)

Warrant Number   0078

Case Number   MC09-71

IN THE _Municipal_ COURT OF _Alducere_ ALABAMA
(Circuit, District, or Municipal)      (Name of Municipality or County)

☐ STATE OF ALABAMA    ☑ MUNICIPALITY OF _Alducere_

v. _Arthur J. Hirsch_ , Defendant

Before me, the undersigned authority, personally appeared this day the undersigned complainant who, upon first being duly sworn, states on oath that he/she has probable cause for believing, and does believe, that _Arthur J. Hirsch_ , Defendant, whose name is otherwise unknown to the complainant, did, prior to the commencement of this action, on or about _July 26, 2009_ (date of Occurrence) commit the offense of _Carrying Concealed weapon_ within the

☐ County of _____
☑ City/Town of _Alducere_ or in the police jurisdiction thereof, in that he/she did:
(State specific facts here.  Continue on a separate sheet of paper, if needed.)

_Defendant Above did have on his person_
_A .22 cal pistol in Mews parking lot_
_This did ▓▓▓ happen in Winchester co_
_Alducere Alabama_

in violation of

☐ Section _____ , *Code of Alabama 1975,*

☐ Ordinance Number _____ , which embraces Section _13A-11-50_
   *Code of Alabama 1975,* previously adopted, effective and in force at the time the offense was committed.

☐ Other _____

Sworn to and Subscribed before me this
_31st_ day of
_July_ , 19 _2009_

_____
Judge/Magistrate/Warrant Clerk

_Sgt. Tracy Long_
Complainant

Address
_(256) 423-2146_
Telephone Number

## WITNESSES

| NAME | ADDRESS | TELEPHONE NUMBER |
|---|---|---|
| _Terry Johnson_ | | (256) 423-2146 |
| | | |
| | | |
| | | |

Additional Witnesses on Reverse Side