IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| ARTHUR HIRSCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CA NO. 5:10-cv-00134-HGD |
| | ) |
| WILLIAM G. MATHEWS, et al., | ) |
| | ) |
| Defendants. | ) |

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS OF
<u>DEFENDANT SANDRA TUCKER</u>

Defendant Sandra Tucker, Magistrate of the Town of Ardmore, respectfully submits the following reply brief in further support of her motion to dismiss:

  A. <u>Plaintiff Has Abandoned the Subject Claims Against Magistrate Tucker By Failing to Fully Respond to Her Motion to Dismiss</u>

As this Court well knows, following the interposition of plaintiff's amended complaint, defendant Tucker re-filed her motion to dismiss directed to all claims alleged against her in the amended complaint. The Court established a deadline of April 23, 2010 for plaintiff to *respond* in substance to the motion to dismiss. Rather than respond in substantive terms, plaintiff waited until the day of his deadline for responding and interposed a request for additional time, combined with a generic, unspecific, and unsubstantiated statement that he could "correct" insufficiencies in

his complaint through yet another amendment. (Doc. 79). Plaintiff's motion was properly denied by order of this Court (Doc. 86), and his subsequently-filed motion to reconsider (Doc. 88) was properly denied as well. (Doc. 89).

Significantly, apart from implicitly acknowledging the defects in the claims asserted in his amended complaint by theorizing (incorrectly) that he could remedy them through a re-draft, plaintiff included very little substantive law or argument in support of the subject claims as they stand. In other words, it appears plaintiff has essentially conceded that after two tries, he has failed to state cognizable claims. In such circumstances, this Court is justified in dismissing the claims both on the merits and because they have been abandoned. See, e.g., Black v. N. Panola Sch. Dist., 461 F.3d 584, 588 n. 1 (5th Cir. 2006) (finding a plaintiff's failure to respond to a motion to dismiss certain claims constituted abandonment of those claims); Hooper v. City of Montgomery, 482 F. Supp. 2d 1330, 1334 (M.D. Ala.2007) (stating a plaintiff's failure to respond to claims in a defendant's motion to dismiss counts of the complaint results in dismissal of the claims as abandoned); Phan v. Accredited Home Lenders Holding Co., 2010 WL 1268013, at * 5 (M.D. Fla. Mar. 29, 2010) (dismissing claims as abandoned where no argument in support of the claims was made after submission of motion to dismiss); Hudson v. Norfolk S. Ry. Co., 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001) ("When a party fails to respond to an argument or otherwise address

a claim, the Court deems such argument or claim abandoned"); see also McMaster v. United States, 177 F.3d 936, 940-41 (11th Cir.1999) (noting that a claim may be considered abandoned when the allegation is included in the plaintiff's complaint, but he fails to present any argument concerning this claim to the district court).

      B.    Even if the Claims Against Magistrate Tucker Had Not Been Abandoned, They Are Still Due to be Dismissed

Magistrate Tucker's initial brief contained an in-depth discussion of the legal principles relevant to the pending motion, and there is no need to revisit those principles here in light of plaintiff's failure to offer any cognizable legal rebuttal. To the extent that plaintiff's motion to reconsider the order denying leave to amend could be construed as a rebuttal to any of the arguments raised by Magistrate Tucker in her motion, such rebuttal was untimely as it was filed beyond the Court's deadline of April 23, 2010, and in violation of a very clear order establishing that deadline. Moreover, any and all arguments made by plaintiff in the motion to reconsider that Magistrate Tucker would not be entitled to absolute judicial immunity because she somehow acted without subject matter jurisdiction are adequately addressed and rebutted in the summary judgment reply brief of Ardmore Municipal Judge William G. Matthews, and in Judge Matthews' motion for judicial notice of an Ardmore Town Ordinance.

Accordingly, to the extent the Court deems it appropriate to consider any arguments made by plaintiff in his motion to reconsider, Magistrate Tucker hereby fully adopts and incorporates the arguments of Judge Matthews made in his separately-filed summary judgment reply brief and motion for judicial notice. The arguments contained in those pleadings make clear that the Ardmore Municipal Court (and in turn, Magistrate Tucker) had subject matter jurisdiction over plaintiff despite the claimed flaws in the criminal complaint against him. See generally Ex parte Seymour, 946 So. 2d 536, 538 (Ala. 2006). Because Magistrate Tucker acted within this subject matter jurisdiction, she is entitled to absolute judicial immunity.

        s/ George W. Royer, Jr.
        George W. Royer, Jr.

        s/ David J. Canupp
        David J. Canupp

LANIER FORD SHAVER & PAYNE, P.C.
2101 West Clinton Avenue, Suite 102
Huntsville, AL 35805
Phone: 256-535-1100
Fax: 256-533-9322
E-mail: gwr@lanierford.com & djc@lanierford.com

Attorneys for Defendant Sandra Tucker

## CERTIFICATE OF SERVICE

  I hereby certify that I have filed the foregoing upon with the Clerk of the Court using the CM/ECF system and that I have served a copy of the foregoing by depositing a copy of the same in the United States mail, postage prepaid and properly addressed to:

  Arthur Hirsch
  3121 Buffalo Road
  Lawrenceburg, TN  38464

on this the 7th day of May, 2010.

            s/ George W. Royer, Jr.
            George W. Royer, Jr.