IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| ARTHUR HIRSCH, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CA NO. 5:10-cv-00134-HGD |
| ) | |
| WILLIAM G. MATHEWS, et al., ) | |
| ) | |
|    Defendants. ) | |

REPLY BRIEF OF DEFENDANTS TRACY LUNA AND TERRY JOHNSON
IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendants Tracy Luna and Terry Johnson respectfully submit the following reply brief in further support of their motion for summary judgment:

    A.    Hirsch's Affidavit is Insufficient and his Failure to Respond to Defendants' Statement of Undisputed Facts Mandates Automatic Admissions Justifying the Entry of Summary Judgment

At the outset, it should be noted that by failing to specifically respond to the statement of undisputed facts set forth in the initial brief of Officers Luna and Johnson, Hirsch is deemed to have admitted all such facts for summary judgment purposes. Although Hirsch is proceeding *pro se*, there can be no doubt that he was adequately informed of this Court's requirements for summary judgment briefing. After the filing of the motion for summary judgment, this Court entered a submission order dated March 22, 2010, which bore the following caption:

**NOTICE**
This order contains specific, mandatory instructions regarding the preparation and submission of briefs and evidentiary materials in support of and in opposition to potentially dispositive motions. **These instructions *must* be followed explicitly. Except for good cause shown, briefs and evidentiary materials that do not conform to the following requirements may be stricken.**

(Doc. 88, at 1) (emphasis in original). On page 4 of the ensuing order, it is clearly stated that:

> *All material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment.*

(Id. at 4) (emphasis in original).

Under the terms of this order, Hirsch's failure to respond to the undisputed facts set forth in the initial brief of Officers Luna and Johnson results in automatic admission of such facts. The Eleventh Circuit has repeatedly upheld these sorts of automatic admissions resulting from briefing deficiencies on summary judgment. See, e.g., Patton v. City of Hapeville, 162 Fed. Appx. 895, 896 (11th Cir. 2006) ("[T]he district court properly held that the defendants' statement of undisputed facts filed with their motion for summary judgment were admitted when Patton failed to respond to the statement of facts[.]").

2

The only caveat to granting summary judgment through the use of automatic admissions is that, "after deeming the movant's statement of undisputed facts to be admitted . . . , the district court must then review *the movant's citations to the record* to determine if there is, indeed, no genuine issue of material fact." Reese v. Herbert, 527 F.3d 1253, 1269 (11th Cir. 2008) (emphasis supplied, quotations omitted); see also Mason v. Clayton County Bd. of Educ., 334 Fed. Appx. 191, 192-93 (11th Cir. 2009) ("As an initial matter, due to Mason's failure to comply with a local district court rule in her counseled response to the defendants' summary judgment motion, the district court deemed the defendants' statement of undisputed facts to be admitted. Thus, the district court focused *solely on Defendants' record citations* to determine whether there is a genuine issue for trial. As Mason does not challenge this ruling on appeal, *we have done the same*.") (emphasis supplied). The undisputed facts set forth in the initial brief are supported by citations to the affidavit of Sergeant Luna, and, together with the law, those facts entitle Defendants to the entry of summary judgment without consideration of any additional facts in Hirsch's affidavit.[1]

---

[1] Another portion of the order provides that the non-movant may include in its response brief a section setting forth additional allegedly undisputed facts, which must be admitted or denied by the movant. (Doc. 88, at 4). Since Hirsch did not take advantage of this provision of the order, it is impossible for Officers Luna and Johnson to logically and systematically set forth disputes with any facts contained in Hirsch's brief and affidavit in the manner required by the submission order. Nevertheless, below, Officers Luna and Johnson attempt to point the court to the relevant and undisputed facts.

3

Moreover, it should be noted that large portions of Hirsch's affidavit are due to be stricken and disregarded in any event. Rule 56(e) states that "a supporting or opposing affidavit must be made on *personal knowledge*[.]" Fed. R. Civ. P. 56(e)(1) (emphasis supplied). The Eleventh Circuit in Pace v. Capobianco, 283 F.3d 1275 (11th Cir. 2002), held that "Rule 56(e)'s personal knowledge requirement prevents statements in affidavits that are based, in part, upon information and belief — instead of only knowledge — from raising genuine issues of fact sufficient to defeat summary judgment." 283 F.3D at 1278 (internal quotations omitted). In contradiction of this rule, Hirsch's affidavit includes countless statements that are made on information and belief *only*, and Hirsch himself admits as much in his affidavit. In paragraph 2, Hirsch states that he has "personal knowledge of the facts set forth herein, *unless based upon best information and belief*, which I will so state if applicable." (Doc. 103, at 3, ¶ 2) (emphasis supplied). Following this candid explanation, Hirsch goes on in his affidavit to allege a number of facts (and even legal conclusions) based purely upon information and belief. For example, Hirsch alleges that he "*believe*[*s*] upon diligent research that the Town of Ardmore, Alabama . . . does *not* have a municipal charter or articles of incorporation, and that he "*believe*[*s*] that Ardmore lacked lawful police jurisdiction / authority to conduct [the] roadblock / checkpoint or to enforce state firearms statutes." (Id. at ¶¶ 12, 13) (some emphasis supplied). At

4

other places, Hirsch disputes facts from Sergeant Luna's affidavit without stating any knowledge base or other factual basis for disagreement. (See, e.g., id. at 23-25). Since Hirsch's allegations are based merely upon his "information and belief," they cannot be considered. Pace, 283 F.3d at 1278.

