FILED
2011 Nov-10  PM 03:06
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **ARTHUR HIRSCH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **5:10-cv-00134-HGD** |
| | ) | |
| **WILLIAM G. MATHEWS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF NONCOMPLIANCE

COMES NOW the Defendant, R. J. Wooten and moves this Honorable Court to dismiss the claims made by Plaintiff against him in this cause.  As grounds therefore, R. J. Wooten states as follows:

1. This Defendant filed a Motion to Dismiss on January 17, 2011 (*See* Doc 122, attached hereto).

2. This Honorable Court issued an Order directing the Plaintiff to reply to R.J. Wooten's Motion to Dismiss by February 8, 2011.  (*See* Doc 123, attached hereto).

3. The Plaintiff did not reply or object to R. J. Wooten's Motion to Dismiss by the Court's deadline of February 8 nor has the Plaintiff responded to date.

WHEREFORE, PREMISES CONSIDERED, R.J. Wooten moves this

Honorable Court to dismiss all claims made against him by the Plaintiff in this cause.

Respectfully submitted,

s/ Paul A. Miller
PAUL A. MILLER (MIL011)
Attorney for R.J. Wooten
MILLER, CHRISTIE & KINNEY, P.C.
2090 Columbiana Road, Suite 3400
Vestavia, Alabama 35216
(205) 326-0000 / Fax:   (205)323-2945
Pmiller@mck-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have mailed a copy of the above and foregoing document by E-Filing on this the 10th day of November, 2011, to-wit:

cc:   George W. Royer, Jr., Esq.
      David J. Canupp, Esq.
      2101 West Clinton Avenue, Suite 102
      Huntsville, AL   35805


I hereby certify that I have mailed a copy of the above and foregoing document by U.S. Mail on this the 10th day of November, 2011, to-wit:

      Arthur Hirsch
      3121 Buffalo Road
      Lawrenceburg, TN   38464

                              s/ Paul A. Miller
                              Of Counsel

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR HIRSCH, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 5:10-cv-00134-HGD |
| | ) | |
| WILLIAM G. MATHEWS, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

## MOTION TO DISMISS

COMES NOW  the defendant, R. J. Wooten and moves this Honorable Court to dismiss the claims made by plaintiff against him in this cause.  As grounds therefore, R. J. Wooten states as follows:

1.      Plaintiff claims that on July 26, 2009, he was arrested by the Ardmore City Police Department.(See ¶ 6.1 [p. 8] of Amended Complaint)

2.      During that arrest, Officer Luna of the Ardmore Police Department seized plaintiff's vehicle and had it towed by Wooten Towing and Recovery.  (See ¶ 7.23 [pg. 20] of Amended Complaint).

3.      The Plaintiff was jailed for eleven (11) hours and obtained his vehicle later that day.  (See ¶ 6.1[p. 8] and  ¶ 7.23 [pg. 20] of Amended Complaint).

4.      Plaintiff makes claims of violation of the rights afforded him under the Fourth Amendment as well as Trespass claims as found in Count 11 of his Amended Complaint:

On the night of July 26, 2009, at or near the Town of Ardmore, Limestone County, Alabama, Defendant(s) TRACY LUNA, TERRY JOHNSON unnamed defendant d/b/a WOOTEN TOWING & RECOVERY SERVICE, did engage in the wrongful and unlawful act(s) and/or omissions(s) under color of law which trespassed upon and violated Plaintiff's constitutionally secured right(s) under the FOURTH AMENDMENT (unlawful search and seizure of Plaintiff's car), and are offenses under state tort and/or common law, to wit, TRESPASS TO CHATTELS, JOINT TRESPASS, TRESPASS DE BONIS ASPORTATIS and TRESPASS VI ET ARMIS, with respect to Plaintiff's car and gun.  Said wrongful and unlawful acts are more fully described in the facts stated herein in support of this cause of action.

(See Count 11 of Complaint, p. 20).

5.      After R. J. Wooten filed an Answer and Amended And Restated Answer to

Complaint dated April 6, 2010 and April 8, 2010 respectively denying that he can be

found liable for violation of the Plaintiff's constitutional rights and generally denying

material allegations, Plaintiff responded clarifying his claims against Wooten stating that,

Wooten is liable for common law trespass on the grounds (a) that the common law of England is in force in Alabama...(b)that at common law, *trespass* was a form of action brought to recover damages for any injury to one's person or property or one's relationship with another, © that Wooten became a ***trespasser ab initio*** when he aided and abetted in the unlawful seizure (towing) of Plaintiff's personal property on the night of July 26, 2009...(d) that Wooten committed *trespass to chattels* against Plaintiff on the above date and place which is defined as an unlawful and serious interference with the possessory right of another to personal property and (e) that Wooten and other named defendants committed *joint trespass* on the above date and place which is defined as two or more who unite in committing a trespass, (f) that Wooten and other named defendants committed *trespass de bonis asportatis* against Plaintiff which is defined as trespass for goods carried away, such as Plaintiff's automobile, and (g) that Wooten, as a *trespasser ab initio* and other named defendants committed *trespass vi et armis* against Plaintiff which is defined as trespass with force and arms.

(See ¶ 2 of Plaintiff's Response To Amended Answer of R. J. Wooten And Amended

And Restated Answer By Defendant, R. J, Wooten).