Accordingly, Defendants request the Court strike from the record and disregard all or parts of the following paragraphs in Hirsch's affidavit because they are either inadmissible legal conclusions or not based upon personal knowledge: 9-10, 12-30.

        B.      Hirsch Has Abandoned Any Claims Arising Out of the Questions Asked of him, the Confiscation of his Gun, and the Use of Handcuffs

In his amended complaint, Hirsch appears to articulate purported claims arising out of questions asked of him by Defendants at the scene of his arrest, the confiscation of his gun for safety purposes, and the use of handcuffs to detain Hirsch and effectuate his custodial arrest. In their initial brief, Defendants meticulously set forth why such claims are not valid, and Hirsch's responsive submission includes no argument or authority whatsoever to the contrary. Accordingly, to the extent Hirsch intended to assert such claims under any provision of law, they are both invalid and abandoned. See, e.g., Eiland v. Blagburn, 2007 WL 2926863, at * 13 (M.D. Ala. Oct. 5, 2007) ("A plaintiff abandons a claim if the plaintiff fails to list an enumerated claim and brief an issue in a memorandum of law in opposition to a defendant's

motion for summary judgment. Eiland abandoned this defamation claim by failing to argue it in the motion for summary judgment.") (internal quotations and citations omitted). Therefore, such claims must be dismissed.

> C. The Admitted Facts Conclusively Establish Arguable Reasonable Suspicion for the Initial Encounter, and Even if the Admissible Portions of Hirsch's Affidavit Are Considered, They Are Insufficient to Undermine Arguable Reasonable Suspicion

As already noted, Hirsch's automatic admissions, when combined with the evidentiary citations supporting those admissions, clearly establish that reasonable suspicion existed for the initial investigatory encounter at issue in this case. But even if the admissible portions of Hirsch's affidavit were considered, it does not suffice to rebut the truly uncontradicted evidence which is itself sufficient to establish at least *arguable* reasonable suspicion, thereby entitling Sergeant Luna and Officer Johnson to qualified immunity as to the federal claims and state agent / peace officer immunity as to the state law claims.

Of critical importance in this regard, Hirsch nowhere disputes that he "turned off the road and pulled his vehicle into the empty parking of a bath and lighting store called MEWS, which was closed due to the late hour." (Luna Aff., at ¶ 5). Nor does Hirsch contest that once in the parking lot, he "turned his vehicle around so that it

was facing back toward the parking lot exit, toward Highway 53." (Id.). Hirsch's affidavit also makes clear that he lacks any actual evidence to rebut Sergeant Luna's attestation that this conduct led him to conclude that "Hirsch's actions fit the profile of drivers who attempt to avoid checkpoints" because they are concerned that officers may detect that they are under the influence of alcohol. (Id.).

These observations and this conclusion clearly gave Sergeant Luna at least *arguable* reasonable suspicion to initiate an investigatory encounter. Indeed, federal and state courts have specifically held that *actual* reasonable suspicion may arise out of apparent attempts to avoid police checkpoints. See, e.g., United States v. Willis, 759 F.2d 1486, 1497 & n. 3 (11th Cir. 1985) (holding that "[f]light from known law enforcement officials, or even merely evasive, nervous or apprehensive conduct in response to their attention, has many times been noted as a significant factor in the creation of a reasonable suspicion," and citing as an example suspicion that might arise from a driver making a u-turn in close proximity to a border checkpoint); United States v. Fontecha, 576 F.2d 601, 603 (5th Cir. 1978) ("We hold that the stop of Fontecha's vehicle was justified by its obvious attempt to evade the Falfurrias checkpoint.")[2]; United States v. Hall, 2009 WL 2132702, at * 3 (M.D. Ala. July 14,

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

7

2009) ("This Court's finding of reasonable suspicion is based upon Hall's turn into the drive and parking a darkened car at a vacant residence — acts which may be viewed as erratic behavior taken in an attempt to hide from the deputies conducting the checkpoint."); Smith v. State, 515 So. 2d 149, 151 (Ala. Crim. App. 1987) ("Trooper Smith testified that he observed appellant's vehicle come around a curve in sight of the roadblock and turn rapidly into a driveway approximately 200 yards from the roadblock. This act made Trooper Smith suspect that appellant was attempting to avoid the roadblock and could possibly be guilty of some traffic violation. Thus, his initial investigatory questioning of appellant was justified.").

Although Hirsch protests that his outward conduct was, in and of itself, ostensibly lawful, his arguments overlook the fact that "[a] reasonable suspicion of criminal activity may be formed by observing exclusively legal activity," United States v. Gordon, 231 F.3d 750, 754 (11th Cir. 2000), "even if such activity is seemingly innocuous to the ordinary citizen." United States v. Lindsey, 482 F.3d 1285, 1290 (quotations omitted). Accordingly, Officers Luna and Johnson are entitled to qualified immunity and peace officer immunity for all claims arising out of the initial encounter.

D. Hirsch Does Not Contest the Existence of Actual or Arguable Probable Cause for his Arrest, and his Speculation as to the Absence of Statutory Authority for the Arrest is Both Insufficient and Incorrect

Although Hirsch devotes a portion of his affidavit to allegations respecting his conduct in the moments leading up to the initial investigatory encounter with Sergeant Luna, he includes no factual information to rebut the now-admitted evidence proffered by Sergeant Luna and Officer Johnson supporting the arrest itself. For the reason, he has abandoned any arguments that the arrest was not based upon probable cause. Further, the presence of at least arguable probable cause is obvious.

As outlined in the initial brief, when Officer Johnson asked Hirsch whether he was armed and received an affirmative response, Sergeant Luna was justified in reaching into Hirsch's pocket and removing his loaded .22 caliber handgun. Terry v. Ohio, 392 U.S. 1, 27 (1968). Likewise, having located the handgun, the officers were further justified in inquiring as to whether Hirsch possessed a permit for carrying the handgun — as required by Alabama law — and when he failed to produce such a permit, in arresting him. See Ala. Code § 13A-11-73; see also Adams v. Williams, 407 U.S. 143, 148 (1972) ("Once Sgt. Connolly had found the gun precisely where the informant had predicted, probable cause existed to arrest Williams for unlawful possession of the weapon.").

9

Even if the facts set forth in Hirsch's affidavit could be considered — and they cannot and need not — they do not contradict these facts. Instead, Hirsch's affidavit only contains inadmissible speculation on this point: *i.e.*, that *he believes* Ardmore had not adopted the state concealed weapon statute, and that *he believes* the officers may have been somehow outside of the town limits of Ardmore when they originally detained him. As set forth above, these beliefs are not sufficient to justify denial of a motion for summary judgment. Equally as important, these beliefs are irrelevant.

The Alabama Supreme Court held long ago that municipal police officers are charged with the affirmative duty of enforcing all state criminal laws *in addition to* any municipal ordinances. Alexander v. State ex rel. Carver, 150 So. 2d 204, 206 (Ala. 1963) ("[A] policeman has the duty of not only enforcing municipal ordinances or bylaws, but he has the responsibility of enforcing state criminal laws and is charged with the duty of making arrests for such violations."). Furthermore, even assuming — despite a complete and utter lack of evidence to this effect — that the arrest occurred outside the Ardmore town limits, the fact of the matter is, under Ala. Code § 15-10-1, "[a]n arrest may be made, under a warrant *or without a warrant*, by any . . . *policeman of any incorporated city or town* **within the limits of the county**." Id. (emphasis supplied); see also Reed v. State, 262 So.2d 321, 322, 323 (Ala. Crim.

App. 1972) (holding that city police officers acted within their authority in making an arrest outside their municipal limits but within the county).

Accordingly, there is no evidentiary or legal basis for concluding that Sergeant Luna and Officer Johnson acted beyond their discretionary authority or in violation of clearly established constitutional rights in arresting Hirsch, and the officers are entitled to qualified immunity and peace officer immunity as to all claims arising out of Hirsch's arrest.

s/ George W. Royer, Jr.  
George W. Royer, Jr.

s/ David J. Canupp  
David J. Canupp

LANIER FORD SHAVER & PAYNE, P.C.
2101 West Clinton Avenue, Suite 102
Huntsville, AL 35805
Phone: 256-535-1100
Fax: 256-533-9322
E-mail: gwr@lanierford.com & djc@lanierford.com

Attorneys for Defendants Tracy Luna and Terry Johnson

## CERTIFICATE OF SERVICE

      I hereby certify that I have filed the foregoing upon with the Clerk of the Court using the CM/ECF system and that I have served a copy of the foregoing by depositing a copy of the same in the United States mail, postage prepaid and properly addressed to:

      Arthur Hirsch
      3121 Buffalo Road
      Lawrenceburg, TN 38464

on this the 7th day of May, 2010.

                                          s/ George W. Royer, Jr.
                                          George W. Royer, Jr.