6.     There are three classifications of trespass under common law: Trespass *vi et armis*, Trespass *Quare clausum fregit*, and Trespass *de bonis asportatis*.  Trespass *vi et armis* is trespass against a person and usually includes offenses such as assault, battery and false imprisonment. It is trespass *via* the use of arms.  Trespass *Quare clausum fregit* is trespass to realty and is not alleged here.  Trespass *de bonis asportatis* relates to trespass to one's personal property wherein the goods are, "carried away" and is essentially a claim for trespass to chattels.

7.     Plaintiff has made no allegations that Wooten used arms in order to forcibly trespass. Therefore, the Plaintiff's claims against Wooten for Trespass *vi et armis* against Wooten should be dismissed with prejudice.

8.     The Plaintiff alleges that Wooten was a Trespasser *ab initio* which is simply a term meaning "[t]respasser from the beginning." BLACK'S LAW DICTIONARY 1504 (6th Ed. 1990).  Although Plaintiff claims Wooten was a Trespasser *ab initio*, it is clear from his account of the events of July 26, 2009, Wooten was <u>not</u> the trespasser from the beginning as he towed Plaintiff's vehicle only after it was seized by the Ardmore city policy and/or Officer Luna.

9.     In order to maintain an action for Trespass, the Plaintiff must prove that Wooten intentionally and seriously interfered with his possessory interest in Plaintiff's automobile. <u>See Simmons v. Cochran,</u> 252 Ala. 461, 463 (Ala. 1949).  The gist of a Trespass action is the disturbance of possession. <u>Pollard v. Pollard,</u> 207 Ala. 270, 272

(Ala. 1922)  In this case, the Ardmore police seized plaintiff's automobile and then called

Wooten to tow the Plaintiff's vehicle.  It cannot be said that Wooten interfered with

Plaintiff's right to possession as his automobile had already been seized by the police.

The taking or interference of the Plaintiff's possession was performed by the Officer

Luna and/or the Ardmore city police.   Plaintiff's possession of his automobile, thus, had

already been interrupted at the time of towing by Wooten.   Further, if the court finds that

the original taking by the Ardmore Police Department was not wrongful or trespass, the

subsequent taking by Wooten cannot be Trespass.  See Pollard v. Pollard, 207 Ala. 270

(Ala. 1922). Wooten cannot be said to be the trespasser from the beginning (*i.e, ab initio*).

Therefore, the Plaintiff's claims of Trespass against Wooten should be dismissed with

prejudice.

    10.    Plaintiff also makes a claim against Wooten for Joint Trespass.  In order for

Wooten to be a joint trespasser, Wooten must either be (1) the active agent taking the

personal property or (2) directing the taking or trespass.  See Trogniz v. Fry, 215 Ala. 609

(Ala. 1927). In this case, the Plaintiff's property was already seized or taken by the

Ardmore city police and/or officer Luna prior to any towing by Wooten.  Further, there

are no allegations nor can it be said that Wooten directed officer Luna to seize Plaintiff's

property.

    11.    As to the claim by the Plaintiff for a violation of his Fourth Amendment

rights against unreasonable search and seizure, there is no allegation of a search by

Wooten.  As to seizure, the Ardmore city police and/or officer Luna seized the vehicle,

*i.e.*, took custody and control over the Plaintiff's automobile prior to Wooten's involvement. Wooten was called by them simply to tow said vehicle from the scene and said vehicle was kept until the Plaintiff was released from jail. (See Wooten's Amended and Restated Answer to Complaint). Plaintiff makes a cursory assertion of a violation of his Fourth Amendment rights. The same is true for the Plaintiff's blanket assertion of conspiracy by this Defendant. Accordingly, the Plaintiff's conspiracy and 42 U.S.C.§ 1983 claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

12. The Plaintiff has improperly named, "Wooten Towing and Recovery Service" which is not a legal entity capable of being sued.

WHEREFORE, PREMISES CONSIDERED, R.J. Wooten moves this honorable court to dismiss all claims made against him by the Plaintiff in this cause.

Respectfully submitted,

S/ Paul A. Miller (MIL011)
PAUL A. MILLER (MIL011)
Attorney for R.J. Wooten
MILLER & CHRISTIE, P.C.
Vestavia Centre
2090 Columbiana Road, Suite 3400
Birmingham, Alabama 35216
Telephone:  205/326-0000
Facsimile:   205/323-2945
Pmiller@mnclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of the above and foregoing document by E-Filing on this the 17th day of January, 2011, to-wit:

cc:    George W. Royer, Jr., Esq.
       David J. Canupp, Esq.
       2101 West Clinton Avenue
       Suite 102
       Huntsville, AL   35805

I hereby certify that I have mailed a copy of the above and foregoing document by U.S. Mail on this the 17th day of January, 2011, to-wit:

       Arthur Hirsch
       3121 Buffalo Road
       Lawrenceburg, TN   38464

                                        S/ Paul A. Miller
                                        Of Counsel

FILED

2011 Jan-18  PM 01:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR HIRSCH, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No.  5:10-cv-00134-HGD |
| | ) | |
| WILLIAM MATHEWS, et al., | ) | |
| | ) | |
| Defendants | ) | |

## O R D E R

Defendant R.J. Wooten (identified by plaintiff in his complaint as Wooten
Towing & Recovery Service) has filed a Motion to Dismiss.  (Doc. 122).  It is
ORDERED that plaintiff shall file a response to the motion to dismiss within twenty-
one (21) days from the date of entry of this order.  Defendant shall file any reply
within fourteen (14) days thereafter.

DONE this 18th day of January, 2011.

_____
HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE